Steve Salvador Ybarra

Pro Se Litigant

Minnesota | California

TheoryWerkx.com

Tel: 612.544.4380

Steve@TheoryWerkx.com
RECEIVED MAY 0 6 2025 CLERK, U.S. DISTRICT COURT MINNEAPOLIS, MINNESOTA

SCANNED MAY - 7 2025 U.S. DISTRICT COURT MPLS

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Steve Salvador Ybarra<br>Self-Represented<br>Pro Se Litigant,<br><br>    Plaintiff,<br><br>    v.<br><br>Legal Assistance of Dakota County;<br>Sharon Jones Esq., in her Individual and Official capacities;<br>Hon. David Lutz, in his individual and Official capacities;<br>Hon. Tanya Obrien, in her individual and official capacities;<br>Hon. Dannia L Edwards, in her individual and official capacities;<br>Lydia Clemens, in her individual and official capacities;<br>Michelle Cathleen Ybarra,<br><br>    Defendants. | No. . 0:25-cv-01948-KMM-DJF<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF EMERGENCY TEMPOARY RESTRAINING ORDER** |

    Plaintiff Steve Salvador Ybarra, appearing pro se, respectfully submits this supplemental brief to inform the Court of subsequent developments relevant to the pending Emergency Temporary Restraining Order (Dkt. 1-2) and to further demonstrate the active and ongoing

1

judicial misconduct, litigation fraud, and procedural entrenchment occurring in Minnesota state court, particularly in advance of a May 12, 2025 hearing before a named Defendant (Judge David Lutz).

**STATEMENT OF FACTS**

Plaintiff Steve Salvador Ybarra is the biological father of two minor children, Leonidas and Braxley Ybarra. Since March 30, 2024, he has been subjected to a sustained pattern of procedural suppression, perjury, and unconstitutional deprivation of parental rights—culminating in a fabricated ex parte custody order issued by the Dakota County Family Court in April 2024 before Plaintiff was ever served.

Over the past seven months, Plaintiff has been denied all meaningful parenting time despite no findings of abuse, neglect, or unfitness. The custody order was obtained through sworn affidavits containing material misrepresentations regarding Defendant Michelle Ybarra's financial status, and was supported by ghostwritten pleadings prepared by Defendant Sharon Jones of Legal Assistance of Dakota County ("LADC"), an agency now under federal scrutiny.

Plaintiff has invested over 1,700 hours in litigation, lost over $26,000 in legal fees, and submitted over 30 documented state motions—none of which have been substantively ruled on. On April 21, 2025, a family court hearing was abruptly terminated mid-response after Plaintiff confronted Judge David Lutz on record regarding his undisclosed prior affiliation with LADC. Days later, Judge Lutz reappointed a discredited Guardian ad Litem and issued a protective order shielding LADC intake records from discovery—actions which now form the backbone of the present emergency request for federal relief.

This case arises from the convergence of jurisdictional fraud, perjury, misrepresentation of financials, fraud upon the court, ignored 3 rule 60.02(b) motions, ghostwritten affidavits, sealed financial records, refusal to rule on 20 motions properly filed and judicial entrenchment—all of which have operated to deprive Plaintiff of his constitutional right to familial association and access to an impartial forum. The facts are no longer in dispute. The only question is whether federal court will act to halt this deprivation before further irreparable harm occurs.

**I. Newly Filed Responsive Motion and Affidavit Underscore the Urgency of Federal Intervention**

On May 5, 2025, Defendants filed a responsive motion and affidavit on behalf of Michelle Ybarra (see Ex. A, B). The affidavit, purporting to be sworn by Ms. Ybarra, was in fact ghostwritten by Defendant Sharon Jones, as evidenced by: (1) legal citations and structured arguments far beyond the capacity of a pro se affiant, (2) direct mirroring of Defendant Jones's motion language, and (3) embedded policy references and exhibit labels known only to legal counsel. This constitutes further fraud upon the court within the meaning **of Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)**.

This ghostwritten affidavit was filed while Defendant Sharon Jones remains a party to this action and is operating under protective orders issued by Defendant Judge Lutz—who has previously refused to disqualify himself despite longstanding ties to Legal Assistance of Dakota County. These filings constitute an active continuation of the same predicate conduct outlined in the original complaint and support the need for immediate federal restraint.

**II. Record Evidence of Coordination, Suppression, and Irreparable Harm**

Plaintiff concurrently submitted a Motion to Strike the affidavit and a Supplemental Affidavit (see Ex. C, D), both of which further document: (1) the coordinated effort between Defendants LADC, Sharon Jones, and Michelle Ybarra to mislead the court with ghostwritten testimony; (2) the continued use of sealed protective orders to obstruct discovery and evade scrutiny; and (3) the deprivation of Plaintiff's parenting rights for over seven months without adjudication of unfitness or valid jurisdiction under the UCCJEA.

*Santosky v. Kramer*, 455 U.S. 745, 753 (1982)
*Parents have a fundamental liberty interest in the care and custody of their children protected by the 14th Amendment.*


*Troxel v. Granville*, 530 U.S. 57, 65 (2000)
*Custody decisions must be grounded in a finding of unfitness or danger—not mere procedural discretion.*

3

### III. May 12, 2025 Hearing Requires Emergency Oversight

A hearing is scheduled before Defendant Judge Lutz on May 12, 2025. Plaintiff has submitted a judicial challenge brief to that court, but anticipates the continuation of entrenched judicial misconduct. Any rulings or conduct arising from that hearing will be submitted as supplemental declarations post-May 12. However, the pattern of behavior is now fully ripened and federally justiciable under 42 U.S.C. § 1983 and 18 U.S.C. §§ 1962(c), (d), and 1503.

**Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 881–84 (2009)**

Due process requires judicial recusal where bias or appearance of bias creates a risk of actual prejudice.

*Scheuer v. Rhodes*, 416 U.S. 232, 238 (1974)

*Even judges are liable under § 1983 for actions taken in clear absence of jurisdiction or when seeking injunctive relief.*

### IV. Conclusion

The Court is respectfully urged to consider these recent filings as further evidence of the irreparable harm and ongoing civil rights violations justifying the issuance of the Temporary Restraining Order. Should no immediate relief be granted prior to May 12, Plaintiff intends to supplement the record with the results of that hearing and move for preliminary injunction and default remedies thereafter. This Court retains the equitable authority to issue temporary injunctive relief where irreparable harm is imminent and judicial remedies are structurally impaired. See **Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)** (requiring: (1) likelihood of success on the merits, (2) irreparable harm, (3) balance of equities, and (4) public interest). Plaintiff has established all four prongs through unrebutted evidence of fraud, sealed judicial orders, loss of parental rights, and procedural entrenchment under color of state law.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on May 5th 2025 in Dakota County, Lakeville, MN.**

Respectfully submitted,

4

/s/ **Steve Salvador Ybarra**

Steve Salvador Ybarra

Pro Se Litigant

California | Minnesota

Email: Steve@TheoryWerkx.com

Phone: (612) 544-4380

STATE OF MINNESOTA                          DISTRICT COURT
                                            FIRST JUDICIAL DISTRICT
COUNTY OF DAKOTA                            CASE TYPE: Dissolution with Child

In Re the Marriage of:

Michelle Cathleen Ybarra,
                                    **THIRD SUPPLEMENTAL AFFIDAVIT OF**
           Petitioner,              **MICHELLE CATHLEEN YBARRA**
                                    **(5.5.25)**

and                                 Court File No. 19AV-FA-24-839


Steve Salvador Ybarra,

           Respondent.


STATE OF MINNESOTA    )
                      )ss.
COUNTY OF DAKOTA      )

**Michelle Cathleen Ybarra, after being first duly sworn, states the following:**

1. I am the Petitioner in the above-entitled Dissolution of Marriage matter and make this second supplemental affidavit in response to the motions Respondent filed from April 15 to May 5, 2025, and in support of my motion from February 25, 2025, asking for all of Respondent's motions to be dismissed. Specifically, I am responding to the following Motions, even those that are untimely: Notice of Pending Guardian ad Litem Discharge and Motion to Strike Unreliable Report; Motion for Sanctions and Preservation of Record Based on Procedural Obstruction, Evidentiary Fraud, and Constitutional Harm; Motion to Vacate Orders Under Rule 60.02 (d) and (f); Supplement to Motion to Vacate Orders Under Rule 60.02 (d) and (f); Motion to Compel Discovery into Prior Attorney Disqualification, Misuse of Legal Aid, and Procedural

1

Conflict Affecting Tribunal Integrity; Motion to Stay Trial Proceedings; Renewed and Supplemental Motion for Relief Under Minn. R. Civ. P. 60.02(d) Based on Fraud Upon the Court; Motion to Vacate Custody Orders for Lack of Subject-Matter Jurisdiction; Motion to Compel Production of Financial Records, Legal Aid Intake Documents and Vehicle Ownership Evidence; and Renewed Motion to Recuse Opposing Counsel Sharon Jones and Legal Assistance of Dakota County from Further Representation. I incorporate all prior affidavits in this case by reference, and will continue the Exhibit numbers from my February 25, 2025 Affidavit.

2. Respondent continues to throw vaguely legal arguments against the proverbial wall to see if something sticks, rather than following the Court's December 3, 2024 Order.

3. This is not a complicated case – it's a divorce with children - at the heart of it, the question is what is in the best interest of Leo and Braxley, and what, if any, income or assets we have. This is the third one we have filed and at some point, it will be the end of our marital relationship, although not our co-parenting one.

4. This court has jurisdiction under the UCCJEA. Not only were the children not residents of California for six months prior to the commencement of this action, but both Respondent and I lived in Minnesota at the time he was served with the divorce petition, and our children were enrolled in a local school. In fact, attached as Exhibit D, is a partial copy of Respondent's lease, that he previously submitted with one of his filings. This argument is a non-starter and a distraction.

5. LADC is a separate non-profit organization from Southern Minnesota Regional Legal Services (SMRLS) and has different case acceptance guidelines. Attached, please find the guidelines that were in place at the time my case was accepted, attached hereto as Exhibit E. Unlike SMRLS, LADC is not federally funded. My attorney previously worked at SMRLS, but

2

left in 2011, well-before I used their services and there is no conflict. Again, this is a distraction from Respondent's failure to follow the Court's Order.

6. Respondent continues to fight the Court's temporary order and all of the professionals in this case because he cannot conceive of anyone seeing events differently than he does. This kind of relentless gaslighting and manipulation has worked for him in the past, and he refuses to understand that it won't continue to work. That's why he keeps suing in federal court, rather than getting ready for our scheduled trial. Minnesota Rule of Civil Procedure 60.02 does not apply here. Just because Ms. Martinez investigated outside of the issues directly in front of her does not make her work "false." My qualification for legal aid is not "fraud." Ms. Clemons' report isn't fatally flawed because she did not believe his multiple CPS reports no matter how many times or places he made them.

7. Our children are doing well right now. I hope that they continue to grow and develop, without being subjected to Respondent's pattern of controlling behavior and insistence that his perceptions are the only truth.

**I declare under penalty of perjury that everything I have stated in this document is true and correct. Minn. Stat. § 358.116.**

Dated: May 5, 2025

_____
Michelle Ybarra (May 5, 2025 15:42 CDT)
Michelle Ybarra