Steve Salvador Ybarra

Pro Se Litigant

Minnesota | California

TheoryWerkx.com

Tel: 612.544.4380

Steve@TheoryWerkx.com

RECEIVED
MAY 0 6 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

SCANNED
MAY - 7 2025
U.S. DISTRICT COURT MPLS

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

Steve Salvador Ybarra
Self-Represented
Pro Se Litigant,

    Plaintiff,

    v.

Legal Assistance of Dakota County;
Sharon Jones Esq., in her Individual and Official capacities;
Hon. David Lutz, in his individual and Official capacities;
Hon. Tanya Obrien, in her individual and official capacities;
Hon. Dannia L Edwards, in her individual and official capacities;
Lydia Clemens, in her individual and official capacities;
Michelle Cathleen Ybarra,

    Defendants.

No. . 0:25-cv-01948-KMM-DJF

**SUPPLEMENTAL DECLARATION AND NOTICE OF POST – JUDGEMENT DEVELOPMENTS**

**DECLARATION OF STEVE SALVADOR YBARRA**

I, Steve Salvador Ybarra, declare and affirm as follows:

**I. Purpose of This Filing**

1

This declaration is submitted to formally notify the Court of **post-judgment developments** that materially distinguish the present action (*25-cv-1948*) from previously adjudicated matters (*25-cv-894* and *25-cv-938*), and to demonstrate that this case arises from a **continuing course of constitutional violations**, including **fraud upon the court**, procedural suppression, and the **use of ghostwritten affidavits to distort judicial fact-finding**.

These acts occurred **after final judgment was entered** in the above-captioned prior cases and independently sustain the Court's subject matter jurisdiction and equitable power to act under **42 U.S.C. §§ 1983, 1985(3), 1986**, and **18 U.S.C. § 1962(d)**.

**II. Material Events Since Prior Federal Judgment (April 7, 2025)**

1. **May 5, 2025 – Filing of Ghostwritten Affidavit and Responsive Motion**

   A document purporting to be the sworn affidavit of Defendant Michelle Ybarra was submitted in Minnesota state court. Upon review, the document contains **legal citations, policy analysis, embedded evidentiary labeling, and strategic argumentation** that mirror the prose and motion language of Defendant Sharon Jones, Senior Counsel at Legal Assistance of Dakota County ("LADC").

   This is not a conclusory allegation. It is a forensic observation: the affidavit's structure, diction, and embedded citations are **inaccessible to a layperson** and instead constitute an unauthorized surrogate pleading. This conduct squarely violates **Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)**, which prohibits "litigant ghostwriting by an interested party for strategic deception of the tribunal."

2. **April 21–May 6, 2025 – Continuation of Sealed Discovery and Judicial Conflict**

   Judge David Lutz, a named defendant in this federal action, **refused to recuse** despite having formerly served with Legal Aid and **reappointed a Guardian ad Litem (Lydia Clemens)** who previously admitted on the record that her custody recommendation was based on **rescinded CPS findings**.

   Judge Lutz issued **protective orders shielding LADC intake records**, refused to adjudicate over 20 motions filed by Plaintiff, and **abruptly terminated a hearing** after Plaintiff

raised Canon 2.11 judicial conflict violations on the record.

3. **Current State Court Hearing Set for May 12, 2025**

A hearing is scheduled in Dakota County Family Court before Judge Lutz to determine Plaintiff's access to his children. This proceeding will occur **under the cloud of sealed discovery, known judicial bias, and reliance on discredited affidavits and GAL reports.** It poses an immediate risk of further irreparable harm.

### III. Legal Significance: This Case Is Not Moot, Repetitive, or Barred

Plaintiff respectfully submits that:

- These events constitute **new operative facts** under *Fresh Results, LLC v. ASF, Inc.*, 921 F.3d 1043 (8th Cir. 2019), sufficient to revive jurisdiction.
- The claims herein are **not barred by res judicata**, as they arise from **post-judgment conduct and live ongoing harm**, a well-recognized exception under *Plough v. W. Des Moines Cmty. Sch. Dist.*, 70 F.3d 512 (8th Cir. 1995).
- *Younger* and *Rooker-Feldman* abstention doctrines are inapplicable where the state forum is not impartial, and where injunctive relief is sought to prevent **ongoing constitutional violations.** See *Pulliam v. Allen*, 466 U.S. 522 (1984); *Mitchum v. Foster*, 407 U.S. 225 (1972).

### IV. Conclusion and Request for Judicial Notice

The record is no longer a static historical claim. It is a living sequence of:

- Obstructed discovery,
- Suppressed judicial rulings,
- Ghostwritten pleadings,
- Protective orders used to shield fraud,
- And an upcoming hearing before a defendant judge presiding over a case in which he is accused of enterprise-level misconduct.

This Court is respectfully requested to:

3

- **Take notice** of the ongoing misconduct,
- Accept this declaration as a supplement to Dkt. 1 and Dkt. 23–25,
- And proceed to evaluate the pending Emergency Temporary Restraining Order in light of the risk of **further federal injury** occurring as early as **May 12, 2025**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 5th 2025 in Dakota County, Lakeville, MN.

Respectfully submitted,

/s/ Steve Salvador Ybarra

Steve Salvador Ybarra

Pro Se Litigant

California | Minnesota

Email: Steve@TheoryWerkx.com

Phone: (612) 544-4380