STATE OF MINNESOTA                                  DISTRICT COURT
                                                FIRST JUDICIAL DISTRICT
COUNTY OF DAKOTA                             CASE TYPE: Dissolution with Child

In Re the Marriage of:

Michelle Cathleen Ybarra,

           Petitioner,      **SUPPLEMENTAL AFFIDAVIT OF**
                                **MICHELLE CATHLEEN YBARRA**
                                    **(4.7.25)**

and                                          Court File No. 19AV-FA-24-839

Steve Salvador Ybarra,

           Respondent.

_____

STATE OF MINNESOTA    )
                                 )ss.
COUNTY OF DAKOTA      )

**Michelle Cathleen Ybarra, after being first duly sworn, states the following:**

    1.    I am the Petitioner in the above-entitled Dissolution of Marriage matter and make this supplemental affidavit in response to all of Respondent's motions from February 23, 2024 until April 7, 2025, and in support of my motion from February 25, 2025, asking for all of Respondent's motions to be dismissed. That includes Respondent's Motion for Sanctions, Motion to Disqualify Legal Assistance of Dakota County from Representing Petitioner, Motion to Compel Ruling on Pending Motions, Respondent's Motion for Criminal Referral of Perjury and Financial Fraud, Motion for Contempt of Court, Motion for Immediate Parenting Time Enforcement, Ex-Parte Motion For Custody Modification and Final Resolution Order, Motion to Force a Ruling on Pending Motions, Emergency Objection to Proceeding with Pretrial Hearing,

Motion to Strike Evidence and Exhibits, and Motion for Modification of Custody and Parenting Time. I incorporate all prior affidavits in this case by reference.

2. As I previously said, Respondent is choosing to fight the "system" rather than following the clear path laid out by this Court on December 3, 2024. When Respondent finally asked to see the boys in late February, I reached out directly to Parenting Plus. I was told that Respondent never contacted them, and to the best of my knowledge, he still hasn't.

3. Respondent also failed to show up for his psychological evaluation on March 4, and apparently stopped communicating with Dr. Fischer's office.

4. We've had no communication on Our Family Wizard since February 20, 2025.

5. What we have had is an unrelenting campaign by Respondent to access materials protected by attorney client privilege, to disqualify my attorney from helping me, and to sue everyone involved in this case for civil rights violations and money damages both in state (19HA-CV-25-1341) and federal court (0:25-cv-894 and 0:25-cv-938).

6. When I applied to LADC, I had just arrived back to Minnesota with absolutely nothing to my name. I managed to find a job, but it took a while to develop a consistent set of clients. I worked overtime to get a home for the children and me and to get reliable transportation, because as I previously explained, we sold the vehicle I drove before leaving for California. My income is currently below 200% of federal poverty guidelines, which I understand is the income guideline for LADC.

7. Disclosure of my 2025 income, pursuant to the pretrial rules, has resulted in multiple additional court cases and proceedings and has endangered my current job. Respondent came to my work on March 14, 2025, with his friend, Steven P. Signorello, but waited in the car. I was cutting a child's hair at the time Mr. Signorello walked in. At first, he pretended he wanted

2

a haircut from "Michelle." As soon as he figured out who I was, he threw papers on my work station and yelled, "you've been served." The child, and their parent, where very upset by the scene he caused. The second time, my boss tried to intercept him and tell him he couldn't come in, and he yelled that he could and again threw papers on work station while, again, I had a client in my chair. Thankfully, this time it was an adult.

8. I am very uneasy because I feel that Respondent and his friend, who lists the same address that Respondent lives at on the federal proof service, are stalking me and tracking when I am at work. On March 30, 2025, they drove through the parking lot and stopped at the front door, then drove off. There is no reason for people who live in Lakeville to be outside my work in Rosemount, except to keep tabs on me.

12. I understand that I need to comply with Respondent's discovery requests, but I remain concerned about doing so without a protective order in place. Respondent has shown that he will use any piece of information he gets as leverage and to wage his personal disinformation campaign. It is exhausting, and isn't in the best interests of our children.

13. I am asking the Court to deny all of Respondent's motions, maintain the temporary custody and supervised parenting time order, pending the results of our psychological evaluations and an updated GAL report. I'm asking for a protective order for my discovery responses, and for the court to issue a temporary child support order. I really just want our children to be physically and emotionally safe and allowed to continue to thrive in a stable environment.

**I declare under penalty of perjury that everything I have stated in this document is true and correct. Minn. Stat. § 358.116.**

Dated: Apr 7, 2025

Michelle Ybarra (Apr 7, 2025 15:07 CDT)

Michelle Ybarra

3