1  Steve Salvador Ybarra

2  Pro Se Litigant

3  Minnesota | California

4  TheoryWerkx.com

5  Tel: 612.544.4380

6  Steve@TheoryWerkx.com

7

8

RECEIVED

MAY 0 8 2025

CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

9              UNITED STATES DISTRICT COURT

10             FOR THE DISTRICT OF MINNESOTA

11

12  Steve Salvador Ybarra                   No. . 0:25-cv-01948-KMM-DJF
    Self-Represented
13  Pro Se Litigant,

14          Plaintiff,                      **NOTICE OF JUDICIAL PATTERN AND**
                                            **PROCEDURAL SUPPRESSION IN**
15       v.                                 **SUPPORT OF EMERGENCY TRO**

16  Legal Assistance of Dakota County;
    Sharon Jones Esq., in her Individual and
17  Official capacities;
    Hon. David Lutz, in his individual and
18  Official capacities;
    Hon. Tanya Obrien, in her individual and
19  official capacities;
    Hon. Dannia L Edwards, in her individual
20  and official capacities;
    Lydia Clemens, in her individual and
21  official capacities;
    Michelle Cathleen Ybarra,
22
            Defendants.
23

24  Plaintiff Steve Salvador Ybarra respectfully submits this Notice to inform the Court of continued

25  procedural irregularities and entrenched judicial suppression within the underlying state matter

26  (19AV-FA-24-839), which substantiate Plaintiff's request for emergency injunctive relief.

27  **I. Chronology of Procedural Suppression by Judge Lutz**

28

1

SCANNED

MAY 0 9 2025

U.S. DISTRICT COURT MPLS

Since **February 2025**, Plaintiff has properly filed and served **over 20 verified motions**,

including:
- Rule 60.02(d) motions to vacate,

- Disqualification under Canon 2.11,

- Motions to compel discovery of Legal Aid intake fraud,

- Motions to restore parenting time.

To date, **Judge Lutz has refused to rule on any of these filings**. In contrast:

- On **April 21, 2025**, Judge Lutz ruled **immediately** on a **motion to quash** and issued a **protective order** shielding LADC records **on the same day**, while **declining to rule on Plaintiff's pending constitutional motions**.

- **April 22, 2025**, Judge David Lutz issued a judicial order that further exemplifies the entrenched procedural suppression and structural bias operating in Dakota County Family Court. Despite acknowledging that the April 21 hearing was dominated by Plaintiff's motions and lasted nearly three hours, the Court admitted it did not address all of Plaintiff's timely motions, and yet blamed Plaintiff for submitting too many. Rather than rule on the pending motions or provide clarity, Judge Lutz issued an order forcing Plaintiff into a heavily constrained May 12 hearing window, limiting argument time to whatever remains after multiple unrelated family law cases are heard first. This deliberate scheduling maneuver—combined with the Court's refusal to adjudicate any of Plaintiff's properly filed constitutional motions while promptly granting protective orders and motions to quash—further demonstrates an intentional pattern of judicial gatekeeping. The April 22 order explicitly denies Plaintiff equal procedural footing by preemptively capping his hearing time while preserving discretion for when the hearing "will be over"—not based on substance, but when the Court decides it's had enough. This order, on its face, confirms Plaintiff's allegation that the state forum is neither neutral nor capable of redressing constitutional injury, and supports federal intervention under Mathews v. Eldridge, Pulliam v. Allen, and Caperton v. A.T. Massey Coal.

- The Court **terminated the April 21 hearing mid-response**, preventing Plaintiff from completing arguments based on *Hazel-Atlas*, *Troxel*, and *Mathews v. Eldridge*.

- On **April 24, 2025**, Judge Lutz **reappointed the same discredited GAL** who relied on rescinded CPS findings—without addressing prior objections or recusal demands.

- On **April 28, 2025**, he issued a second **protective order**, sealing intake evidence central to fraud claims—again, with no ruling on Plaintiff's motion to compel discovery.

