Steve Salvador Ybarra
Pro Se Litigant
Minnesota | California
TheoryWerkx.com
Tel: 612.544.4380
Steve@TheoryWerkx.com

RECEIVED
MAY 13 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

Steve Salvador Ybarra
Self-Represented
Pro Se Litigant,

    Plaintiff,

v.

Legal Assistance of Dakota County;
Sharon Jones Esq., in her Individual and Official capacities;
Hon. David Lutz, in his individual and Official capacities;
Hon. Tanya Obrien, in her individual and official capacities;
Hon. Dannia L Edwards, in her individual and official capacities;
Lydia Clemens, in her individual and official capacities;
Michelle Cathleen Ybarra,

    Defendants.

No. . 0:25-cv-01948-KMM-DJF

**EMERGENCY EQUITABLE AND CONSTITUTIONAL RELIEF DUE TO LITIGATION-INDUCED COLLAPSE**

Plaintiff Steve Salvador Ybarra respectfully moves this Court for emergency financial relief under the Court's inherent equitable authority and applicable civil rights precedent, including Elrod v. Burns and Tennessee v. Lane. The following facts are submitted in support of this motion:

1

SCANNED
MAY 13 2025
U.S. DISTRICT COURT MPLS

**I. Background and Procedural History**

Since April 2024, I have been forced to remain in Minnesota, unable to return home to California, after a one-sided ex parte restraining order—based on materially false allegations—was heard by Chief Judge Dannia Edwards. That order compelled me to return from California to Minnesota, without allowing my prior attorney to be heard. From that point forward, I incurred over $26,000 in legal fees attempting to defend against what I now understand to be a coordinated and fraudulent custody suppression campaign.

On December 15, 2024, I was involved in a car accident at work through no fault of my own. Since that date, I have been unable to return to work due to medical recovery and increasing litigation responsibilities. Despite this, I have spent nearly every day since attempting to secure access to my children and expose the fraud perpetuated by Michelle Ybarra, Sharon Jones, and Judge David Lutz.

Between January and April 2025, I filed multiple motions in Dakota County Family Court documenting financial misrepresentation, perjury, and fraud upon the court by Michelle Ybarra and her attorney. Despite providing clear documentary evidence— including proof that Ms. Ybarra earns $4,422 per month not including cash tips—Judge David Lutz refused to hear, rule, or respond to a single one of my motions. Instead, he reappointed the same Guardian ad Litem and continued issuing sealed orders.

**II. Litigation Commitment and Harm**

Since February 2025, I have invested over 3,000 hours studying civil procedure in both state and federal court, learning IRAC and macro formatting, reviewing thousands of pages of case law, and mastering federal pleading structure. I have dedicated 16 hours per day to this litigation not by choice—but because failing to do so would almost certainly mean losing my children permanently due to the sealed fraud and procedural obstruction enabled by Dakota County.

As a result of this prolonged litigation and the need to protect my children, I am now facing financial collapse. I am three to four months behind on rent and utility bills, have exhausted all financial reserves, and am two car payments away from repossession. Basic

2

necessities such as groceries and meals are now unaffordable luxuries. I borrow what I can to survive, while Judge David Lutz continues to ignore filings and prevent me from reaching any appellate or federal venue for relief.

These injuries are not incidental—they are the **intended consequence** of a coordinated civil RICO scheme under color of law. The ongoing financial collapse is part of an enterprise designed to exhaust protective parents and suppress constitutional redress. The combination of sealed affidavits, delayed rulings, and judicial conflicts has created a closed-loop forum that deprives Plaintiff of parenting rights and financial stability simultaneously.

This deliberate judicial stalling has obstructed access to meaningful relief in both state and federal forums, creating a closed constitutional loop that violates my right to be heard under the First and Fourteenth Amendments.

### III. Legal Authority for Relief

Federal courts have the authority to grant equitable relief under Elrod v. Burns, 427 U.S. 347 (1976), where ongoing violations of fundamental rights cause irreparable injury. Likewise, under Tennessee v. Lane, 541 U.S. 509 (2004), courts must ensure that access to the courts is not barred by financial or structural barriers. Here, I am being financially suffocated by a system that refuses to rule on my claims, forcing me to remain in procedural limbo indefinitely.

