Steve Salvador Ybarra

Pro Se Litigant

Minnesota | California

TheoryWerkx.com

Tel: 612.544.4380

Steve@TheoryWerkx.com

RECEIVED
MAY 1 3 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

Steve Salvador Ybarra
Self-Represented
Pro Se Litigant,

    Plaintiff,

    v.

Legal Assistance of Dakota County;
Sharon Jones Esq., in her Individual and Official capacities;
Hon. David Lutz, in his individual and Official capacities;
Hon. Tanya Obrien, in her individual and official capacities;
Hon. Dannia L Edwards, in her individual and official capacities;
Lydia Clemens, in her individual and official capacities;
Michelle Cathleen Ybarra,

    Defendants.

No. 0:25-cv-01948-KMM-DJF

**NOTICE OF OUTSTANDING STATE DISCOVERY MOTION, CONTINUED OBSTRUCTION, AND PENDING SANCTIONABLE VIOLATIONS UNDER RULE 37 AND HAZEL-ATLAS**

TO THE HONORABLE COURT:

Plaintiff respectfully submits this notice to supplement the record regarding ongoing obstruction by Defendants Legal Assistance of Dakota County (LADC) and Sharon Jones, and to

1

SCANNED
MAY 1 3 2025
U.S. DISTRICT COURT MPLS

apprise the Court of an outstanding state motion to compel discovery filed on April 28, 2025, that has remained unresolved for over fifteen (15) days

## I. PROCEDURAL HISTORY AND UNRESOLVED STATE DISCOVERY MOTION

On **April 28, 2025**, Plaintiff filed a formal **Motion to Compel Production of Financial Records, Legal Aid Intake Documents, and Vehicle Ownership Evidence** in Dakota County District Court (Case No. 19AV-FA-24-839), seeking discovery from Petitioner Michelle Ybarra and her legal representative, Defendant Sharon Jones of Legal Assistance of Dakota County.

The motion demanded:

- Paystubs and income verification from 2024 to present;
- Legal Aid intake and eligibility forms submitted to LADC;
- Internal eligibility communications and determinations;
- Vehicle ownership records, including the GMC Terrain acquired in 2024.

These documents were sought under **Minn. R. Civ. P. 26.01, 26.05, and 37.01**, and supported by Plaintiff's citation to **Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)** and **United States v. Zolin, 491 U.S. 554 (1989)** for the crime-fraud exception.

Despite service and a contemporaneous proposed Findings of Fact and Order, the motion remains unruled. The court has issued **no hearing, no production order, and no sanctions**, despite clear Rule 37 obligations.

## II. ON-RECORD ADMISSION OF OBSTRUCTION BY DEFENDANT SHARON JONES

At the **May 12, 2025** hearing, Defendant Sharon Jones stated:

*"The litany of motion filings in this case and multiple motion hearings is taking up quite a bit of my time that could be spent on responding to the discovery requests."*

This is an **on-record admission** of noncompliance. It is not a denial. It is not a claim of privilege. It is a confirmation of intentional delay—**strategic obstruction** in violation of both

2

state and federal discovery duties.

Such conduct warrants immediate sanctions under **Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv)**, which authorizes federal enforcement when a party:

"fails to answer an interrogatory" or "fails to produce documents."

Furthermore, under **Chambers v. NASCO, 501 U.S. 32 (1991)**, federal courts possess inherent authority to sanction willful litigation abuse, particularly where parties exploit procedural delays to suppress material evidence.

### III. FEDERAL CONSEQUENCES OF CONTINUED SUPPRESSION

Defendants' failure to produce these records—paired with a protective order shielding intake evidence without in-camera review—constitutes **fraud upon the court** under *Hazel-Atlas* and *In re A.H. Robins Co., Inc.*, 107 F.R.D. 2 (E.D. Va. 1985).

This conduct further implicates:

- **18 U.S.C. § 1512(b)** (obstruction of court process);
- **42 U.S.C. § 1983** (deprivation of due process);
- **18 U.S.C. § 1962(d)** (civil RICO conspiracy).

As the Supreme Court warned in *Hazel-Atlas*, a court must not become a tool for injustice:

*"The public welfare demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud."* —322 U.S. at 246.

### IV. REQUEST FOR FEDERAL ACTION

Plaintiff respectfully requests that this Court:

1. Take judicial notice of the April 28, 2025 motion to compel and Sharon Jones' May 12, 2025 transcript admission;
2. Include this ongoing obstruction in its evaluation of the pending TRO and Preliminary Injunction;
3. Issue an Order requiring Defendants to appear and show cause why Rule 37 sanctions, adverse inferences, or default should not be entered;

3

4. Authorize in-camera review of all sealed Legal Aid intake documents under the crime-fraud exception.

Respectfully submitted,

Dated: May 12, 2025

/s/ Steve Salvador Ybarra

Steve Salvador Ybarra

Pro Se Plaintiff

Email: Steve@TheoryWerkx.com

Tel: (612) 544-4380

**CERTIFICATE OF SERVICE**

I hereby certify that on **May 12, 2025**, I served a true and correct copy of the attached:

**NOTICE OF OUTSTANDING STATE DISCOVERY MOTION, CONTINUED OBSTRUCTION, AND PENDING SANCTIONABLE VIOLATIONS UNDER RULE 37 AND HAZEL-ATLAS**

upon the following parties by email and/or U.S. Mail:

- **Legal Assistance of Dakota County**

   Email: admin@dakotalegal.org

- **Sharon Jones, Esq.**, in her individual and official capacities

   Legal Assistance of Dakota County

   Email: sjones@dakotalegal.org

- **Hon. David Lutz**, in his individual and official capacities

   Dakota County District Court

   1560 Highway 55, Hastings, MN 55033

   Email: Raymond.mestad@courts.state.mn.us

- **Hon. Tanya O'Brien**, in her individual and official capacities

   Dakota County District Court

4

1560 Highway 55, Hastings, MN 55033

Email:

- **Hon. Dannia L. Edwards**, in her individual and official capacities

  Dakota County District Court

  1560 Highway 55, Hastings, MN 55033

  Email:

- **Lydia Clemens**, Guardian ad Litem, in her individual and official capacities

  First Judicial District GAL Program

  Email: Lydia.clemens@courts.state.mn.us

- **Michelle Cathleen Ybarra**, Respondent

  Email: shellbel1@hotmail.com

This notice was served to all named parties via email where available and U.S. Mail where necessary, consistent with Fed. R. Civ. P. 5(b) and Local Rule 7.1.

Respectfully submitted,

/s/ **Steve Salvador Ybarra**

Pro Se Litigant

Steve@TheoryWerkx.com

(612) 544-4380

Executed May 12, 2025

5