Steve Salvador Ybarra

Pro Se Litigant

Minnesota | California

TheoryWerkx.com

Tel: 612.544.4380

Steve@TheoryWerkx.com

RECEIVED
MAY 1 3 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Steve Salvador Ybarra<br>Self-Represented<br>Pro Se Litigant,<br><br>  Plaintiff,<br><br>  v.<br><br>Legal Assistance of Dakota County;<br>Sharon Jones Esq., in her Individual and Official capacities;<br>Hon. David Lutz, in his individual and Official capacities;<br>Hon. Tanya Obrien, in her individual and official capacities;<br>Hon. Dannia L Edwards, in her individual and official capacities;<br>Lydia Clemens, in her individual and official capacities;<br>Michelle Cathleen Ybarra,<br><br>  Defendants. | No. . 0:25-cv-01948-KMM-DJF<br><br>**SUPPLEMENTAL NOTICE: JUDICIAL POSTURE SUMMARY REGARDING STATE COURT OBSTRUCTION BY JUDGE DAVID LUTZ** |

TO THE HONORABLE COURT:

Plaintiff Steve Salvador Ybarra respectfully submits this supplemental summary to document the evolving judicial posture of Defendant Judge David Lutz in Dakota County Case No. 19AV-FA-24-839. Based on the record and I was forced to hand document notes in real time

1

SCANNED
MAY 1 3 2025
U.S. DISTRICT COURT MPLS

of the May 12, 2025 hearing and procedural developments now spanning over one year, Plaintiff provides the following analysis of ongoing tactical obstruction by the presiding judge.

### I. SUMMARY OF JUDICIAL OBSTRUCTION

Defendant Judge Lutz has maintained a posture of procedural delay, evidentiary suppression, and institutional protection. This conduct is not neutral judicial oversight—it is **strategic insulation**, manifesting through the following:

1. **Refusal to Adjudicate Fraud**:
   - Judge Lutz stated, *"I do not see a prima facie case of fraud on the court,"* despite multiple verified Rule 60.02(d) motions, unrebutted discovery records, and transcript-supported ghostwriting admissions by Defendant Sharon Jones
   - No evidentiary hearing has been held, nor has the court permitted discovery into the sealed fee affidavits or Legal Aid eligibility documents.

2. **Denial of Subject Matter Jurisdiction Challenge**:
   - When Plaintiff raised non-waivable jurisdictional defects under the UCCJEA, Judge Lutz dismissed them as waived by counter-petition, contradicting binding state and federal precedent. (See *H.M.B. v. E.T.M.*, A21-1174, 2022 WL 897216).

3. **Canon 2.11 Conflict Ignored**:
   - Judge Lutz admitted on record to handling six family law cases for Legal Assistance of Dakota County, a named defendant in this case. He declined to recuse and instead directed Plaintiff to raise the issue with Chief Judge Kerry Lennon.

4. **Denial of Timely Rulings as Tactical Delay**:
   - Judge Lutz stated his order addressing all of Plaintiff's motions exceeds 40 pages and will be issued after all hearings conclude, possibly **90 days post-argument**.
   - This is a deliberate postponement designed to frustrate federal review and exhaust Plaintiff's financial and constitutional position while creating the false appearance of procedural fairness.

5. **Optical Fairness with No Substantive Adjudication**:
    - The court permits Plaintiff to "argue" motions but has refused to rule on any issue tied to fraud, sealed discovery, or judicial conflict—while denying multiple motions on the record without factual findings.

## II. IMPLICATIONS FOR FEDERAL OVERSIGHT

This posture satisfies the extraordinary circumstances exception under *Younger v. Harris*, 401 U.S. 37 (1971), and warrants federal intervention under *Pulliam v. Allen*, 466 U.S. 522 (1984). The continued participation of a judge who is:

- A named federal defendant;
- A fact witness to prior Legal Aid affiliations;
- Refusing to recuse;
- Denying due process without hearing;
- And delaying rulings until post-litigation exhaustion—

…represents a structural breakdown of neutral adjudication.

Plaintiff submits this posture summary for the record in support of all pending federal motions, including:

- Plaintiff's Emergency Motion for TRO and Preliminary Injunction;
- Plaintiff's Motion for Financial Relief;
- Plaintiff's Motion for Rule 11 Sanctions;
- Plaintiff's Emergency Notice of Outstanding Discovery Obstruction;
- And any future request for default, in-camera review, or declaratory relief.

Respectfully submitted,

Dated: May 13, 2025

/s/ Steve Salvador Ybarra

Steve Salvador Ybarra

Pro Se Plaintiff

Email: Steve@TheoryWerkx.com

3

Tel: (612) 544-4380

**CERTIFICATE OF SERVICE**

I hereby certify that on **May 12, 2025**, I served a true and correct copy of the attached:

**SUPPLEMENTAL NOTICE: JUDICIAL POSTURE SUMMARY REGARDING STATE COURT OBSTRUCTION BY JUDGE DAVID LUTZ**

upon the following parties by email and/or U.S. Mail:

- **Legal Assistance of Dakota County**

  Email: admin@dakotalegal.org

- **Sharon Jones, Esq.**, in her individual and official capacities

  Legal Assistance of Dakota County

  Email: sjones@dakotalegal.org

- **Hon. David Lutz**, in his individual and official capacities

  Dakota County District Court

  1560 Highway 55, Hastings, MN 55033

  Email: Raymond.mestad@courts.state.mn.us

- **Hon. Tanya O'Brien**, in her individual and official capacities

  Dakota County District Court

  1560 Highway 55, Hastings, MN 55033

  Email:

- **Hon. Dannia L. Edwards**, in her individual and official capacities

  Dakota County District Court

  1560 Highway 55, Hastings, MN 55033

  Email:

- **Lydia Clemens**, Guardian ad Litem, in her individual and official capacities

  First Judicial District GAL Program

  Email: Lydia.clemens@courts.state.mn.us

- **Michelle Cathleen Ybarra**, Respondent

Email: shellbel1@hotmail.com

This notice was served to all named parties via email where available and U.S. Mail where necessary, consistent with Fed. R. Civ. P. 5(b) and Local Rule 7.1.

Respectfully submitted,

/s/ **Steve Salvador Ybarra**

Pro Se Litigant

Steve@TheoryWerkx.com

(612) 544-4380

Executed May 12, 2025