Steve Salvador Ybarra
Pro Se Litigant
Minnesota | California
TheoryWerkx.com
Tel: 612.544.4380
Steve@TheoryWerkx.com

RECEIVED MAY 14 2025 CLERK, U.S. DISTRICT COURT MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Steve Salvador Ybarra<br>Self-Represented<br>Pro Se Litigant,<br><br>    Plaintiff,<br><br>v.<br><br>Legal Assistance of Dakota County;<br>Sharon Jones Esq., in her Individual and Official capacities;<br>Hon. David Lutz, in his individual and Official capacities;<br>Hon. Tanya Obrien, in her individual and official capacities;<br>Hon. Dannia L Edwards, in her individual and official capacities;<br>Lydia Clemens, in her individual and official capacities;<br>Michelle Cathleen Ybarra,<br><br>    Defendants. | No. 0:25-cv-01948-KMM-DJF<br><br>**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br>**(Fed. R. Civ. P. 65(a))** |

TO THE HONORABLE COURT:

Pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, Plaintiff STEVE SALVADOR YBARRA respectfully moves for a Preliminary Injunction enjoining the enforcement of all child custody orders, discovery rulings, protective orders, and adverse judicial actions arising out of

1

SCANNED MAY 14 2025 U.S. DISTRICT COURT MPLS

Dakota County Family Court Case No. 19AV-FA-24-839. The motion arises in light of verified, unrebutted evidence of constitutional violations, judicial bias, and institutional entrenchment now infecting the proceedings below.

## I. RELIEF REQUESTED

Plaintiff seeks an order enjoining:

1. Further enforcement of all custody, parenting time, and supervised visitation orders issued in Case No. 19AV-FA-24-839;
2. Any continued adjudication or hearing by Judge David Lutz pending federal review;
3. Enforcement or reliance upon any Guardian ad Litem reports authored by Lydia Clemens;
4. Enforcement of any protective orders or sealed discovery rulings insulating Legal Assistance of Dakota County (LADC) or Sharon Jones, Esq.;
5. Any trial proceedings scheduled for June 2025 absent first adjudicating Plaintiff's Rule 60.02(d) and fraud-based motions.

## II. GROUNDS FOR INJUNCTION

This case implicates the systemic abuse of judicial discretion, deployment of sealed evidence to insulate perjury, and a family court's alignment with an enterprise consisting of Legal Aid attorneys, a discredited GAL, and a bench unwilling to recuse despite named federal complaint exposure. Immediate intervention is required to prevent irreversible constitutional harm.

## III. FACTUAL SUMMARY

The record now shows:

- **No adjudication of unfitness, abuse, or neglect** has ever been entered against Plaintiff;

- A discredited GAL, **Lydia Clemens**, admitted under oath to relying on **rescinded CPS findings**—then reaffirmed her position based on unverified, speculative behavioral theories;
- Judge **David Lutz refused to recuse** despite confirmed prior pro bono representation for LADC and current federal complaint naming LADC and Sharon Jones as central actors;
- Lutz has **sealed fee affidavits**, denied all discovery into LADC's intake fraud, and issued protective orders while **refusing evidentiary review**;
- The state court's exercise of jurisdiction is void ab initio under **Minn. Stat. § 518D.201(a)(1)** (UCCJEA) and **H.M.B. v. E.T.M., 2022 WL 897216**—as Minnesota lacked six-month home state jurisdiction;
- Plaintiff's **four separate Rule 60.02(d)** motions have been ignored, leaving no state remedy.

## IV. LEGAL STANDARD

Under *Winter v. Natural Res. Def. Council*, 555 U.S. 7 (2008), Plaintiff must demonstrate:

1. **Likelihood of Success on the Merits** – The facts show live due process violations, entrenched conflict of interest, and federal questions of constitutional gravity under 42 U.S.C. § 1983 and RICO § 1962.
2. **Irreparable Harm** – Plaintiff is deprived of contact with his minor children, blocked from discovery, and now faces a rigged trial process based on fraud and sealed evidence.
3. **Balance of Equities** – Weighs decisively in favor of Plaintiff, who has exhausted all state remedies and seeks only a stay of flawed proceedings.
4. **Public Interest** – Ensures the integrity of judicial forums and constitutional adjudication. Courts cannot function as vehicles for sealed fraud and unchecked bias.

3

## V. LEGAL FRAMEWORK

**A. Fraud Upon the Court (Hazel-Atlas, 322 U.S. 238 (1944))**

When courts rely on fraudulent evidence or ghostwritten affidavits submitted by public legal aid under sealed orders, the entire proceeding is compromised. The refusal to adjudicate Rule 60.02(d) motions is not discretionary—it is abdication.

**B. Judicial Bias & Recusal (Caperton v. A.T. Massey, 556 U.S. 868 (2009))**

Judge Lutz's refusal to recuse, despite admitted ties to a party currently under federal RICO scrutiny, violates the constitutional requirement of impartial adjudication. The appearance of bias is sufficient grounds for recusal.

