Steve Salvador Ybarra
Pro Se Litigant
Minnesota | California
TheoryWerkx.com
Tel: 612.544.4380
Steve@TheoryWerkx.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

Steve Salvador Ybarra
Self-Represented
Pro Se Litigant,

    Plaintiff,

v.

Legal Assistance of Dakota County;
Sharon Jones Esq., in her Individual and Official capacities;
Hon. David Lutz, in his individual and Official capacities;
Hon. Tanya Obrien, in her individual and official capacities;
Hon. Dannia L Edwards, in her individual and official capacities;
Lydia Clemens, in her individual and official capacities;
Michelle Cathleen Ybarra,

    Defendants.

No. . 0:25-cv-01948-KMM-DJF

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

## INTRODUCTION

This memorandum supports Plaintiff Steve Salvador Ybarra's motion for a preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure. This case arises from systemic due process violations, sealed evidence concealment, and entrenched judicial bias in Dakota

1

County Family Court Case No. 19AV-FA-24-839. The relief requested is necessary to halt ongoing constitutional injury, preserve the integrity of this federal forum, and restore Plaintiff's access to an impartial adjudicatory process.

**LEGAL STANDARD**

A preliminary injunction is appropriate where the movant demonstrates: (1) a likelihood of success on the merits; (2) a threat of irreparable harm in the absence of relief; (3) that the balance of equities tips in the movant's favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc).

**ARGUMENT**

**I. PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS**

**A. Procedural Due Process Violations (U.S. Const. Amend. XIV)**

Plaintiff has been denied fundamental fairness in state court proceedings. Custody determinations have been made without findings of unfitness or danger. Sealed affidavits, concealed Legal Aid intake records, and denial of discovery form a procedural regime that violates the core principles articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976), and *Goldberg v. Kelly*, 397 U.S. 254 (1970). No evidentiary hearing has been granted despite four Rule 60.02(d) motions citing fraud.

**B. Fraud Upon the Court (Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944))**

Fraud was committed when Defendant Sharon Jones submitted ghostwritten affidavits on behalf of Michelle Ybarra, grounded in knowingly false indigency certifications. These affidavits formed the basis for public representation by LADC, which has since been shielded by sealed orders. *Hazel-Atlas* clearly establishes that fraud perpetrated through legal filings and concealed

2

via judicial sealing warrants federal equitable relief.

**C. Disqualification and Judicial Bias (Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009))**

Judge Lutz has admitted on record to prior professional affiliation with LADC, yet refuses to recuse. The standard for disqualification is not actual bias but "a serious risk of actual bias" where past affiliations would cause a reasonable observer to question neutrality. *Caperton*, 556 U.S. at 884. When a judge rules on motions that protect a party he previously served, the presumption of impartiality collapses.

**D. Jurisdictional Defect Under UCCJEA (Minn. Stat. § 518D.201(a)(1))**

Minnesota lacked home state jurisdiction over the children under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) at the time the petition was filed. The children resided in California with Plaintiff until shortly before proceedings commenced. Jurisdiction cannot be waived by appearance or counterpetition. See *H.M.B. v. E.T.M.*, No. A21-1174, 2022 WL 897216 (Minn. Ct. App. Mar. 28, 2022). Any orders issued without jurisdiction are void ab initio.

**E. Conflict of Interest and Obstruction by Legal Aid**

LADC, a publicly funded entity, accepted Michelle Ybarra as a client despite income in excess of qualifying limits. It continues to represent her while concealing its intake practices behind sealed orders. Discovery obstruction regarding her financial eligibility constitutes both material litigation fraud and an ethical breach under *Dennis v. Sparks*, 449 U.S. 24 (1980).

**II. PLAINTIFF FACES IRREPARABLE HARM**

Without intervention, Plaintiff will suffer ongoing deprivation of his fundamental right to parent his children. *Troxel v. Granville*, 530 U.S. 57, 65 (2000). Courts routinely hold that violations of

3

constitutional rights, especially parental liberty interests, constitute irreparable harm. See *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

Moreover, the state forum has demonstrated entrenchment—denying all meaningful review of Plaintiff's fraud and due process claims. This denial of access to a neutral tribunal justifies injunctive intervention. See *Mitchum v. Foster*, 407 U.S. 225 (1972).

**III. THE BALANCE OF EQUITIES AND PUBLIC INTEREST FAVOR INJUNCTION**

Plaintiff has no adequate remedy at law. He has been forced to invest time, money, and litigation resources to confront a judicial forum that is actively insulating misconduct. The equities weigh in favor of pausing a tainted process to ensure federal review. Moreover, the public interest is served by preserving the legitimacy of the judicial process and curbing sealed litigation fraud. See *Pulliam v. Allen*, 466 U.S. 522 (1984) (judicial immunity does not bar prospective relief in civil rights actions).

Judge Lutz's courtroom remarks—dismissing federal filings as 'hypothetical'.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests this Court grant his motion for preliminary injunction, preserve the status quo, and prevent further irreparable harm.

Plaintiff invokes the full equitable authority of this Court under *Pulliam v. Allen*, 466 U.S. 522 (1984), which authorizes prospective injunctive relief against judicial officers engaged in ongoing

constitutional violations. Plaintiff does not seek damages—but federal intervention to halt unlawful custody restrictions, discovery suppression, and forum bias.

Respectfully submitted,

/s/ Steve Salvador Ybarra

Steve Salvador Ybarra

Pro Se Litigant

California | Minnesota

Email: Steve@TheoryWerkx.com

Phone: (612) 544-4380

**CERTIFICATE OF SERVICE**

I hereby certify that on **May 12, 2025**, I served a true and correct copy of the attached: **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

upon the following parties by email and/or U.S. Mail:

- **Legal Assistance of Dakota County**
  Email: admin@dakotalegal.org
- **Sharon Jones, Esq.**, in her individual and official capacities
  Legal Assistance of Dakota County
  Email: sjones@dakotalegal.org
- **Hon. David Lutz**, in his individual and official capacities
  Dakota County District Court
  1560 Highway 55, Hastings, MN 55033

5

Email: Raymond.mestad@courts.state.mn.us

- **Hon. Tanya O'Brien**, in her individual and official capacities

   Dakota County District Court

   1560 Highway 55, Hastings, MN 55033

   Email:

- **Hon. Dannia L. Edwards**, in her individual and official capacities

   Dakota County District Court

   1560 Highway 55, Hastings, MN 55033

   Email:

- **Lydia Clemens**, Guardian ad Litem, in her individual and official capacities

   First Judicial District GAL Program

   Email: Lydia.clemens@courts.state.mn.us

- **Michelle Cathleen Ybarra**, Respondent

   Email: shellbel1@hotmail.com

This notice was served to all named parties via email where available and U.S. Mail where necessary, consistent with Fed. R. Civ. P. 5(b) and Local Rule 7.1.

Respectfully submitted,

/s/ **Steve Salvador Ybarra**

Pro Se Litigant

Steve@TheoryWerkx.com

(612) 544-4380

Executed May 12, 2025