Steve Salvador Ybarra

Pro Se Litigant

Minnesota | California

TheoryWerkx.com

Tel: 612.544.4380

Steve@TheoryWerkx.com

RECEIVED
MAY 14 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Steve Salvador Ybarra<br>Self-Represented<br>Pro Se Litigant,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Legal Assistance of Dakota County;<br>Sharon Jones Esq., in her Individual and Official capacities;<br>Hon. David Lutz, in his individual and Official capacities;<br>Hon. Tanya Obrien, in her individual and official capacities;<br>Hon. Dannia L Edwards, in her individual and official capacities;<br>Lydia Clemens, in her individual and official capacities;<br>Michelle Cathleen Ybarra,<br><br>　　　　　Defendants. | No. . 0:25-cv-01948-KMM-DJF<br><br>**NOTICE OF EVIDENTIARY SUPPRESSION AND CPS RECOMMENDATION RECISSION**<br><br>**IN SUPPORT OF PRELIMINARY INJUNCTION** |

**TO THE COURT AND ALL PARTIES**:

Plaintiff Steve Salvador Ybarra respectfully submits this Notice pursuant to Fed. R. Civ. P. 65(a) and Local Rule 7.1 to notify the Court of a material evidentiary development that further supports Plaintiff's pending request for injunctive relief. This Notice specifically concerns the recission of

1

SCANNED
MAY 14 2025
U.S. DISTRICT COURT MPLS

a child protection recommendation previously relied upon to justify supervised parenting time and referenced by Defendant Judge David Lutz at the May 12, 2025 hearing.

**I. DOCUMENTED RECISSION OF CPS RECOMMENDATION**

On October 30, 2024, Aaron Strong, Family Investigation Supervisor for Dakota County Social Services, issued a formal statement rescinding a July 2, 2024 parenting time recommendation that had been used to justify denying Plaintiff unsupervised contact with his children. The email confirms:

"Dakota County Social Services determined this recommendation was outside of the scope of the child protection investigation… Dakota County Social Services is rescinding this recommendation. Dakota County Social Services does not have any recommendations regarding custody or parenting time."

A second email on the same day reiterated:

"There was no child protection basis for that recommendation… I apologize on behalf of Dakota County Social Services for the mental pain and anguish this has caused you."

These emails are attached hereto as Exhibits A1 and B1.

**II. MISCHARACTERIZATION BY JUDGE LUTZ**

Despite this written recission, Judge Lutz mischaracterized the CPS withdrawal during the May 12, 2025 hearing by stating:

"…my recall of her testimony is not that CPS recanted its analysis or its findings, but rather that CPS went one step further to actually make a recommendation… which you persuaded CPS and the supervisor admitted is above and beyond the scope…"

2

This statement attempts to preserve the GAL's use of the original CPS report by minimizing the full withdrawal of the recommendation. It also falsely suggests the agency maintained findings when in fact it rescinded both recommendation and relevance to custody determinations.

This is not harmless error. It is an ongoing judicial misrepresentation of a rescinded evidentiary foundation used to justify supervision and validate the GAL's report.

### III. LEGAL IMPACT

The court's refusal to strike, reconsider, or address this evidentiary collapse violates procedural due process and parental liberty interests protected by:

- Mathews v. Eldridge, 424 U.S. 319 (1976);
- Goldberg v. Kelly, 397 U.S. 254 (1970);
- Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944);
- In re Murchison, 349 U.S. 133 (1955).

This suppression of evidentiary truth is further compounded by Defendant Lydia Clemens' continued reliance on the rescinded CPS statements in her GAL report, which was used to impose supervised visitation.

### IV. REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court:

1. Take judicial notice of Exhibits A and B as formal recissions by Dakota County Social Services;
2. Consider the ongoing reliance on rescinded recommendations as a basis for immediate injunctive relief;
3. Strike or disregard any GAL findings premised on now-withdrawn CPS content;
4. Order further review or evidentiary hearing as to the foundation of custody restrictions now known to be unsupported.

Respectfully submitted,

/s/ Steve Salvador Ybarra

Steve Salvador Ybarra

Pro Se Litigant

California | Minnesota

Email: Steve@TheoryWerkx.com

Phone: (612) 544-4380

**CERTIFICATE OF SERVICE**

I hereby certify that on **May 13, 2025**, I served a true and correct copy of the attached: **NOTICE OF INTENT TO PROPOND TARGETED DISCOVERY UPON RESOLUTION OF PRELIMINARY INJUNCTION MOTION**

upon the following parties by email and/or U.S. Mail:

- **Legal Assistance of Dakota County**

    Email: admin@dakotalegal.org

- **Sharon Jones, Esq.**, in her individual and official capacities

    Legal Assistance of Dakota County

    Email: sjones@dakotalegal.org

- **Hon. David Lutz**, in his individual and official capacities

    Dakota County District Court

    1560 Highway 55, Hastings, MN 55033

    Email: Raymond.mestad@courts.state.mn.us

- **Hon. Tanya O'Brien**, in her individual and official capacities

    Dakota County District Court

    1560 Highway 55, Hastings, MN 55033

    Email:

- **Hon. Dannia L. Edwards**, in her individual and official capacities

    Dakota County District Court

4

1560 Highway 55, Hastings, MN 55033

Email:

- **Lydia Clemens**, Guardian ad Litem, in her individual and official capacities

    First Judicial District GAL Program

    Email: Lydia.clemens@courts.state.mn.us

- **Michelle Cathleen Ybarra**, Respondent

    Email: shellbel1@hotmail.com

This notice was served to all named parties via email where available and U.S. Mail where necessary, consistent with Fed. R. Civ. P. 5(b) and Local Rule 7.1.

Respectfully submitted,

/s/ **Steve Salvador Ybarra**

Pro Se Litigant

Steve@TheoryWerkx.com

(612) 544-4380

Executed May 12, 2025