Steve Salvador Ybarra
Pro Se Litigant
Minnesota | California
TheoryWerkx.com
Tel: 612.544.4380
Steve@TheoryWerkx.com

RECEIVED
MAY 14 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Steve Salvador Ybarra<br>Self-Represented<br>Pro Se Litigant,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Legal Assistance of Dakota County;<br>Sharon Jones Esq., in her Individual and Official capacities;<br>Hon. David Lutz, in his individual and Official capacities;<br>Hon. Tanya Obrien, in her individual and official capacities;<br>Hon. Dannia L Edwards, in her individual and official capacities;<br>Lydia Clemens, in her individual and official capacities;<br>Michelle Cathleen Ybarra,<br><br>　　　　Defendants. | No. 0:25-cv-01948-KMM-DJF<br><br>**SUPPLEMENTAL DECLARATION DETAILING ONGOING JUDICIAL MISCONDUCT AND PROCEDURAL SUPPRESSION IN SUPPORT OF PRELIMINARY INJUNCTION**<br>(Fed. R. Civ. P. 65(a)) |

    I, Steve Salvador Ybarra, declare under penalty of perjury under the laws of the United States, pursuant to 28 U.S.C. § 1746, that the following is true and correct to the best of my knowledge:

1

SCANNED
MAY 14 2025
U.S. DISTRICT COURT MPLS

I.  **I. PURPOSE OF AFFIDAVIT**

This affidavit is submitted in support of my Motion for Preliminary Injunction in the above-captioned matter. It documents, with direct reference to the May 12, 2025 transcript, ongoing constitutional violations committed by Hon. David Lutz, including refusal to recuse after acknowledging institutional ties to a named defendant, refusal to hold evidentiary hearings on live allegations of fraud, and repeated use of protective orders and procedural delay to suppress discovery and shield misconduct.

**II. FACTUAL BACKGROUND**

1. On May 12, 2025, during an on-record proceeding in Dakota County Case No. 19AV-FA-24-839, Judge David Lutz explicitly stated: "I handled six cases between 2013 and 2019 as a volunteer attorney for Legal Assistance of Dakota County."

2. Legal Assistance of Dakota County (LADC) is a named defendant in this federal case. Its lead attorney, Sharon Jones, is the individual who ghostwrote affidavits, obstructed discovery, and submitted knowingly false indigency certifications that have been used to secure publicly funded legal services.

3. I immediately moved for Judge Lutz's recusal under Canon 2.11(A)(6)(a) of the Minnesota Code of Judicial Conduct, which requires disqualification where prior legal service for a party or materially connected entity creates an appearance of partiality.

4. Judge Lutz denied this motion on the record. He admitted to the prior affiliation, but dismissed the recusal standard by asserting he had no financial relationship or specific memory of collaborating with Ms. Jones.

5. As I preserved on the record, the standard for recusal is not actual bias but the appearance of impropriety. See *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009);

2

*Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988).

**III. DENIAL OF EVIDENTIARY HEARING ON FRAUD**

6. I filed four motions under Minn. R. Civ. P. 60.02(d), supported by: o Pay stubs showing income exceeding legal aid eligibility;

o Conflicting sealed IFP affidavits;

o Verified exhibits of ghostwritten pleadings by Ms. Jones.

7. Judge Lutz refused to hold any evidentiary hearing. When pressed on this issue, he stated: "We will be proceeding with trial. I do not see a prima facie case of fraud on the court."

8. This directly contradicts *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), which holds that courts must proactively intercept fraud upon the tribunal—not allow it to shape the trial record.

**IV. JUDICIAL ENTRENCHMENT & DUE PROCESS VIOLATIONS**

9. I articulated on record that the court had: o Sealed affidavits central to the fraud claim;

o Refused to compel discovery of LADC intake records;

o Allowed the continued participation of a discredited GAL (Lydia Clemens), despite her reliance on revoked CPS findings.

10. When asked about intake fraud, perjury, fraud upon the court and ghostwritten affidavits, Judge Lutz deflected: "Why is it my place to determine whether Legal Aid was correct in accepting her as a client?"

11. The refusal to investigate this is not procedural—it is judicial abdication. The court is not a passive observer when allegations concern the legitimacy of the evidence before it.

3

12. Judge Lutz confirmed he will not hold a hearing and will instead allow fraud claims to be dealt with "at trial," despite fraud being a threshold issue that contaminates all subsequent rulings.

13. This undermines due process under *Mathews v. Eldridge*, 424 U.S. 319 (1976), and *Goldberg v. Kelly*, 397 U.S. 254 (1970), which require meaningful opportunity to be heard prior to deprivation.

14. As a Mexican-American U.S. citizen proceeding pro se, I have been subjected to judicial disregard that would not be imposed on represented or non-minority parties asserting verified federal rights. The disparity in treatment is not only procedural—it reflects deeper structural inequality under color of law

**V. CONCLUSION**

14. A judge who is a fact witness, named party, and former legal affiliate of a party under scrutiny cannot lawfully preside.

15. This affidavit confirms that Judge Lutz has continued to:

• Adjudicate discovery and custody issues while under federal complaint;

• Refuse recusal despite a Canon 2.11 conflict;

• Delay rulings and suppress discovery;

• Ignore verified allegations of perjury, ghostwriting, and intake fraud.

16. I respectfully submit this affidavit as further evidence that the Minnesota state forum has become structurally incapable of neutral adjudication and requires federal injunctive oversight. This is not judicial backlog. This is a systemic pattern—affirmative suppression, not passive delay.

Respectfully submitted,

**/s/ Steve Salvador Ybarra**

Steve Salvador Ybarra

Pro Se Litigant

California | Minnesota

Email: Steve@TheoryWerkx.com

Phone: (612) 544-4380

**CERTIFICATE OF SERVICE**

I hereby certify that on **May 12, 2025**, I served a true and correct copy of the attached:

**SUPPLEMENTAL DECLARATION DETAILING ONGOING JUDICIAL MISCONDUCT AND PROCEDURAL SUPPRESSION IN SUPPORT OF PRELIMINARY INJUNCTION**

(Fed. R. Civ. P. 65(a))

upon the following parties by email and/or U.S. Mail:

- **Legal Assistance of Dakota County**
  Email: admin@dakotalegal.org
- **Sharon Jones, Esq.**, in her individual and official capacities
  Legal Assistance of Dakota County
  Email: sjones@dakotalegal.org
- **Hon. David Lutz**, in his individual and official capacities
  Dakota County District Court
  1560 Highway 55, Hastings, MN 55033
  Email: Raymond.mestad@courts.state.mn.us
- **Hon. Tanya O'Brien**, in her individual and official capacities
  Dakota County District Court
  1560 Highway 55, Hastings, MN 55033
  Email:
- **Hon. Dannia L. Edwards**, in her individual and official capacities
  Dakota County District Court
  1560 Highway 55, Hastings, MN 55033

5

Email:

- **Lydia Clemens**, Guardian ad Litem, in her individual and official capacities

    First Judicial District GAL Program

    Email: Lydia.clemens@courts.state.mn.us

- **Michelle Cathleen Ybarra**, Respondent

    Email: shellbel1@hotmail.com

This notice was served to all named parties via email where available and U.S. Mail where necessary, consistent with Fed. R. Civ. P. 5(b) and Local Rule 7.1.

Respectfully submitted,

/s/ **Steve Salvador Ybarra**

Pro Se Litigant

Steve@TheoryWerkx.com

(612) 544-4380

Executed May 12, 2025