Steve Salvador Ybarra

Pro Se Litigant

Minnesota | California

TheoryWerkx.com

Tel: 612.544.4380

Steve@TheoryWerkx.com

RECEIVED
MAY 14 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Steve Salvador Ybarra<br>Self-Represented<br>Pro Se Litigant,<br><br>    Plaintiff,<br><br>    v.<br><br>Legal Assistance of Dakota County;<br>Sharon Jones Esq., in her Individual and Official capacities;<br>Hon. David Lutz, in his individual and Official capacities;<br>Hon. Tanya Obrien, in her individual and official capacities;<br>Hon. Dannia L Edwards, in her individual and official capacities;<br>Lydia Clemens, in her individual and official capacities;<br>Michelle Cathleen Ybarra,<br><br>    Defendants. | No. 0:25-cv-01948-KMM-DJF<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

TO THE HONORABLE COURT:

Plaintiff, Steve Salvador Ybarra, respectfully submits this Supplemental Memorandum in support of his previously filed Motion for Temporary Restraining Order and Preliminary Injunction to include post-filing developments and clarify the federal urgency underlying this

1

SCANNED
MAY 14 2025
U.S. DISTRICT COURT MPLS

action.

**LEGAL STANDARD**

To obtain a preliminary injunction under Fed. R. Civ. P. 65(a), the movant must demonstrate:

(1) a likelihood of success on the merits;

(2) a likelihood of suffering irreparable harm in the absence of preliminary relief;

(3) that the balance of equities tips in the movant's favor; and

(4) that an injunction is in the public interest.

*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc).

In this case:

- Plaintiff has demonstrated **a likelihood of success** by documenting sealed affidavit fraud, judicial conflicts of interest, and ongoing retaliation under color of law.
- Plaintiff is suffering **ongoing irreparable harm**, including denial of parenting access, contempt threats, and continued litigation in a structurally biased forum.
- The **balance of hardships** favors Plaintiff, as Defendants would suffer no harm from paused proceedings while constitutional review occurs, whereas Plaintiff continues to endure due process violations.
- The **public interest** favors judicial transparency, constitutional compliance, and protection against misuse of sealed court procedures and publicly funded legal services.

**I. ADDITIONAL EVIDENCE OF ONGOING RETALIATION AND STRUCTURAL SUPPRESSION**

On May 7, 2025, Plaintiff filed a verified Rule 11 motion for sanctions in state court against Defendant Sharon Jones and Legal Assistance of Dakota County (LADC), identifying materially false affidavits filed under seal and alleging perjury, ghostwriting, and abuse of sealed court procedures. Despite proper service and supporting evidence including pay stubs and federal filings, Judge David Lutz declined to hear or rule on the motion during a May 12 hearing—

2

thereby ratifying and concealing the fraud. This procedural silence is no longer mere neglect; it is active suppression by a judicial actor named in the federal complaint.

On May 13, Judge Lutz issued an order threatening contempt for Plaintiff's alleged attempt to create a transcript for his "federal trial." This order, issued sua sponte, inaccurately characterizes Plaintiff's federal case and reveals not only retaliatory awareness of federal litigation, but a concerted effort to chill Plaintiff's right to petition and preserve evidence.

This conduct reinforces the very allegations at issue in this case: that the Minnesota state forum is structurally incapable of neutral adjudication and is operating as a self-protective enterprise shielding misconduct under color of law.

## II. ATTORNEY GENERAL INVOLVEMENT CONFIRMS SYSTEMIC ENTRENCHMENT

On May 13, 2025, the Office of the Minnesota Attorney General entered an appearance in this case on behalf of Defendants Lutz, O'Brien, Edwards, and Clemens. The Assistant Attorney General assigned—Jeff Timmerman—previously worked for Dakota County for over eight years, including in the very courthouse (Hastings, MN) where the misconduct at issue occurred. His appointment raises serious conflict-of-interest concerns and further underscores Plaintiff's central claim: that this is not isolated misconduct, but a coordinated defense of institutional wrongdoing under federal jurisdiction. The same office that publicly claims to investigate public corruption and abuse of power is now litigating in defense of the state agents credibly accused of committing those acts.

## III. RACIAL AND NATIONAL ORIGIN DISCRIMINATION CANNOT BE IGNORED

Plaintiff is a Mexican American U.S. citizen who has been persistently denied equal protection and fair process within the Dakota County court system. Despite bringing forward documented evidence of fraud upon the court, abuse of process, and perjury committed by Petitioner's counsel Sharon Jones, Plaintiff has been portrayed as dishonest, subjected to

3

retaliatory contempt threats, and deprived of meaningful judicial review.

Defendant Judge David Lutz has consistently ruled in favor of Sharon Jones and LADC, issued protective orders to shield their intake records, and reappointed a discredited GAL while ignoring Plaintiff's verified Rule 60.02(d) fraud motions since February 2025. The systemic disregard for Plaintiff's rights as a minority litigant cannot be divorced from the procedural targeting and silencing he continues to endure.

## IV. REQUEST FOR RELIEF

For all of the reasons outlined above and in the initial Motion, Plaintiff respectfully renews his request for an immediate preliminary injunction enjoining any further proceedings in state court until this matter is resolved. Absent federal intervention, Plaintiff will suffer ongoing irreparable harm, deprivation of constitutional rights, and continued exposure to a retaliatory forum incapable of neutral adjudication.

Executed this 11th day of May, 2025.

Respectfully submitted,

Dated: May 11, 2025

Hennepin County, Minnesota

**/s/ Steve Salvador Ybarra**

Steve Salvador Ybarra

Pro Se Litigant

California | Minnesota

Email: Steve@TheoryWerkx.com

Phone: (612) 544-4380

**CERTIFICATE OF SERVICE**

I hereby certify that on **May 12, 2025**, I served a true and correct copy of the attached:

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION**

4

**FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

upon the following parties by email and/or U.S. Mail:

- **Legal Assistance of Dakota County**

  Email: admin@dakotalegal.org

- **Sharon Jones, Esq.**, in her individual and official capacities

  Legal Assistance of Dakota County

  Email: sjones@dakotalegal.org

- **Hon. David Lutz**, in his individual and official capacities

  Dakota County District Court

  1560 Highway 55, Hastings, MN 55033

  Email: Raymond.mestad@courts.state.mn.us

- **Hon. Tanya O'Brien**, in her individual and official capacities

  Dakota County District Court

  1560 Highway 55, Hastings, MN 55033

  Email:

- **Hon. Dannia L. Edwards**, in her individual and official capacities

  Dakota County District Court

  1560 Highway 55, Hastings, MN 55033

  Email:

- **Lydia Clemens**, Guardian ad Litem, in her individual and official capacities

  First Judicial District GAL Program

  Email: Lydia.clemens@courts.state.mn.us

- **Michelle Cathleen Ybarra**, Respondent

  Email: shellbel1@hotmail.com

This notice was served to all named parties via email where available and U.S. Mail where necessary, consistent with Fed. R. Civ. P. 5(b) and Local Rule 7.1.

Respectfully submitted,

5

1 | /s/ **Steve Salvador Ybarra**
2 | Pro Se Litigant
3 | Steve@TheoryWerkx.com
4 | (612) 544-4380
5 | Executed May 12, 2025