Steve Salvador Ybarra

Pro Se Litigant

Minnesota | California

TheoryWerkx.com

Tel: 612.544.4380

Steve@TheoryWerkx.com

RECEIVED

MAY 1 4 2025

CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Steve Salvador Ybarra<br>Self-Represented<br>Pro Se Litigant,<br><br>        Plaintiff,<br><br>    v.<br><br>Legal Assistance of Dakota County;<br>Sharon Jones Esq., in her Individual and<br>Official capacities;<br>Hon. David Lutz, in his individual and<br>Official capacities;<br>Hon. Tanya Obrien, in her individual and<br>official capacities;<br>Hon. Dannia L Edwards, in her individual<br>and official capacities;<br>Lydia Clemens, in her individual and<br>official capacities;<br>Michelle Cathleen Ybarra,<br><br>        Defendants. | No. . 0:25-cv-01948-KMM-DJF<br><br>**2ND SUPPLEMENTAL DECLARATION OF STEVE SALVADOR YBARRA IN SUPPORT OF MOTION FOR EXPANDED TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

I, Steve Salvador Ybarra, declare under penalty of perjury under 28 U.S.C. § 1746:

1. The following statements are based on my direct, personal knowledge of the May 12, 2025 hearing conducted before the Honorable David Lutz in Dakota County Family Court Case No. 19AV-FA-24-839.

1

SCANNED

MAY 1 4 2025

U.S. DISTRICT COURT MPLS

2. Judge Lutz opened the hearing by stating, "No hearing is to be recorded in any form except by the State of Minnesota court reporter. So no one will be recording this. And if we learn that anyone has, that will be a violation of court order and could subject someone to contempt."

3. This statement was made despite my federal lawsuit naming Judge Lutz and others for systemic due process violations, including sealed evidence abuse, discovery obstruction, and bias linked to Legal Assistance of Dakota County (LADC).

4. On the record, I raised multiple federal issues, including:

   o Misuse of sealed IFP affidavits to shield perjury;

   o Obstruction of discovery regarding financial eligibility for public aid;

   o Ghostwritten affidavits submitted by Sharon Jones, counsel for Legal Aid;

   o Denial of Rule 60.02(d) motions for fraud on the court;

   o Improper continuation of GAL Lydia Clemens, a named federal defendant.

5. Judge Lutz confirmed under oath:

   o He performed volunteer work for Legal Assistance of Dakota County from 2013–2019.

   o He had not ruled on over 20 pending motions, including multiple 60.02(d) filings.

   o He does not intend to hold an evidentiary hearing on any fraud issues, stating "I do not see a prima facie case of fraud on the court."

   o He intends to rule on all motions in a consolidated order "after" the full three-day hearing process concludes.

   o This consolidation tactic, coupled with refusal to address multiple time-sensitive motions under Rule 60.02(d), has effectively denied Plaintiff access to meaningful judicial review. Such delay is constitutionally cognizable as irreparable harm, particularly where structural fraud and forum bias are plausibly alleged. See *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (loss of constitutional rights "for even minimal periods of time" constitutes irreparable harm).

6. Judge Lutz denied my motion for recusal under Canon 2.11(A)(6)(A) of the Minnesota

Code of Judicial Conduct despite confirming that:

- o   He had prior professional affiliation with LADC;
- o   LADC is a defendant in this federal matter;
- o   Rulings have been issued protecting LADC discovery and sealing documents linked to federal fraud allegations.

7.  Judge Lutz further denied my UCCJEA-based motion to dismiss for lack of subject-matter jurisdiction, stating that I had "waived" jurisdiction by filing a counter-petition.

- o   This is a legal error: subject-matter jurisdiction is not waivable under Minnesota Stat. § 518D.201(a)(1).
- o   Denial of subject-matter jurisdiction arguments under the erroneous theory of waiver further underscores the extent of judicial departure from settled law. Subject-matter jurisdiction under UCCJEA is a statutory prerequisite and not subject to judicial discretion or estoppel. See *In re Custody of A.K.A.*, 906 N.W.2d 143, 148–49 (Minn. Ct. App. 2018). This Court must consider that jurisdictional defects void ab initio any resulting orders, and no litigant can confer jurisdiction where it does not exist.

8.  Judge Lutz also acknowledged that he would proceed to trial despite:

- o   Live allegations of fraud on the court;
- o   No evidentiary hearing held under Rule 60.02(d);
- o   Sealed documents directly implicated in the fraud claim.

9.  His refusal to adjudicate material fraud before trial constitutes entrenchment and a denial of due process under Mathews v. Eldridge, 424 U.S. 319 (1976) and Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009).

10. These events are not neutral judicial management but post-filing retaliation and insulation by a party-defendant. I respectfully request this Court expand the TRO/PI to enjoin any further state action until a full federal review can be conducted.

