Steve Salvador Ybarra
Pro Se Litigant
Minnesota | California
TheoryWerkx.com
Tel: 612.544.4380
Steve@TheoryWerkx.com

RECEIVED
MAY 14 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

Steve Salvador Ybarra
Self-Represented
Pro Se Litigant,

   Plaintiff,

  v.

Legal Assistance of Dakota County;
Sharon Jones Esq., in her Individual and Official capacities;
Hon. David Lutz, in his individual and Official capacities;
Hon. Tanya Obrien, in her individual and official capacities;
Hon. Dannia L Edwards, in her individual and official capacities;
Lydia Clemens, in her individual and official capacities;
Michelle Cathleen Ybarra,

   Defendants.

No. . 0:25-cv-01948-KMM-DJF

**PLAINTIFF'S MOTION TO STRIKE OR DISREGARD GUARDIAN AD LITEM REPORT DUE TO FRAUDULENT FOUNDATION AND EVIDENTIARY MISCONDUCT**

TO THE HONORABLE MAGISTRATE JUDGE DULCE FOSTER:

Plaintiff Steve Salvador Ybarra, proceeding pro se, respectfully moves this Court to strike or disregard the Guardian ad Litem report authored by Defendant Lydia Clemens on or about October 11, 2024, and subsequently relied upon by state court Judge David Lutz to impose

1

SCANNED
MAY 14 2025
U.S. DISTRICT COURT MPLS

supervised parenting time. The report is fatally compromised, both factually and procedurally, and its continued use violates the Constitution and controlling Supreme Court precedent.

### I. BASIS FOR MOTION

This motion is supported by incontrovertible documentary evidence, attached hereto, establishing:

1. The Guardian ad Litem report is founded on a **CPS parenting recommendation that has been formally rescinded** by Dakota County Social Services as of October 30, 2024 (Exhibits A and B).
2. The GAL report was authored by Defendant Lydia Clemens **in coordination with opposing counsel Sharon Jones**, as evidenced by digital signature artifacts and shared communications (Exhibit C).
3. The GAL failed to respond to over **50 documented abuse reports and exhibits submitted by Plaintiff**, while instead relying on hearsay, unsupported characterizations, and undisclosed external sources.
4. The supervising judge, Defendant David Lutz, **mischaracterized the CPS withdrawal on the record** during a May 12, 2025 hearing in a manner that preserved the fraudulent basis of the custody order rather than correcting it (Exhibit D).

### II. LEGAL FRAMEWORK

Federal courts are empowered to strike or disregard evidentiary material that is:

- Irreparably compromised by fraud (*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944));
- Built on revoked, misleading, or procedurally disqualified content (*Goldberg v. Kelly*, 397 U.S. 254 (1970));
- Authored in a manner that destroys neutrality (*Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009));
- Relied upon by judges or officials with known conflicts or failures to disclose (*Liljeberg v.

2

*Health Services Acquisition Corp.*, 486 U.S. 847 (1988)).

Further, under *Dennis v. Sparks*, 449 U.S. 24 (1980), a private party acting in collusion with a state official under color of law is equally liable for constitutional violations. Defendant Clemens is not shielded by immunity while functioning as a quasi-investigative agent aiding systemic rights suppression.

### III. PROCEDURAL DUE PROCESS VIOLATIONS

The GAL report has already produced:

- Enforced supervision of a fit parent based on rescinded CPS claims;
- Judicial reliance on biased material drafted under private coordination;
- Disregard of Plaintiff's submitted evidence, reports, and abuse disclosures.

This constitutes a textbook violation of *Mathews v. Eldridge*, 424 U.S. 319 (1976), which mandates procedural protections before deprivation of liberty interests—including the right to parent.

### IV. REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court:

1. **Strike or formally disregard** the GAL report submitted by Lydia Clemens from any consideration in the adjudication of Plaintiff's claims;
2. Issue an order prohibiting further reliance on said report by any party in these proceedings;
3. Direct Defendant Clemens to **preserve and produce all communications** relating to the creation, editing, or approval of the report, particularly those involving Defendant Sharon Jones;
4. Grant such other relief as this Court deems just and proper.

Respectfully submitted,

/s/ Steve Salvador Ybarra

Steve Salvador Ybarra

Pro Se Litigant

California | Minnesota

Email: Steve@TheoryWerkx.com

Phone: (612) 544-4380

**CERTIFICATE OF SERVICE**

I hereby certify that on **May 13, 2025**, I served a true and correct copy of the attached: **PLAINTIFF'S MOTION TO STRIKE OR DISREGARD GUARDIAN AD LITEM REPORT DUE TO FRAUDULENT FOUNDATION AND EVIDENTIARY MISCONDUCT**

upon the following parties by email and/or U.S. Mail:

- **Legal Assistance of Dakota County**

    Email: admin@dakotalegal.org

- **Sharon Jones, Esq.**, in her individual and official capacities

    Legal Assistance of Dakota County

    Email: sjones@dakotalegal.org

- **Hon. David Lutz**, in his individual and official capacities

    Dakota County District Court

    1560 Highway 55, Hastings, MN 55033

    Email: Raymond.mestad@courts.state.mn.us

- **Hon. Tanya O'Brien**, in her individual and official capacities

    Dakota County District Court

    1560 Highway 55, Hastings, MN 55033

    Email:

- **Hon. Dannia L. Edwards**, in her individual and official capacities

    Dakota County District Court

4

1560 Highway 55, Hastings, MN 55033

Email:

- **Lydia Clemens**, Guardian ad Litem, in her individual and official capacities

    First Judicial District GAL Program

    Email: Lydia.clemens@courts.state.mn.us

- **Michelle Cathleen Ybarra**, Respondent

    Email: shellbel1@hotmail.com

This notice was served to all named parties via email where available and U.S. Mail where necessary, consistent with Fed. R. Civ. P. 5(b) and Local Rule 7.1.

Respectfully submitted,

/s/ **Steve Salvador Ybarra**

Pro Se Litigant

Steve@TheoryWerkx.com

(612) 544-4380

Executed May 12, 2025