Steve Salvador Ybarra

Pro Se Litigant

Minnesota | California

TheoryWerkx.com

Tel: 612.544.4380

Steve@TheoryWerkx.com

RECEIVED
MAY 14 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

Steve Salvador Ybarra
Self-Represented
Pro Se Litigant,

    Plaintiff,

v.

Legal Assistance of Dakota County;
Sharon Jones Esq., in her Individual and Official capacities;
Hon. David Lutz, in his individual and Official capacities;
Hon. Tanya Obrien, in her individual and official capacities;
Hon. Dannia L Edwards, in her individual and official capacities;
Lydia Clemens, in her individual and official capacities;
Michelle Cathleen Ybarra,

    Defendants.

No. 0:25-cv-01948-KMM-DJF

**DECLARATION OF STEVE SALVADOR YBARRA REGARDING PROCEDURAL VIOLATIONS BY JUDGE DAVID LUTZ DURING YBARRA V. YBARRA HEARING**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

**DECLARATION OF STEVE SALVADOR YBARRA REGARDING**

1

SCANNED
MAY 14 2025
U.S. DISTRICT COURT MPLS

**PROCEDURAL VIOLATIONS BY JUDGE DAVID LUTZ DURING YBARRA V. YBARRA HEARING**

I, Steve Salvador Ybarra, declare under penalty of perjury pursuant to 28 U.S.C. §1746:

**I. INTRODUCTION**

I submit this declaration in support of my motion for preliminary injunctive relief against the Dakota County District Court and specific actors therein, including Judge David Lutz, in relation to State Family Court Case No. 19AV-FA-24-839. This sworn declaration documents the structural due process violations, procedural entrenchment, and conflict of interest that occurred during the May 12, 2025 hearing and in the course of ongoing litigation.

**II. JUDICIAL CONFLICT OF INTEREST (CANON 2.11 VIOLATION)**

1. On the record, Judge Lutz admitted he provided pro bono legal services to Legal Assistance of Dakota County (LADC) from 2013 to 2019.
2. Sharon Jones, opposing counsel and the primary individual implicated in multiple fraud claims, was employed by LADC during that same timeframe.
3. LADC and Ms. Jones are named defendants in my federal civil rights and RICO complaint.
4. Despite this, Judge Lutz denied my motion for recusal under Canon 2.11(A)(6)(a), asserting that no financial interest or personal memory of Jones existed.
5. This violates clearly established law:
   - *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009): Due process requires recusal when institutional affiliation creates a risk of actual bias.
   - *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988): Even indirect affiliations require recusal to preserve confidence in judicial integrity.
6. The Judge has continued to preside over the case despite being named as a defendant in a pending federal RICO and civil rights action.

2

### III. REFUSAL TO HOLD AN EVIDENTIARY HEARING ON FRAUD

6. I filed four separate motions under Minn. R. Civ. P. 60.02(d) alleging fraud upon the court.
7. These motions were supported by verified exhibits, including:
    - Pay stubs showing income above legal aid eligibility limits.
    - Sealed IFP affidavits containing conflicting financial claims.
    - Ghostwritten affidavits drafted by Ms. Jones, confirmed on record.
8. Judge Lutz refused to hold an evidentiary hearing and instead stated:

    "We will be proceeding with trial. I do not see a prima facie case of fraud on the court."
9. This refusal violates:
    - *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)
    - *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)
    - *Mathews v. Eldridge*, 424 U.S. 319 (1976)
    - Minn. R. Civ. P. 60.02(d).

### IV. MISAPPLICATION OF SUBJECT-MATTER JURISDICTION

10. The court denied my motion to dismiss for lack of jurisdiction under the UCCJEA and the PKPA, stating:

    "You waived subject-matter jurisdiction by filing a counter-petition."
11. This directly conflicts with binding precedent:
    - *H.M.B. v. E.T.M.*, No. A21-1174, 2022 WL 897216 (Minn. Ct. App.)
    - *Insurance Corp. of Ireland v. Compagnie des Bauxites*, 456 U.S. 694 (1982): Subject-matter jurisdiction cannot be waived.
12. At the time of filing and service, the children had not resided in Minnesota for six consecutive months, and California was the only valid home state.
13. Subject-matter jurisdiction under UCCJEA is not waivable (*Ins. Corp. of Ireland v. Compagnie des Bauxites*, 456 U.S. 694 (1982)).

3

14. Judge Lutz denied the motion, stating it was waived due to Plaintiff's counter-petition.

### V. SEALING AND SUPPRESSION OF CORE EVIDENCE

13. An second IFP affidavit was sealed after I raised specific fraud claims against the petitioner and LADC.
14. Judge Lutz justified this on the basis of court procedure, without any findings.
15. At the same time, he refused to compel discovery of intake and eligibility documentation.
16. Despite prior admissions of sufficient income by the petitioner, Judge Lutz refused to compel production of supporting intake records.

17. These acts violate:
    - *Hazel-Atlas*, supra
    - *Dennis v. Sparks*, 449 U.S. 24 (1980): Judicial participation in cover-ups creates §1983 liability.
    - *Minn. Stat. § 563.01*.

