Steve Salvador Ybarra
Pro Se Litigant
Minnesota | California
TheoryWerkx.com
Tel: 612.544.4380
Steve@TheoryWerkx.com

RECEIVED
MAY 14 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Steve Salvador Ybarra<br>Self-Represented<br>Pro Se Litigant,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>Legal Assistance of Dakota County;<br>Sharon Jones Esq., in her Individual and Official capacities;<br>Hon. David Lutz, in his individual and Official capacities;<br>Hon. Tanya Obrien, in her individual and official capacities;<br>Hon. Dannia L Edwards, in her individual and official capacities;<br>Lydia Clemens, in her individual and official capacities;<br>Michelle Cathleen Ybarra,<br><br>　　　　　Defendants. | No. 0:25-cv-01948-KMM-DJF<br><br>**SUPPLEMENTAL AFFIDAVIT OF STEVE SALVADOR YBARRA REGARDING JUDICIAL REFUSAL TO RECUSE AND INSTITUTIONAL ENTRENCHMENT** |

I, Steve Salvador Ybarra, declare under penalty of perjury under the laws of the United States, pursuant to 28 U.S.C. § 1746, as follows:

**I. PURPOSE OF THIS SUPPLEMENT**

1

SCANNED
MAY 14 2025
U.S. DISTRICT COURT MPLS

This affidavit supplements the record in support of my pending motion for a preliminary injunction and emergency TRO. It highlights the May 12, 2025 hearing before Hon. Judge David Lutz, during which the judge openly acknowledged prior affiliations with Legal Assistance of Dakota County (LADC), refused to recuse, and suggested I pursue recusal review with the Chief Judge of the First Judicial District, Kerry Lennon. This statement, along with the court's conduct, confirms the appearance of institutional alignment in violation of Canon 2.11(A)(6)(a) and *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009).

## II. FACTUAL STATEMENTS

1. On May 12, 2025, during a live recorded hearing in Case No. 19AV-FA-24-839, I raised a renewed motion for recusal under Canon 2.11(A)(6)(a) based on Judge Lutz's prior legal service with Legal Assistance of Dakota County.

2. Judge Lutz acknowledged this on record, stating:

   *"Yes indeed I was a volunteer lawyer handling six family cases in which the clients were represented by legal assistance of Dakota County between 2013 and 2019."*.

3. Despite this confirmation, he denied the motion and further stated:

   *"Your opportunity to appeal my denial of your motion to recuse needs to be made to the chief judge of the First Judicial District and that is Judge Kerry Lennon who presides in Scott County and she is aware that a motion will probably be forthcoming."*.

4. This denial came amid ongoing state court rulings that:
   - Sealed evidence related to financial fraud;
   - Refused to compel discovery from Legal Aid intake files;
   - Shielded ghostwritten affidavits drafted by Defendant Sharon Jones;
   - And blocked evidentiary review of Rule 60.02(d) fraud motions.

5. I preserved objection for federal review on record:

   *"Your denial today becomes an act of predicate under 42 of 1983 and Hazel-Atlas, and I'll be supplementing my federal complaint accordingly."*.

6. The court continued to preside despite these facts and despite being named as a defendant

2

in the federal complaint.

## II-A. SUBJECT MATTER JURISDICTIONAL DEFECT AND COURT'S MISAPPLICATION OF LAW

7. During the May 12, 2025 hearing, I raised a direct challenge to the court's subject matter jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), Minn. Stat. § 518D.201(a)(1), on the basis that the children had not resided in Minnesota for six consecutive months prior to the filing of the action and that California remained their legal home state. I cited controlling precedent, *H.M.B. v. E.T.M.*, No. A21-1174, 2022 WL 897216 (Minn. Ct. App. Mar. 28, 2022), confirming that failure to satisfy the six-month home state requirement renders all custody orders void ab initio.

8. Judge Lutz denied the motion to dismiss for lack of jurisdiction by stating: *"You waived it by invoking the court's jurisdiction in your counterpetition."*. This ruling contradicts binding precedent, as subject matter jurisdiction under the UCCJEA is non-waivable and cannot be conferred by appearance, consent, or counterclaim.

