Steve Salvador Ybarra
Pro Se Litigant
Minnesota | California
TheoryWerkx.com
Tel: 612.544.4380
Steve@TheoryWerkx.com

RECEIVED
MAY 14 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

Steve Salvador Ybarra
Self-Represented
Pro Se Litigant,

    Plaintiff,

v.

Legal Assistance of Dakota County;
Sharon Jones Esq., in her Individual and Official capacities;
Hon. David Lutz, in his individual and Official capacities;
Hon. Tanya Obrien, in her individual and official capacities;
Hon. Dannia L Edwards, in her individual and official capacities;
Lydia Clemens, in her individual and official capacities;
Michelle Cathleen Ybarra,

    Defendants.

No. . 0:25-cv-01948-KMM-DJF

**JUDICIAL NOTICE OF FRAUDULENT CUSTODY FOUNDATION AND COLLAPSE OF EVIDENTIARY BASIS FOR COURT ORDERS**

TO THE COURT AND ALL PARTIES:

Plaintiff Steve Salvador Ybarra respectfully submits this Judicial Notice pursuant to Fed. R. Evid. 201 and Fed. R. Civ. P. 65(a), to formally advise the Court that the factual predicate underlying the Dakota County Family Court's custody and supervised parenting

1

SCANNED
MAY 14 2025
U.S. DISTRICT COURT MPLS

orders has collapsed as a matter of law and record.

## I. WITHDRAWAL OF STATE-SPONSORED RECOMMENDATION

On October 30, 2024, Dakota County Social Services issued formal correspondence rescinding its July 2, 2024 recommendation limiting Plaintiff's parenting time. The recommendation, stating Plaintiff should have "no unsupervised contact with the children," was:

- **Outside the scope of the Child Protection Division's authority**;
- **Issued without jurisdiction or evidentiary foundation**;
- **Rescinded in writing by Aaron Strong, Family Investigation Supervisor**, who further confirmed the agency had **"no child protection basis for that recommendation."**

(See Exhibits A and B).

## II. ONGOING ENFORCEMENT DESPITE EVIDENTIARY COLLAPSE

Despite this recission, Defendant Judge David Lutz continued to enforce supervised custody restrictions premised on the GAL's reliance on the now-rescinded CPS recommendation. During the May 12, 2025 hearing, Judge Lutz deliberately minimized the scope of the CPS withdrawal, stating:

"...my recall of her testimony is not that CPS recanted its analysis or its findings, but rather that CPS went one step further..."

Rather than acknowledge the formal recission issued by Dakota County Social Services, Judge Lutz stated—dismissively and with evident sarcasm—that I had 'persuaded CPS' to withdraw their parenting time recommendation, thereby implying manipulation rather than recognizing the agency's own admission of overreach and lack of jurisdiction.

This is **a mischaracterization of the agency's formal withdrawal**, which makes clear that both the **recommendation and its legal authority were invalid**.

Plaintiff's repeated motions to strike the GAL report and to revisit the custody orders based on this collapse were ignored by the state court.

### III. FEDERAL CONSEQUENCES: DUE PROCESS AND FRAUD ON THE COURT

The continued enforcement of custody restrictions based on withdrawn, invalid, and discredited evidence constitutes:

- A **violation of procedural due process** under *Mathews v. Eldridge*, 424 U.S. 319 (1976);
- A denial of **meaningful opportunity to challenge state action** under *Goldberg v. Kelly*, 397 U.S. 254 (1970);
- A **fraud upon the court** under *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944);
- Judicial entrenchment and retaliatory suppression of federal rights under *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009).

Further, Defendant Lydia Clemens' report, upon which custody restrictions were imposed, is itself compromised by:

- Reliance on rescinded CPS material;
- Documented coordination with Defendant Sharon Jones, evidenced by shared email content and digital signature blocks;
- A refusal to engage with Plaintiff despite over 50 documented abuse reports and safety concerns.

### IV. REQUEST FOR JUDICIAL NOTICE AND REMEDIAL ACTION

Plaintiff respectfully requests that this Court:

1. Take judicial notice of the formal CPS rescission of the July 2, 2024 recommendation (Exhibits A & B);
2. Acknowledge that the custody orders issued in reliance on the GAL report and CPS material lack any lawful evidentiary foundation;
3. Consider this collapse of evidence in evaluating Plaintiff's request for immediate preliminary injunctive relief;

3

4. Strike or suspend any judicial reliance on the GAL report or sealed CPS recommendations pending further evidentiary review.

Respectfully submitted,

**/s/ Steve Salvador Ybarra**

Steve Salvador Ybarra

Pro Se Litigant

California | Minnesota

Email: Steve@TheoryWerkx.com

Phone: (612) 544-4380

**CERTIFICATE OF SERVICE**

I hereby certify that on **May 13, 2025**, I served a true and correct copy of the attached: **NOTICE OF DEFENDANT NON-APPEARANCE AND PENDING DEFAULT RISK**

upon the following parties by email and/or U.S. Mail:

- **Legal Assistance of Dakota County**
  Email: admin@dakotalegal.org
- **Sharon Jones, Esq.**, in her individual and official capacities
  Legal Assistance of Dakota County
  Email: sjones@dakotalegal.org
- **Hon. David Lutz**, in his individual and official capacities
  Dakota County District Court
  1560 Highway 55, Hastings, MN 55033
  Email: Raymond.mestad@courts.state.mn.us
- **Hon. Tanya O'Brien**, in her individual and official capacities

Dakota County District Court

1560 Highway 55, Hastings, MN 55033

Email:

- **Hon. Dannia L. Edwards**, in her individual and official capacities

Dakota County District Court

1560 Highway 55, Hastings, MN 55033

Email:

- **Lydia Clemens**, Guardian ad Litem, in her individual and official capacities

First Judicial District GAL Program

Email: Lydia.clemens@courts.state.mn.us

- **Michelle Cathleen Ybarra**, Respondent

Email: shellbel1@hotmail.com

This notice was served to all named parties via email where available and U.S. Mail where necessary, consistent with Fed. R. Civ. P. 5(b) and Local Rule 7.1.

Respectfully submitted,

/s/ **Steve Salvador Ybarra**

Pro Se Litigant

Steve@TheoryWerkx.com

(612) 544-4380

Executed May 12, 2025

5