Steve Salvador Ybarra
Pro Se Litigant
Minnesota | California
TheoryWerkx.com
Tel: 612.544.4380
Steve@TheoryWerkx.com

RECEIVED
MAY 14 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Steve Salvador Ybarra<br>Self-Represented<br>Pro Se Litigant,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Legal Assistance of Dakota County;<br>Sharon Jones Esq., in her Individual and Official capacities;<br>Hon. David Lutz, in his individual and Official capacities;<br>Hon. Tanya Obrien, in her individual and official capacities;<br>Hon. Dannia L Edwards, in her individual and official capacities;<br>Lydia Clemens, in her individual and official capacities;<br>Michelle Cathleen Ybarra,<br><br>　　　　　Defendants. | No. . 0:25-cv-01948-KMM-DJF<br><br>**NOTICE OF EVIDENTIARY CONFLICT COMPROMISING GUARDIAN AD LITEM NEUTRALITY** |

**TO THE COURT AND ALL PARTIES:**

Plaintiff Steve Salvador Ybarra submits this notice pursuant to Fed. R. Civ. P. 65(a) and Local Rule 7.1 to memorialize a material evidentiary conflict that directly compromises the claimed

1

SCANNED
MAY 14 2025
U.S. DISTRICT COURT MPLS

neutrality and procedural integrity of Guardian ad Litem Lydia Clemens. This conflict is both ethically disqualifying and legally relevant to Plaintiff's pending Motion for Preliminary Injunction and associated requests for declaratory and injunctive relief.

**I. DIGITAL COORDINATION BETWEEN GAL CLEMENS AND DEFENDANT SHARON JONES**

Attached hereto as Exhibit A is an email dated February 26, 2025, sent by Defendant Lydia Clemens from her official state address (lydia.clemens@courts.state.mn.us), which concludes with the digital signature block of Defendant Sharon Jones, Executive Director of Legal Assistance of Dakota County (LADC). The presence of Jones' signature block in a Guardian ad Litem email is not a clerical artifact; it is documentary evidence of shared authorship platforms, forwarding, or direct drafting between the GAL and a named defendant litigant in this action.

This violates the neutrality mandates of the Minnesota Guardian ad Litem Program Standards of Practice and creates an actual conflict of interest under Canon 2.11 of the Minnesota Code of Judicial Conduct. See Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009) (recusal constitutionally required when a litigant's influence creates "a serious risk of actual bias").

**II. WILLFUL NONDISCLOSURE AND INSTITUTIONAL KNOWLEDGE**

Plaintiff raised the GAL's coordination with opposing counsel in multiple written motions submitted between March and April 2025 in Dakota County Family Court. These motions were ignored by Judge David Lutz, despite the fact that his judicial clerk, Mr. Raymond Mestad, was carbon-copied or made aware of this misconduct. Judge Lutz subsequently reappointed GAL Clemens in a sealed order issued after the filing of Plaintiff's federal complaint, despite having direct access to Plaintiff's documentation of GAL-LADC coordination and sealed procedural abuse.

This constitutes judicial entrenchment and violates the procedural due process standards of Goldberg v. Kelly, 397 U.S. 254 (1970), and Mathews v. Eldridge, 424 U.S. 319 (1976). See also

2

Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847 (1988) (relief warranted where judge failed to disclose conflict).

### III. FEDERAL IMPLICATIONS AND REQUEST FOR JUDICIAL NOTICE

The digital coordination between GAL Clemens and Defendant Jones materially undermines the evidentiary foundation of the GAL's report, the legitimacy of her court communications, and her appointment as a neutral party. When a Guardian ad Litem adopts, reuses, or co-authors litigation communications with a private party accused of ghostwriting sealed affidavits and engaging in discovery suppression, her neutrality is destroyed.

This constitutes state-sponsored litigation fraud under Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944), and active collusion under Dennis v. Sparks, 449 U.S. 24 (1980). Furthermore, the AG's continued defense of this relationship constitutes institutional entrenchment and civil rights obstruction under 42 U.S.C. §§ 1983, 1985(3), and 18 U.S.C. § 1962(d).

### IV. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

1. Take judicial notice of the attached Exhibit A as evidence of compromised GAL neutrality;
2. Consider this conflict in ruling on Plaintiff's pending Motion for Preliminary Injunction;
3. Refer the matter for evidentiary hearing or investigative review, as appropriate;
4. Strike any reliance on GAL testimony or reports pending further review.

Respectfully submitted,
**/s/ Steve Salvador Ybarra**

Steve Salvador Ybarra

Pro Se Litigant

California | Minnesota

Email: Steve@TheoryWerkx.com

Phone: (612) 544-4380

**CERTIFICATE OF SERVICE**

I hereby certify that on **May 13, 2025**, I served a true and correct copy of the attached: **NOTICE OF EVIDENTIARY CONFLICT COMPROMISING GUARDIAN AD LITEM NEUTRALITY**

upon the following parties by email and/or U.S. Mail:

- **Legal Assistance of Dakota County**

  Email: admin@dakotalegal.org

- **Sharon Jones, Esq.**, in her individual and official capacities

  Legal Assistance of Dakota County

  Email: sjones@dakotalegal.org

- **Hon. David Lutz**, in his individual and official capacities

  Dakota County District Court

  1560 Highway 55, Hastings, MN 55033

  Email: Raymond.mestad@courts.state.mn.us

- **Hon. Tanya O'Brien**, in her individual and official capacities

  Dakota County District Court

  1560 Highway 55, Hastings, MN 55033

  Email:

- **Hon. Dannia L. Edwards**, in her individual and official capacities

  Dakota County District Court

  1560 Highway 55, Hastings, MN 55033

4

Email:

- **Lydia Clemens**, Guardian ad Litem, in her individual and official capacities

    First Judicial District GAL Program

    Email: Lydia.clemens@courts.state.mn.us

- **Michelle Cathleen Ybarra**, Respondent

    Email: shellbel1@hotmail.com

This notice was served to all named parties via email where available and U.S. Mail where necessary, consistent with Fed. R. Civ. P. 5(b) and Local Rule 7.1.

Respectfully submitted,

/s/ **Steve Salvador Ybarra**

Pro Se Litigant

Steve@TheoryWerkx.com

(612) 544-4380

Executed May 12, 2025