Steve Salvador Ybarra

Pro Se Litigant

Minnesota | California

TheoryWerkx.com

Tel: 612.544.4380

Steve@TheoryWerkx.com

RECEIVED
MAY 1 5 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

SCANNED
MAY 1 5 2025  CK
U.S. DISTRICT COURT MPLS

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

Steve Salvador Ybarra
Self-Represented
Pro Se Litigant,

   Plaintiff,

  v.

Legal Assistance of Dakota County;
Sharon Jones Esq., in her Individual and
Official capacities;
Hon. David Lutz, in his individual and
Official capacities;
Hon. Tanya Obrien, in her individual and official capacities;
Hon. Dannia L Edwards, in her individual and official capacities;
Lydia Clemens, in her individual and official capacities;
Michelle Cathleen Ybarra,

   Defendants.

No. 0:25-cv-01948-KMM-DJF

**PLAINTIFF'S MOTION TO DISQUALIFY THE FIRST JUDICIAL DISTRICT BENCH**

  Plaintiff Steve Salvador Ybarra respectfully moves this Court for an order disqualifying the bench of the First Judicial District of Minnesota from further involvement in any proceedings related to Plaintiff's custody, constitutional, or

1

evidentiary matters that intersect with the subject matter of this federal action. This motion is brought pursuant to 28 U.S.C. § 144, 28 U.S.C. § 455, Canon 2.11 of the Minnesota Code of Judicial Conduct, and the Due Process Clause of the Fourteenth Amendment.

## I. INTRODUCTION

This case has moved beyond the confines of a routine custody dispute. It now squarely presents structural constitutional violations, procedural concealment, and institutional entrenchment implicating both the judicial officers of the First Judicial District and their close, ongoing affiliation with a named Defendant: Legal Assistance of Dakota County ("LADC").

Most recently, it has come to light that **Kelly Staples**, a former **board member of LADC**, has been appointed to the **First Judicial District bench**, creating an unavoidable appearance of systemic conflict. Her appointment occurred **while this federal litigation was pending**, and while LADC was already on formal notice of RICO, fraud, and constitutional deprivation allegations. This places the entire bench in a position of perceived and actual bias.

## II. LEGAL STANDARD

### A. 28 U.S.C. § 455(a)

A judge must disqualify themselves in any proceeding in which their impartiality "might reasonably be questioned."

### B. Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009)

Due process is violated when a judge has a constitutionally intolerable probability of bias due to financial, political, or organizational affiliations.

### C. Canon 2.11, Minnesota Code of Judicial Conduct

Judges must disqualify themselves where they served in a fiduciary or governing role in an organization that is a party to the proceeding.

## III. GROUNDS FOR DISQUALIFICATION

1. **Direct Structural Ties** – LADC, a named Defendant, is deeply embedded in the judicial processes of the First Judicial District. Multiple judges have prior connections to LADC (volunteer work, panel service, etc.), and now, a **board member has ascended to the bench**.
2. **Constructive Notice** – At the time of her appointment, Ms. Staples had actual or constructive knowledge of Plaintiff's federal litigation, including emailed notices, RICO warnings, and discovery requests.
3. **Protective Orders and Sealed Fraud** – The First Judicial District has issued sealed protective orders shielding the very records now at issue in federal court. Recusal motions have been denied despite these sealed conflicts.
4. **Judicial Refusal to Adjudicate** – Judge Lutz has refused to rule on Plaintiff's federal objections and fraud-based motions, invoking procedural inertia to suppress the record.

## V. CONSTRUCTIVE NOTICE AND WILLFUL INSTITUTIONAL NONCOMPLIANCE

Plaintiff further submits that both Legal Assistance of Dakota County (LADC) and its lead counsel, Sharon Jones, were placed on **direct, repeated notice** of this federal litigation and the constitutional violations at issue. As reflected in Exhibit B (Screenshot of email record, Feb–Apr 2025), Plaintiff issued multiple formal communications referencing civil rights violations under 42 U.S.C. §§ 1983, 1985, RICO predicate acts, and imminent discovery requests targeting Legal Aid intake fraud. Additionally, the **March 21, 2025 Final Notice Letter** (Exhibit C), which was delivered via email and certified mail to Judge David Lutz, County Attorney Kathy Keena, and LADC, included a detailed record of fraud, sealed evidence suppression, judicial misconduct, and a quantified demand for resolution.

The failure of all named parties to respond, act, or disclose critical evidentiary material despite this documented timeline of notice constitutes **willful suppression**, **retaliatory procedural concealment**, and confirms the structural breakdown now requiring federal oversight. It also **precludes any defense grounded in ignorance, qualified immunity, or abstention**—the record now demonstrates constructive knowledge, deliberate disregard, and institutional entrenchment.

