Steve Salvador Ybarra
Pro Se Litigant
Minnesota | California
TheoryWerkx.com
Tel: 612.544.4380
Steve@TheoryWerkx.com

RECEIVED
MAY 15 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

Steve Salvador Ybarra
Self-Represented
Pro Se Litigant,

    Plaintiff,

v.

Legal Assistance of Dakota County;
Sharon Jones Esq., in her Individual and
Official capacities;
Hon. David Lutz, in his individual and
Official capacities;
Hon. Tanya Obrien, in her individual and official capacities;
Hon. Dannia L Edwards, in her individual and official capacities;
Lydia Clemens, in her individual and official capacities;
Michelle Cathleen Ybarra,

    Defendants.

No. 0:25-cv-01948-KMM-DJF

**SUPPLEMENTAL DECLARATION OF STEVE SALVADOR YBARRA RE: JUDICIAL HOSTILITY, MOCKERY, AND CANON VIOLATIONS**

SCANNED
MAY 15 2025
U.S. DISTRICT COURT MPLS

I, Steve Salvador Ybarra, declare and state as follows:

1. I submit this supplemental declaration to document an ongoing pattern of

1

judicial hostility, unprofessional conduct, and violations of the Minnesota Code of Judicial Conduct by multiple judicial officers in Dakota County who have presided over matters related to 19AV-FA-24-839.

2. These experiences are not isolated incidents. They form a consistent and escalating pattern of courtroom bias, procedural dismissal, and personal mockery, all while I have attempted to assert legitimate rights to due process, custody, and evidentiary hearing.

3. On multiple occasions, **Judge Tanya O'Brien** mocked me openly in court while I was attempting to present evidence of child abuse and requested a restraining order. Judge O'Brien permitted Attorney Sharon Jones of Legal Assistance of Dakota County (LADC) to dictate which pieces of evidence would be considered, while repeatedly cutting me off, laughing, and stating that my presentation was "horrible." She went off and back on the record at least ten times during this hearing, and made comments designed to humiliate rather than adjudicate.

4. **Judge Dannia Edwards**, during prior hearings involving my former attorney Kyle Proudy, similarly mocked him and shut down all attempts to raise concerns of ongoing child abuse. Despite legitimate efforts to advocate for my child's safety, Judge Edwards refused to hear the full presentation and recused herself only after issuing a ruling returning the child to an unsafe environment.

5. **Judge David Lutz**, now presiding over the case, has repeatedly mocked and demeaned me during federal rights-related hearings. On **April 21, 2025**, he referred to my claims of,

**42 U.S.C. § 1983, 42 U.S.C. § 1985(3), and 42 U.S.C. § 1986, (18 U.S.C. § 1962(d))**

and called my legal arguments "theoretical" in a sarcastic tone. When I cited **Canon 2.11** and read it aloud during a request for judicial recusal, Judge

2

Lutz became visibly irritated and argumentative, interrupting me and questioning my credibility.

6. During that same April 21 hearing, Attorney Sharon Jones attempted to shield Judge Lutz by stepping in to justify his prior volunteer work with LADC, which I had identified as a basis for disqualification. Judge Lutz did not dispute the conflict. Instead, he escalated emotionally, then abruptly ended the hearing by disconnecting the call—a moment I believe was calculated to silence protected federal argument.

7. On **May 12, 2025**, Judge Lutz again mocked me, this time implying that I had manipulated or persuaded a CPS supervisor into reissuing an email verification. This suggestion was false and deeply hurtful. It also publicly questioned my integrity before the court.

8. On **May 13, 2025**, Judge Lutz issued a court order threatening me with contempt of court if I were found to have recorded any part of the May 12 hearing. I interpreted this as a retaliatory move. I have vocally objected to judicial bias and due process violations the day prior in my federal updates and notice in state court I will not be attending May 17 hearing.

9. Taken together, these actions constitute a **clear violation of Canon 2.8(B)** of the Minnesota Code of Judicial Conduct: **"A judge shall be patient, dignified, and courteous to litigants... and shall require similar conduct of others."**

10. I am a former corrections officer with the Minnesota Department of Corrections and have worked as a nursing assistant for over 11 years. In all my roles, I have treated all individuals—regardless of background, identity, or circumstance—with dignity and professionalism. I approached this courtroom with the same respect. I have never shouted, never disrupted, and never disrespected the court.