- On **May 5, 2025**, Judge Lutz issued a scheduling order indicating that Plaintiff would be limited in argument time at the upcoming **May 19 hearing**, citing "volume of filings," while ignoring the fact that **none of Plaintiff's federal claims have been adjudicated.**

- In response to this growing record of procedural obstruction and forum bias, on **May 7, 2025**, Plaintiff formally submitted a comprehensive evidentiary report to the **U.S. Department of Justice – Civil Rights Division**, with copies to the **Office of the Inspector General** and the **Public Integrity Section**. This report includes Plaintiff's verified Complaint, TRO filings, and supplemental documentation reflecting sealed evidence orders, ghostwritten affidavits, and reappointments of a disqualified Guardian ad

Litem. The purpose of this submission is to formally place the actions of the Dakota County bench and its affiliated legal aid and GAL actors under federal civil rights scrutiny. This escalation underscores that Plaintiff has exhausted available remedies and is now actively seeking oversight beyond this Court and the state judiciary. A true and correct copy of the DOJ notice and certificate of service

**II. Legal Significance for Federal Review**

This pattern of selective ruling, strategic delay, and refusal to adjudicate meritorious

constitutional motions reflects not mere judicial discretion—but a **coordinated procedural**

**entrenchment** in violation of:

- **14th Amendment due process guarantees**,
- **42 U.S.C. § 1983 (access to court)**,
- **42 U.S.C. § 1985(2) (obstruction of rights through state court proceedings)**,
- and **18 U.S.C. § 1503 (obstruction of justice).**

The record now reflects that **Plaintiff is being denied meaningful redress at the state level**,

while custody orders continue to be enforced that are **void ab initio** under UCCJEA §

518D.201(a)(1).

**III. Request for Judicial Notice**

Plaintiff respectfully requests this Court take notice of the continued procedural suppression by

Defendant Judge Lutz as described above, and consider this Notice in evaluating the pending

Emergency Temporary Restraining Order and request for federal equitable relief.


Respectfully submitted,


**/s/ Steve Salvador Ybarra**

Steve Salvador Ybarra

Pro Se Litigant

California | Minnesota

Email: Steve@TheoryWerkx.com

Phone: (612) 544-4380

3

**CERTIFICATE OF SERVICE**

I hereby certify that on **May 7, 2025**, I served a true and correct copy of the attached:

**"Notice of Submission to the U.S. Department of Justice – Civil Rights Division"**

upon the following parties by email and/or U.S. Mail:

- **Legal Assistance of Dakota County**

  Email: admin@dakotalegal.org

- **Sharon Jones, Esq.**, in her individual and official capacities

  Legal Assistance of Dakota County

  Email: sjones@dakotalegal.org

- **Hon. David Lutz**, in his individual and official capacities

  Dakota County District Court

  1560 Highway 55, Hastings, MN 55033

  Email: Raymond.mestad@courts.state.mn.us

- **Hon. Tanya O'Brien**, in her individual and official capacities

  Dakota County District Court

  1560 Highway 55, Hastings, MN 55033

  Email:

- **Hon. Dannia L. Edwards**, in her individual and official capacities

  Dakota County District Court

  1560 Highway 55, Hastings, MN 55033

  Email:

- **Lydia Clemens**, Guardian ad Litem, in her individual and official capacities

  First Judicial District GAL Program

  Email: Lydia.clemens@courts.state.mn.us

- **Michelle Cathleen Ybarra**, Respondent

  Email: shellbel1@hotmail.com

This notice was served to all named parties via email where available and U.S. Mail where necessary, consistent with Fed. R. Civ. P. 5(b) and Local Rule 7.1.

4

Respectfully submitted,

**/s/ Steve Salvador Ybarra**

Pro Se Litigant

Steve@TheoryWerkx.com

(612) 544-4380

Executed May 7, 2025

5