In addition to Elrod and Lane, Plaintiff invokes *Boddie v. Connecticut*, 401 U.S. 371 (1971), affirming that due process requires meaningful access to the courts—particularly in cases involving family rights. *Lewis v. Casey*, 518 U.S. 343 (1996) similarly holds that courts must not allow procedural systems to obstruct a litigant's fundamental right to be heard.

Here, Plaintiff is being financially and procedurally immobilized by a system that suppresses adjudication, seals relevant records, and leverages judicial delay as a tool of constitutional suppression—leaving him in indefinite limbo.

In addition to its equitable authority, this Court has jurisdiction under the following statutes:

- **42 U.S.C. § 1983**, to remedy ongoing violations of Plaintiff's constitutional rights—

3

including due process, equal protection, and access to courts—caused by judicial officers, court staff, and opposing counsel acting under color of law.

- **28 U.S.C. § 1651(a)** (All Writs Act), to issue orders necessary to preserve jurisdiction, prevent injustice, and halt state court retaliation that has made appellate relief impossible.
- **28 U.S.C. § 2201** (Declaratory Judgment Act), to declare Plaintiff's rights amid systemic interference with custody, discovery, and financial due process.
- **28 U.S.C. § 1915(a)**, to formally recognize and accommodate Plaintiff's litigation-induced indigency, which now includes being four months behind on rent, having utilities disconnected, and depending on family for basic survival—all as a direct result of the systemic suppression documented herein.

Without judicial action, Plaintiff is left in a litigation trap engineered to strip access to both justice and survival—financially isolated, procedurally cut off, and constitutionally silenced. Statutory and equitable relief are no longer discretionary—they are necessary to preserve Plaintiff's ability to seek redress under law.

**VI. Ongoing Harm and Imminent Enforcement**

The harm documented above is not abstract or historical—it is escalating in real time. Plaintiff is scheduled to appear again in Dakota County Family Court on **May 17, 2025**, where Judge David Lutz, a named federal defendant, is set to continue issuing rulings despite verified allegations of judicial bias, sealed discovery fraud, and unrebutted subject-matter jurisdictional defects. These proceedings are not neutral—they are procedurally insulated forums used to enforce pre-determined outcomes while suppressing meaningful relief.

Each continued state enforcement action—including supervised visitation orders, protective discovery rulings, and refusal to hear Rule 60.02(d) motions—**compounds Plaintiff's financial collapse** and heightens the deprivation of constitutional rights.

The May 17 hearing will deepen the hardship by:
- Allowing further rulings on sealed evidence;
- Preventing federal adjudication of jurisdictional defects;

4

- Increasing the cost of forced litigation while denying evidentiary access;
- And threatening additional enforcement measures, including custody outcomes built on unrebutted fraud.

These facts invoke the **extraordinary circumstances exception under *Younger v. Harris*, 401 U.S. 37 (1971):**

"Federal injunctive relief may be granted where state proceedings are motivated by bad faith, harass the litigant, or operate in flagrant violation of express constitutional prohibitions."

Here, **the combination of institutional bias, systemic non-rulings, and financial strangulation satisfies each of these exceptions**. Plaintiff is not asking the Court to interfere lightly—but to prevent irreparable constitutional and economic injury caused by a closed forum abusing judicial procedure under color of law.

*[1] See Younger v. Harris, 401 U.S. 37, 45–46 (1971) ("Bad faith," "harassment," or "flagrant and patent violation of constitutional rights" may justify federal intervention where traditional abstention would otherwise apply).*

**VI. One Year of Obstruction, Sealed Fraud, and Irreparable Collapse**

For more than a year, Plaintiff has been subjected to a deliberate campaign of discovery obstruction, procedural suppression, and evidentiary concealment orchestrated by Legal Assistance of Dakota County and Defendant Sharon Jones. Despite filing a Motion to Compel discovery on April 28, 2025—seeking critical income verification, Legal Aid intake records, and documents central to the fraud and perjury allegations—no response, ruling, or compliance has followed. Defendant Jones then appeared in open court on May 12 and admitted on the record that she had not complied with discovery obligations because "motion practice was taking up too much time."