**C. UCCJEA Jurisdictional Collapse (Minn. Stat. § 518D.201)**

Custody orders issued without home state jurisdiction are void. A court without subject matter jurisdiction may not proceed. *H.M.B.* makes clear: jurisdiction cannot be waived by counterpetition.

**D. Due Process Violations (Mathews v. Eldridge, 424 U.S. 319 (1976))**

Plaintiff has been denied meaningful hearings, blocked from presenting critical discovery, and forced to defend against ghostwritten accusations submitted under the cover of sealed filings.

## VI. CONCLUSION

This is not merely a custody dispute—it is now a live constitutional emergency. The state court has become an instrument of entrenchment, not adjudication. This Court must act.

Plaintiff invokes the full equitable authority of this Court under *Pulliam v. Allen*, 466 U.S. 522 (1984), which authorizes prospective injunctive relief against judicial officers engaged in ongoing constitutional violations. Plaintiff does not seek damages—but federal intervention to halt

unlawful custody restrictions, discovery suppression, and forum bias.

**VII. PRAYER FOR RELIEF**

Plaintiff respectfully prays this Court issue a Preliminary Injunction:

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following immediate relief:

1. **Enjoin all proceedings in Dakota County Family Court Case No. 19AV-FA-24-839**, including but not limited to custody, parenting time, evidentiary motions, trial settings, and protective orders, pending resolution of this federal action;

2. **Stay the enforcement of all custody and supervised visitation orders** issued by the Dakota County District Court as constitutionally tainted, jurisdictionally void, and procedurally infected by sealed fraud;

3. **Compel Legal Assistance of Dakota County and Sharon Jones, Esq. to immediately produce intake records, screening forms, and income verification documents** submitted by Michelle Ybarra in support of her claim for indigent public legal services, covering the period from January 2024 through April 2024;

4. **Order Sharon Jones and LADC to cease representation of Michelle Ybarra in Case No. 19AV-FA-24-839** pending resolution of federal allegations of ghostwriting, fraud upon the court, and obstruction of discovery, as their continued participation creates an irreconcilable conflict of interest under *Hazel-Atlas*, *Dennis v. Sparks*, and *Caperton* standards;

5. **Prohibit the enforcement, reliance, or future issuance of any protective orders shielding Legal Aid intake records, fee affidavits, or GAL reports**, and require

5

disclosure of any sealed financial documents used to justify indigency-based legal aid access;

6. **Bar Judge David Lutz and Guardian ad Litem Lydia Clemens from further involvement in proceedings** related to this matter, pending outcome of this federal complaint, due to unrebutted evidence of bias, entrenched misconduct, and conflict of interest;

7. **Order expedited briefing and schedule a hearing** within 14 days pursuant to Rule 65(a), with interim preservation of the status quo until such hearing occurs;

8. **Grant such other and further relief as the Court deems just and proper** to prevent irreparable constitutional injury and to restore Plaintiff's access to a neutral and lawful judicial forum.

Respectfully submitted,

/s/ Steve Salvador Ybarra

Steve Salvador Ybarra

Pro Se Litigant

California | Minnesota

Email: Steve@TheoryWerkx.com

Phone: (612) 544-4380

**CERTIFICATE OF SERVICE**

I hereby certify that on **May 12, 2025**, I served a true and correct copy of the attached: **PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

6

(Fed. R. Civ. P. 65(a))

upon the following parties by email and/or U.S. Mail:

- **Legal Assistance of Dakota County**

  Email: admin@dakotalegal.org

- **Sharon Jones, Esq.**, in her individual and official capacities

  Legal Assistance of Dakota County

  Email: sjones@dakotalegal.org

- **Hon. David Lutz**, in his individual and official capacities

  Dakota County District Court

  1560 Highway 55, Hastings, MN 55033

  Email: Raymond.mestad@courts.state.mn.us

- **Hon. Tanya O'Brien**, in her individual and official capacities

  Dakota County District Court

  1560 Highway 55, Hastings, MN 55033

  Email:

- **Hon. Dannia L. Edwards**, in her individual and official capacities

  Dakota County District Court

  1560 Highway 55, Hastings, MN 55033

  Email:

- **Lydia Clemens**, Guardian ad Litem, in her individual and official capacities

  First Judicial District GAL Program

  Email: Lydia.clemens@courts.state.mn.us

- **Michelle Cathleen Ybarra**, Respondent

  Email: shellbel1@hotmail.com

This notice was served to all named parties via email where available and U.S. Mail where necessary, consistent with Fed. R. Civ. P. 5(b) and Local Rule 7.1.

Respectfully submitted,

/s/ **Steve Salvador Ybarra**

7

1 | Pro Se Litigant
2 | Steve@TheoryWerkx.com
3 | (612) 544-4380
4 | Executed May 12, 2025