11. These compounded violations—encompassing First and Fourteenth Amendment infringements, improper sealing of material evidence, and clear judicial bias—require

3

1    immediate federal intervention under *Pulliam v. Allen*, 466 U.S. 522 (1984) and *Mitchum*

2    *v. Foster*, 407 U.S. 225 (1972), which confirm the power of federal courts to enjoin state

3    court officials acting outside lawful authority.

4    12. These constitutional violations are active, structural, and ongoing—and require equitable

5    intervention now, not post hoc appellate review.

6    13. Plaintiff is not seeking to overturn a final state court judgment, but to enjoin ongoing

7    violations of federally protected rights by a conflicted and biased tribunal operating under

8    color of state law. As such, the Rooker-Feldman doctrine is inapplicable. See *Exxon Mobil*

9    *Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

10    14. Moreover, abstention under *Younger v. Harris*, 401 U.S. 37 (1971), is inapplicable here.

11    The ongoing state proceeding is not capable of affording full and fair adjudication of

12    Plaintiff's constitutional claims, as evidenced by months of procedural avoidance,

13    suppression of Rule 60.02 motions, refusal to adjudicate fraud, and active judicial

14    entrenchment. As such, the Rooker-Feldman doctrine is inapplicable. See *Exxon Mobil*

15    *Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

16    15. This state forum has proven incapable of providing meaningful adjudication of federal

17    claims, thereby removing the comity rationale underlying *Younger* abstention. See

18    *Trainor v. Hernandez*, 431 U.S. 434, 443 (1977).

19    16. UPDATE: On May 13, 2025, Judge Lutz issued an order threatening contempt for use of

20    any transcript not created by the court reporter, expressly referencing Plaintiff's "federal

21    trial." This statement not only confirms judicial awareness of these proceedings, but also

22    illustrates retaliatory intent to suppress record creation and obstruct access to federal

23    adjudication. At this stage, Plaintiff has filed only a verified complaint—not a trial brief—

24    yet the Court's attempt to preemptively intimidate Plaintiff reveals a posture inconsistent

25    with neutrality and due process.

26

27    **Summary of Relief Requested**

28    Plaintiff respectfully requests that this Court expand the existing Temporary Restraining Order

1   and grant a Preliminary Injunction enjoining any further state proceedings in Dakota County

2   Family Court Case No. 19AV-FA-24-839 until final resolution of this federal action. The relief is

3   necessary to prevent irreparable harm stemming from ongoing judicial entrenchment, denial of

4   due process, improper retention of a biased tribunal, and procedural insulation of sealed fraud.

5   Plaintiff further requests expedited review of this supplemental declaration as predicate evidence

6   of continuing retaliation and unconstitutional forum control under color of law.

7        Executed this 13th day of May, 2025.

8

9   **/s/ Steve Salvador Ybarra**

10  Steve Salvador Ybarra

11  Pro Se Litigant

12  Email: Steve@TheoryWerkx.com

13  Tel: (612) 544-4380

14

15  **CERTIFICATE OF SERVICE**

16       I hereby certify that on **May 12, 2025**, I served a true and correct copy of the attached:

17

18  **SUPPLEMENTAL DECLARATION OF STEVE SALVADOR YBARRA IN**
    **SUPPORT OF MOTION FOR EXPANDED TEMPORARY RESTRAINING ORDER**
19  **AND PRELIMINARY INJUNCTION**

20

21

22       upon the following parties by email and/or U.S. Mail:

23  • **Legal Assistance of Dakota County**

24       Email: admin@dakotalegal.org

25  • **Sharon Jones, Esq.**, in her individual and official capacities

26       Legal Assistance of Dakota County

27       Email: sjones@dakotalegal.org

28  • **Hon. David Lutz**, in his individual and official capacities

5

1    Dakota County District Court

2    1560 Highway 55, Hastings, MN 55033

3    Email: Raymond.mestad@courts.state.mn.us

4    • **Hon. Tanya O'Brien**, in her individual and official capacities

5    Dakota County District Court

6    1560 Highway 55, Hastings, MN 55033

7    Email:

8    • **Hon. Dannia L. Edwards**, in her individual and official capacities

9    Dakota County District Court

10    1560 Highway 55, Hastings, MN 55033

11    Email:

12    • **Lydia Clemens**, Guardian ad Litem, in her individual and official capacities

13    First Judicial District GAL Program

14    Email: Lydia.clemens@courts.state.mn.us

15    • **Michelle Cathleen Ybarra**, Respondent

16    Email: shellbel1@hotmail.com

17    This notice was served to all named parties via email where available and U.S. Mail where

18    necessary, consistent with Fed. R. Civ. P. 5(b) and Local Rule 7.1.

19    Respectfully submitted,

20    /s/ **Steve Salvador Ybarra**

21    Pro Se Litigant

22    Steve@TheoryWerkx.com

23    (612) 544-4380

24    Executed May 12, 2025

25

26

27

28