### VI. THREAT OF CONTEMPT TO SUPPRESS RECORDING

17. Judge David Lutz opened the May 12, 2025 hearing by declaring that any person recording the proceeding—outside the court reporter—would be in violation of a court order and could be held in contempt.
18. Minnesota is a one-party consent state (Minn. Stat. § 626A.02). I lawfully preserved the record by **taking extensive, contemporaneous notes by hand and typing in a .docx document during the hearing**.
19. This courtroom warning had a **chilling effect on protected activity**, and appeared intended not to preserve order, but to suppress independent documentation of judicial misconduct, bias, and procedural irregularities. There was no disruption—only **protected transcript preservation activity** by a pro se litigant attempting to document bias and

denial of due process.

20. udge Lutz's remarks—**dismissing federal filings as "hypothetical" and threatening contempt for lawful note-taking**—constitute **retaliation for my protected First Amendment right to petition and access the courts**. These actions **chill ongoing and future exercise of those rights** and violate the well-established precedent articulated in *Christopher v. Harbury*, 536 U.S. 403 (2002) (right of access to courts), and *McDonald v. Stewart*, 132 F.3d 225 (5th Cir. 1998) (retaliation for court access claims violates the First Amendment).

### VII. PATTERN OF SUPPRESSION

20. Since February 2025, Judge Lutz has:
    - Held over 17+ motions refused to rule, request an evidentiary hearing, many for months.
    - Ignored formal notices
    - Refused to adjudicate Rule 60.02(d) fraud motions.
    - Accelerated trial proceedings despite open jurisdictional and constitutional defects.
    - Allowed Perjury in financial affidavits by Petitioner and its Counsel Sharon Jones
    - Reappointed of a discredited GAL to preserve a false narrative
    - Ongoing enforcement of custody orders void ab initio
    - Suppression of child abuse evidence
    - Weaponized GAL report based on rescinded CPS claims to further assist Defendant Sharon Jones of LADC
    - Judicial misconduct and refusal to recuse despite Canon 2.11 violations

21. This pattern is not neutral docket management. It is procedural suppression and structural entrenchment.

These are not isolated delays or clerical oversights. From February 2025 forward, Judge Lutz has engaged in a pattern of procedural suppression designed to avoid ruling on live allegations of fraud, jurisdictional defects, and judicial misconduct. The following actions—taken

5

cumulatively—reflect not docket congestion, but a deliberate effort to insulate institutional actors:

- Accelerated trial proceedings despite unresolved jurisdictional and constitutional defects.

This was not docket management—it was structural entrenchment operating in concert with sealed rulings, non-rulings, and protected misconduct.

As a Mexican-American U.S. citizen litigating pro se, I have been treated with sustained judicial skepticism, subjected to contempt threats, and consistently denied procedural fairness—treatment that would be unfathomable had I appeared through retained counsel. The disparity is not incidental. It is systemic.

As of May 13, 2025, the Minnesota Attorney General's Office—tasked with investigating public corruption—has appeared to defend the very actors credibly accused of that misconduct, including Judge Lutz, GAL Lydia Clemens, and Legal Aid of Dakota County. This appearance, by an attorney with former employment ties to Dakota County, further evidences the state's unwillingness to permit independent adjudication.

## VIII. CONCLUSION

I respectfully submit this declaration in support of my motion for a preliminary injunction enjoining further proceedings in Dakota County Case No. 19AV-FA-24-839. The judicial record now reflects:

- Unresolved fraud upon the court;
- Structural bias and conflict under Canon 2.11;
- Misapplication of jurisdictional statutes;
- Suppression of evidence; and
- Intentional insulation of institutional misconduct.

Each act individually warrants federal intervention. Collectively, they prove that the state forum has collapsed into a self-protective entity incapable of neutral adjudication.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 12th day of May, 2025 in the State of Minnesota.

/s/ Steve Salvador Ybarra

Steve Salvador Ybarra

Pro Se Litigant

**/s/ Steve Salvador Ybarra**

Steve Salvador Ybarra

Pro Se Litigant

California | Minnesota

Email: Steve@TheoryWerkx.com

Phone: (612) 544-4380

**CERTIFICATE OF SERVICE**

I hereby certify that on **May 13, 2025**, I served a true and correct copy of the attached:

**DECLARATION OF STEVE SALVADOR YBARRA REGARDING PROCEDURAL VIOLATIONS BY JUDGE DAVID LUTZ DURING YBARRA V. YBARRA HEARING**

upon the following parties by email and/or U.S. Mail:

- **Legal Assistance of Dakota County**
  Email: admin@dakotalegal.org
- **Sharon Jones, Esq.**, in her individual and official capacities
  Legal Assistance of Dakota County
  Email: sjones@dakotalegal.org
- **Hon. David Lutz**, in his individual and official capacities
  Dakota County District Court
  1560 Highway 55, Hastings, MN 55033
  Email: Raymond.mestad@courts.state.mn.us
- **Hon. Tanya O'Brien**, in her individual and official capacities
  Dakota County District Court
  1560 Highway 55, Hastings, MN 55033

Email:

- **Hon. Dannia L. Edwards**, in her individual and official capacities

  Dakota County District Court

  1560 Highway 55, Hastings, MN 55033

  Email:

- **Lydia Clemens**, Guardian ad Litem, in her individual and official capacities

  First Judicial District GAL Program

  Email: Lydia.clemens@courts.state.mn.us

- **Michelle Cathleen Ybarra**, Respondent

  Email: shellbel1@hotmail.com

This notice was served to all named parties via email where available and U.S. Mail where necessary, consistent with Fed. R. Civ. P. 5(b) and Local Rule 7.1.

Respectfully submitted,

/s/ **Steve Salvador Ybarra**

Pro Se Litigant

Steve@TheoryWerkx.com

(612) 544-4380

Executed May 12, 2025