9. I immediately preserved the objection on the record:

*"Subject matter jurisdiction under the UCCJEA is not waivable and cannot be conferred by consent, appearance, or counterclaim and can be raised at any time even on appeal."*.

I further cited *H.M.B.*, affirming that a lack of home state jurisdiction strips the court of power to adjudicate.

10. Despite these facts, Judge Lutz continued to preside over the matter, declared the jurisdictional issue resolved without hearing, and proceeded to schedule trial on void custody orders—all while under federal scrutiny and in direct contradiction to established law. This act compounds the due process violations already preserved and substantiates the claim of judicial entrenchment and structural bias currently under review in this Court.

## III. LEGAL SIGNIFICANCE

This affidavit supplements the federal record to show that:

- Judge Lutz's denial of recusal is not based on objective neutrality, but rather on internal

3

discretion exercised while continuing to protect institutional affiliates;

- The direction to seek review from a peer judge within the same judicial district (Kerry Lennon) does not cure the constitutional harm arising from ongoing participation by a conflicted adjudicator;
- Under *Caperton*, *Liljeberg*, and *Pulliam*, injunctive relief is proper where ongoing judicial involvement threatens the integrity of proceedings and creates actual or apparent bias.

### IV. PERSONAL NOTE

I write all of this not simply as a litigant, but as a father and human being who has not seen his children in over seven months. While I've learned to navigate legal doctrine and federal filings, I do so because the alternative—silence in the face of injustice—is unthinkable. This case is not just legal for me; it is personal. Every motion I've filed, every declaration I've sworn, is rooted in the hope that someone, somewhere, will see that I'm not just fighting for legal relief, but for the basic dignity of being heard and treated fairly. I know the court must apply law, but I ask that it not overlook the human cost of delay and silence.

### IV. CONCLUSION

I respectfully submit this affidavit to supplement Docket Entries ##23–25 and to provide this Court with additional material facts regarding Judge David Lutz's conflict, refusal to recuse, and institutional posture regarding Legal Aid of Dakota County.

Executed this 12th day of May, 2025, in the State of Minnesota.

Respectfully submitted,

**/s/ Steve Salvador Ybarra**

Steve Salvador Ybarra

Pro Se Litigant

California | Minnesota

Email: Steve@TheoryWerkx.com

Phone: (612) 544-4380

**CERTIFICATE OF SERVICE**

I hereby certify that on **May 12, 2025**, I served a true and correct copy of the attached: **SUPPLEMENTAL AFFIDAVIT OF STEVE SALVADOR YBARRA REGARDING JUDICIAL REFUSAL TO RECUSE AND INSTITUTIONAL ENTRENCHMENT**

upon the following parties by email and/or U.S. Mail:

- **Legal Assistance of Dakota County**
  Email: admin@dakotalegal.org
- **Sharon Jones, Esq.**, in her individual and official capacities
  Legal Assistance of Dakota County
  Email: sjones@dakotalegal.org
- **Hon. David Lutz**, in his individual and official capacities
  Dakota County District Court
  1560 Highway 55, Hastings, MN 55033
  Email: Raymond.mestad@courts.state.mn.us
- **Hon. Tanya O'Brien**, in her individual and official capacities
  Dakota County District Court
  1560 Highway 55, Hastings, MN 55033
  Email:
- **Hon. Dannia L. Edwards**, in her individual and official capacities
  Dakota County District Court
  1560 Highway 55, Hastings, MN 55033
  Email:
- **Lydia Clemens**, Guardian ad Litem, in her individual and official capacities
  First Judicial District GAL Program
  Email: Lydia.clemens@courts.state.mn.us
- **Michelle Cathleen Ybarra**, Respondent

5

Email: shellbel1@hotmail.com

This notice was served to all named parties via email where available and U.S. Mail where necessary, consistent with Fed. R. Civ. P. 5(b) and Local Rule 7.1.

Respectfully submitted,

/s/ **Steve Salvador Ybarra**

Pro Se Litigant

Steve@TheoryWerkx.com

(612) 544-4380

Executed May 12, 2025