### IV. REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court:

1. Issue a declaration recognizing that the bench of the First Judicial District is constitutionally conflicted;
2. Order the disqualification of the First Judicial District from adjudicating any aspect of Case No. 19AV-FA-24-839 or related matters;
3. Order that no judicial officers affiliated with LADC or its board may participate in any proceeding directly or indirectly tied to Plaintiff;
4. Grant such other relief as the Court deems just and proper to preserve judicial integrity and Plaintiff's constitutional rights.

Respectfully submitted,

**/s/ Steve Salvador Ybarra**

Steve Salvador Ybarra

Pro Se Litigant

California | Minnesota

Email: Steve@TheoryWerkx.com

Phone: (612) 544-4380

4

**Footnotes (All citations to U.S.C. and Federal Rules unless otherwise noted)**

1. All statutory citations herein refer to the United States Code unless otherwise indicated. Plaintiff also references the Minnesota Code of Judicial Conduct where applicable to highlight the systemic breakdown of neutrality at the state level.

2. The appointment of Ms. Killy Staples to the First Judicial District occurred in or around May 2025, while Plaintiff's federal complaint was pending and while LADC had been served with formal litigation threats. As a former board member of LADC, Ms. Staples had fiduciary obligations to that organization, and her ascension to the bench while those allegations remained unresolved triggers the exact due process concerns articulated in *CAPERTON V. A.T. MASSEY COAL CO.*, 556 U.S. 868 (2009).

3. Plaintiff's March 21, 2025 demand letter (Exhibit C), delivered via certified mail and email, included detailed allegations of intake fraud, perjury, and systemic suppression of child abuse records. No party—including LADC, the County Attorney, or the presiding judge—responded or took corrective action. That silence now forms part of the constructive knowledge timeline.

4. Exhibit B, a screenshot of Plaintiff's pre-litigation email communications with LADC and other institutional parties, reflects documented attempts between February and April 2025 to resolve the matter without federal intervention. That timeline defeats any argument of "good faith ignorance" or procedural innocence. See *PULLIAM V. ALLEN*, 466 U.S. 522 (1984) (affirming judicial officers are not immune from prospective injunctive relief when acting in violation of federal rights).

5. As of the date of this motion, Judge Lutz has refused to recuse himself from the state custody matter despite verified evidence of sealed misconduct, sealed affidavits supported by ghostwritten filings, and judicial inaction on Rule 60.02(d) fraud claims. This failure—when combined with the structural elevation of a LADC board member to the bench—renders the entire forum constitutionally unreliable under *CAPERTON* AND *IN RE MURCHISON*, 349 U.S. 133 (1955).

6. Plaintiff reserves the right to seek sanctions, injunctive relief, and supplemental referral to the U.S. Department of Justice, the Office of the Inspector General, and the Minnesota Board on Judicial Standards should any officer of the court continue to participate in proceedings where they—or their former colleagues—are implicated in the constitutional violations raised herein.

7. This motion is not brought lightly. It is grounded in ongoing, documented institutional

5

concealment, conflict of interest, and sealed judicial behavior tied to a structurally compromised defendant.

Plaintiff has raised these concerns through certified notice, DOJ referral, and procedural filings—all ignored.

The federal record must now preserve what the state forum has refused to acknowledge.

## CERTIFICATE OF SERVICE

I hereby certify that on **May 14, 2025**, I served a true and correct copy of the attached:
**PLAINTIFF'S MOTION TO DISQUALIFY THE FIRST JUDICIAL DISTRICT BENCH**

upon the following parties by email and/or U.S. Mail:

- **Legal Assistance of Dakota County**

    Email: admin@dakotalegal.org

- **Sharon Jones, Esq.**, in her individual and official capacities

    Legal Assistance of Dakota County

    Email: sjones@dakotalegal.org

- **Hon. David Lutz**, in his individual and official capacities

    Dakota County District Court

    1560 Highway 55, Hastings, MN 55033

    Email: Raymond.mestad@courts.state.mn.us

- **Hon. Tanya O'Brien**, in her individual and official capacities

    Dakota County District Court

    1560 Highway 55, Hastings, MN 55033

    Email:

- **Hon. Dannia L. Edwards**, in her individual and official capacities

    Dakota County District Court

    1560 Highway 55, Hastings, MN 55033

    Email:

- **Lydia Clemens**, Guardian ad Litem, in her individual and official capacities

First Judicial District GAL Program

Email: Lydia.clemens@courts.state.mn.us

- **Michelle Cathleen Ybarra**, Respondent

Email: shellbel1@hotmail.com

This notice was served to all named parties via email where available and U.S. Mail where necessary, consistent with Fed. R. Civ. P. 5(b) and Local Rule 7.1.

Respectfully submitted,

/s/ **Steve Salvador Ybarra**

Pro Se Litigant

Steve@TheoryWerkx.com

(612) 544-4380

Executed May 14, 2025