11. To be treated in this manner by officers of the court, while I attempt to assert

3

my rights as a father and litigant, has caused profound emotional harm, public humiliation, and procedural injury. I continue to seek only a fair hearing, recognition of verified fraud, fraud upon the court and accountability for the use of sealed and ghostwritten filings by Legal Assistance of Dakota County & Sharon Jones, that have stripped me of parental time. Also to further understand why Hon. Judge David Lutz continued to shield ongoing fraud, perjury and fraud upon the court. Why Hon. Judge David Lutz ignored and suppressed ongoing evidence of child abuse.

12. Plaintiff invokes **Canon 2.2, Canon 2.6(A), and Canon 2.8(B)** in asserting that Dakota County judicial officers have not only failed to maintain impartiality, but have actively engaged in **mockery, procedural exclusion, and retaliatory suppression** that violate both ethical obligations and federal protections afforded to self-represented litigants under Pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner, 404 U.S. 519 (1972)*

13. The **fundamental right to self-representation** and that **the exercise of that right may not be penalized** through judicial conduct or suppression *Faretta v. California* 422 U.S. 806 (1975).

14. I make this declaration to preserve the truth for the record, and to ensure that the professional and constitutional violations committed in this case do not go unanswered.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this 15th day of May, 2025, in Lakeville, Minnesota.

Respectfully submitted,

**/s/ Steve Salvador Ybarra**

4

Steve Salvador Ybarra

Pro Se Litigant

California | Minnesota

Email: Steve@TheoryWerkx.com

Phone: (612) 544-4380

**Footnotes**

1. Minnesota Code of Judicial Conduct, Canon 2.8(B) states: "A judge shall be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others... and shall require similar conduct of lawyers, court staff, court officials, and others subject to the judge's direction and control." See also Canon 2.2 (requiring impartiality), Canon 2.6(A) (ensuring the right to be heard), and Canon 2.11(A)(6)(A) (requiring disqualification if a judge served in a fiduciary capacity with an affiliated party).

2. See *Faretta v. California*, 422 U.S. 806, 834–35 (1975) (recognizing that the right to self-representation is fundamental and must not be burdened by judicial hostility or obstruction); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (pro se litigants are entitled to a liberal reading of pleadings and procedural protections in recognition of their disadvantaged position in adversarial settings).

3. See *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984) (judicial immunity does not bar prospective injunctive relief against judicial officers for ongoing constitutional violations); *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 883–89 (2009) (a judge's prior financial or institutional relationship with a party may require recusal under the Due Process Clause when it creates a serious risk of actual bias).

**CERTIFICATE OF SERVICE**

I hereby certify that on **May 15, 2025**, I served a true and correct copy of the attached:
**SUPPLEMENTAL DECLARATION OF STEVE SALVADOR YBARRA RE: JUDICIAL HOSTILITY, MOCKERY, AND CANON VIOLATIONS**

5

upon the following parties by email and/or U.S. Mail:

- **Legal Assistance of Dakota County**
  Email: admin@dakotalegal.org
- **Sharon Jones, Esq.**, in her individual and official capacities
  Legal Assistance of Dakota County
  Email: sjones@dakotalegal.org
- **Hon. David Lutz**, in his individual and official capacities
  Dakota County District Court
  1560 Highway 55, Hastings, MN 55033
  Email: Raymond.mestad@courts.state.mn.us
- **Hon. Tanya O'Brien**, in her individual and official capacities
  Dakota County District Court
  1560 Highway 55, Hastings, MN 55033
  Email:
- **Hon. Dannia L. Edwards**, in her individual and official capacities
  Dakota County District Court
  1560 Highway 55, Hastings, MN 55033
  Email:
- **Lydia Clemens**, Guardian ad Litem, in her individual and official capacities
  First Judicial District GAL Program
  Email: Lydia.clemens@courts.state.mn.us
- **Michelle Cathleen Ybarra**, Respondent
  Email: shellbel1@hotmail.com

This notice was served to all named parties via email where available and U.S. Mail where necessary, consistent with Fed. R. Civ. P. 5(b) and Local Rule 7.1.

Respectfully submitted,

/s/ **Steve Salvador Ybarra**

Pro Se Litigant

6

1. Steve@TheoryWerkx.com
2. (612) 544-4380
3. Executed May 12, 2025