This is not administrative delay. It is intentional obstruction under color of public office, designed to shield fraud and suppress evidence while the state court, aware of the pending federal case, allows these acts to proceed without consequence. Protective orders have been issued to seal intake records. Rulings are delayed 90 days. Canon 2.11 violations are dismissed out of hand.

5

There is no fair forum left.

As a result of this coordinated entrenchment, Plaintiff has now lost nearly everything. Four months behind on rent. Utilities shutting off. Facing eviction within days. All while trying to expose procedural misconduct that the state court refuses to even acknowledge. The harm is not hypothetical—it is total.

This systemic deprivation satisfies the highest threshold under *Younger v. Harris*, 401 U.S. 37 (1971), and supports emergency relief under *Hazel-Atlas*, *Mathews v. Eldridge*, and *Elrod v. Burns*. No forum should be allowed to destroy a parent's constitutional access to their child and to court at the same time.

**VII. Requested Relief**

Plaintiff respectfully requests the following:

1. Declaration of financial hardship on the federal record.

2. Emergency relief in the form of injunctive or declaratory relief halting enforcement of sealed or unadjudicated state court orders.

3. Referral to federal magistrate for financial monitoring or access assistance.

4. Leave to file further motions for preservation of financial hardship and mental health documentation.

5. An order requiring prompt adjudication on Plaintiff's TRO and Preliminary Injunction, or alternatively, setting an emergency status hearing before May 17, 2025, to prevent irreparable harm during state court enforcement..

6. A finding that failure by the Dakota County judiciary to rule on time-sensitive motions constitutes constructive denial under 42 U.S.C. § 1983 and warrants immediate federal oversight.

7. An order recognizing litigation-induced indigency under § 1915(a), permitting fee waivers and extended deadlines where appropriate.

**CERTIFICATION UNDER 28 U.S.C. § 1746**

I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge. This motion is submitted in good faith, not for delay or improper purpose, but to preserve Plaintiff's right to be heard and prevent irreparable constitutional harm."

Executed this 11th day of May, 2025.

Respectfully submitted,

Dated: May 11, 2025

Hennepin County, Minnesota

**/s/ Steve Salvador Ybarra**

Steve Salvador Ybarra

Pro Se Litigant

California | Minnesota

Email: Steve@TheoryWerkx.com

Phone: (612) 544-4380

**CERTIFICATE OF SERVICE**

I hereby certify that on **May 12, 2025**, I served a true and correct copy of the attached:

**PLAINTIFF'S EMERGENCY MOTION FOR FINANCIAL RELIEF DUE TO SYSTEMIC JUDICIAL OBSTRUCTION AND LITIGATION-INDUCED HARDSHIP**

7.1(f)

upon the following parties by email and/or U.S. Mail:

- **Legal Assistance of Dakota County**
  Email: admin@dakotalegal.org
- **Sharon Jones, Esq.**, in her individual and official capacities
  Legal Assistance of Dakota County
  Email: sjones@dakotalegal.org
- **Hon. David Lutz**, in his individual and official capacities
  Dakota County District Court
  1560 Highway 55, Hastings, MN 55033
  Email: Raymond.mestad@courts.state.mn.us
- **Hon. Tanya O'Brien**, in her individual and official capacities
  Dakota County District Court
  1560 Highway 55, Hastings, MN 55033
  Email:
- **Hon. Dannia L. Edwards**, in her individual and official capacities
  Dakota County District Court
  1560 Highway 55, Hastings, MN 55033
  Email:
- **Lydia Clemens**, Guardian ad Litem, in her individual and official capacities
  First Judicial District GAL Program
  Email: Lydia.clemens@courts.state.mn.us
- **Michelle Cathleen Ybarra**, Respondent
  Email: shellbel1@hotmail.com

      This notice was served to all named parties via email where available and U.S. Mail where necessary, consistent with Fed. R. Civ. P. 5(b) and Local Rule 7.1.

      Respectfully submitted,

/s/ **Steve Salvador Ybarra**

Pro Se Litigant

Steve@TheoryWerkx.com

(612) 544-4380

Executed May 12, 2025