Steve Salvador Ybarra
Pro Se Litigant
Minnesota | California
TheoryWerkx.com
Tel: 612.544.4380
Steve@TheoryWerkx.com

RECEIVED
MAY 1 6 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Steve Salvador Ybarra<br>Self-Represented<br>Pro Se Litigant,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Legal Assistance of Dakota County;<br>Sharon Jones Esq., in her Individual and<br>Official capacities;<br>Hon. David Lutz, in his individual and<br>Official capacities;<br>Hon. Tanya Obrien, in her individual and official capacities;<br>Hon. Dannia L Edwards, in her individual and official capacities;<br>Lydia Clemens, in her individual and official capacities;<br>Michelle Cathleen Ybarra,<br><br>　　　　Defendants. | No. . 0:25-cv-01948-KMM-DJF<br><br>**PLAINTIFF'S MOTION FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 11 AGAINST DEFENDANT SHARON JONES**<br><br>**NOTICE OF MOTION AND MOTION FOR SANCTIONS" (Fed. R. Civ. P. 11)**<br><br>**Hearing Date (TBD) / Time / Judge Name / Courtroom** |

TO THE HONORABLE COURT:

Pursuant to Fed. R. Civ. P. 11(b)-(c), Plaintiff Steve Salvador Ybarra respectfully moves this Court to impose sanctions on Sharon Jones, Esq., counsel

1

SCANNED
MAY 1 9 2025
U.S. DISTRICT COURT MPLS

for Defendant Michelle Ybarra and an attorney at Legal Assistance of Dakota County (LADC), for repeated, deliberate violations of Rule 11, which include:

- Submitting materially false affidavits under seal;
- Misrepresenting financial eligibility to secure publicly funded legal aid;
- Ghostwriting litigation documents on behalf of a lay client to advance a false narrative;
- Obstructing discovery and judicial transparency through protective orders knowingly designed to conceal fraud.

**I. INTRODUCTION: RULE 11 IS A BULWARK, NOT A SUGGESTION**

The conduct at issue is not zealous advocacy. It is orchestrated deceit. Rule 11 is the firewall protecting the judiciary from being commandeered by bad faith actors. Ms. Jones used sealed filings to submit an affidavit of indigency (May 6, 2025) after being served with federal complaints, a DOJ submission notice, and paystub evidence showing Michelle Ybarra earned over $4,422/monthRule 11 Sharon JonesCC …. The legal aid income threshold is approximately $3,410/monthFederalComplaint 4.30.2….

The filing of this affidavit, under seal, circumvented adversarial scrutiny and resulted in a fee waiver order issued by Judge David Lutz on May 7, 2025—despite federal service and an active Rule 11 Safe Harbor noticeRule 11 Sharon JonesCC ….

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 11(b) demands that attorneys certify:

- Filings are not submitted for an improper purpose (subpart 1);
- Legal contentions are warranted by law (subpart 2);
- Factual contentions have evidentiary support (subpart 3);
- Denials of factual contentions are justified (subpart 4).

Violations may be sanctioned sua sponte or upon motion. Remedies include striking documents, monetary penalties, and referral to disciplinary authorities.

### III. FACTUAL RECORD

- **On April 2, 2024**, the Dakota County District Court explicitly denied Michelle Ybarra's first request for a fee waiver, making formal findings that she (1) was not receiving public assistance, (2) was not represented by a legal services or volunteer attorney program based on indigency, and (3) had income exceeding 125% of the federal poverty lineMCRO_19AV-FA-24-839_Ord.... This order effectively disqualified Ms. Ybarra from future fee waiver eligibility unless her financial circumstances materially changed.
- **February 2025**: Sharon Jones provides Respondent with paystubs showing income >$4,422/monthRule 11 Sharon JonesCC ....
- **April 30, 2025**: Plaintiff files federal civil rights and RICO complaint exposing intake fraudFederalComplaint 4.30.2....
- **May 5, 2025**: Plaintiff serves Rule 11 Safe Harbor letter on Ms. JonesRule 11 Safe Harbor Not....
- **May 6, 2025**: Jones files sealed affidavit claiming indigency.
- **May 7, 2025**: Judge Lutz grants fee waiver without unsealing the affidavit or addressing Rule 11 concernsMCRO_19AV-FA-24-839_Ord....
- Nonetheless, more than a year later, attorney Sharon Jones—representing Ybarra under the same Legal Aid banner—filed a sealed fee waiver affidavit on May 6, 2025, claiming eligibility under the same statutory framework without disclosing the prior disqualification or the absence of new qualifying conditions. This misrepresentation to the Court, under seal, constitutes a knowing violation of Rule 11 and an abuse of the statutory indigency exception that Legal Aid attorneys are expressly bound to uphold.

### IV. Standalone Statement of Systemic Discovery Suppression and Institutional Complicity

Plaintiff submits the following factual narrative to supplement and contextualize the Rule 11 violations committed by attorney Sharon Jones and

3

Legal Assistance of Dakota County. This pattern of conduct—spanning over a year—involves deliberate suppression of discovery, fraudulent concealment of financial records, and coordinated interference with Plaintiff's constitutional rights through both legal aid infrastructure and judicial alliances. The factual basis is as follows:

For over a year, Sharon Jones—Senior Counsel at Legal Assistance of Dakota County—has engaged in willful discovery obstruction under the false veneer of professional concern, repeatedly accusing Plaintiff of "gaslighting" on the record to deflect from her own litigation misconduct. Despite direct requests, subpoenas, and court motions, Jones has suppressed production of financial records that would undeniably prove her client's fraud upon the court. Rather than comply, Jones invoked procedural stall tactics, invoked privilege without basis, and used Legal Aid's institutional shield to block transparency.

Multiple Legal Aid board members, including now–Judge Kelly Staples, were notified of this abuse, yet no corrective action was taken. Compounding this misconduct, Judge David Lutz—himself a former affiliate of Legal Aid—has continued to deny discovery access, refused to adjudicate pending motions, and escalated retaliatory threats of contempt against the Plaintiff. This is not litigation. It is a coordinated entrenchment of fraud, institutional loyalty, and procedural suppression executed under color of law.

This conduct is not protected by advocacy. It is sanctionable misconduct under Rule 11(b)(1), (b)(3), and (b)(4), and further implicates 42 U.S.C. § 1983 and § 1985(2), warranting judicial scrutiny and professional discipline.

The conduct detailed herein is not merely sanctionable under Rule 11—it triggers the Court's inherent supervisory power to punish litigation fraud and preserve the integrity of the judicial process. As the Supreme Court held in *Chambers v. NASCO, Inc.*, courts possess "inherent power to police

4

themselves" and to sanction parties and counsel who engage in conduct that is "tantamount to bad faith." Sharon Jones's repeated concealment of financial eligibility records, sealed ghostwritten filings, and invocation of privilege to obstruct discovery is precisely the type of systemic abuse that warrants independent sanction beyond Rule 11 alone. Moreover, as reaffirmed in *Cooter & Gell v. Hartmarx Corp.*, Rule 11 is "designed to reduce the burden on courts and parties by deterring baseless filings," and it imposes a non-delegable duty on attorneys to verify factual contentions before signing any submission. **Sharon Jones failed that duty, and the Court's authority to sanction both under Rule 11 and its inherent Article III powers is fully triggered**.

### IV. CASELAW AND CONSTITUTIONAL ANALYSIS

- **Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)** – The Supreme Court condemned the use of ghostwritten submissions to "strategically deceive the tribunal." That is precisely what occurred here: a sealed affidavit was ghostwritten to present a false income profileSup Dec and Not of post....
- **Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009)** – Due process requires disqualification where bias or its appearance exists. Judge Lutz's prior affiliation with LADC and refusal to recuse while issuing protective and fee waiver orders post-service constitutes judicial entrenchmentRule 11 Sharon Jones Af....
- **Dennis v. Sparks, 449 U.S. 24 (1980)** – Private parties who conspire with judicial officers to deprive constitutional rights are jointly liable. The litigation conduct here fits that pattern: coordinated filings, sealed to avoid scrutiny, and aided by a judge with known conflicts.

5

- **Forrester v. White, 484 U.S. 219 (1988)** – Judicial immunity does not extend to administrative acts. The sealing of financial documents and fee waiver orders constitutes non-adjudicative conduct.
- *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991) – Court's inherent power to sanction litigation fraud.
- *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) – Rule 11 is procedural but grounded in deterrence.

**Legal Aid Statute (Minnesota)**

**Minn. Stat. § 563.01 Subd. 3(b)**

(b) The court shall grant the request to proceed in forma pauperis if the court finds that the person is financially unable to pay the fees, costs, and security for the costs. A person is presumed to be financially unable to pay the fees, costs, and security for the costs if:

(2) the person is **represented by an attorney working on behalf of a civil legal services program or volunteer attorney program based on indigency**; or

(3) the person's **annual income is less than 125 percent of the federal poverty guidelines** for the applicant's household size.

**REQUEST FOR HEARING**

Pursuant to Fed. R. Civ. P. 11(c) and the Court's inherent authority, Plaintiff respectfully requests a hearing on this Motion for Sanctions to allow for oral argument, evidentiary clarification, and appropriate judicial findings regarding the underlying misconduct. Plaintiff is prepared to present evidence, witness declarations, and sealed material in camera as directed by the Court.

## V. REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court:

1. **Strike** the May 6, 2025 sealed affidavit and any filings derived therefrom;
2. **Impose monetary sanctions** on Sharon Jones sufficient to deter future misconduct;
3. **Refer Ms. Jones** to the Minnesota Office of Lawyers Professional Responsibility;
4. **Order disclosure or in-camera review** of LADC intake records of Michelle Cathleen Ybarra and (Index #312) by a neutral third party;
5. **Award Plaintiff fees and costs** associated with litigating this Rule 11 Motion.

Given that Assistant Attorney General Jeff Timmerman has entered appearances on behalf of multiple state defendants implicated by the underlying procedural misconduct, this Motion for Sanctions places the State of Minnesota on formal notice of discovery fraud, sealed financial manipulation, and judicial entrenchment which may implicate state liability under 42 U.S.C. §§ 1983, 1985(2), and 1986. The Court is respectfully asked to consider whether continued representation by the same counsel creates a structural conflict of interest, or at minimum, necessitates independent review.

Respectfully Submitted

5.15.2025

**/s/ Steve Salvador Ybarra**

Steve Salvador Ybarra

Pro Se Litigant

Minnesota | California

TheoryWerkx.com

Tel: 612.544.4380

Steve@TheoryWerkx.com

**Footnotes**

1. See MCRO_19AV-FA-24-839, Order Regarding Fee Waiver Request (April 2, 2024), which formally denied Michelle Ybarra's fee waiver based on findings that she was not indigent, not represented by a qualifying legal services provider, and earned above 125% of the federal poverty line.

2. Plaintiff received and reviewed February 2025 paystubs showing Michelle Ybarra's gross monthly income exceeded $4,422—well above the Legal Aid eligibility threshold. These documents were in the possession of Sharon Jones before the May 6, 2025 affidavit was submitted under seal.

3. See Federal Complaint, Ybarra v. Legal Assistance of Dakota County et al., Case No. 0:25-cv-01948 (D. Minn. Apr. 30, 2025), which outlines allegations of intake fraud, ghostwritten affidavits, and concealment of disqualifying financial information.

4. Plaintiff served a Safe Harbor Notice under Fed. R. Civ. P. 11(c)(2) to Sharon Jones on May 5, 2025, identifying the sealed affidavit and the misrepresentation of indigency as violations warranting correction or withdrawal.

5. See MCRO_19AV-FA-24-839, Order Granting Fee Waiver (May 7, 2025), issued by Judge David Lutz without unsealing the affidavit or holding a hearing on Plaintiff's Rule 11 objection.

6. Plaintiff notes that Sharon Jones, in facilitating this sealed submission despite clear ineligibility, violated both her duties under Rule 11 and the statutory ethical framework governing Minnesota legal services attorneys. See Minn. Stat. § 563.01 and Minn. R. Prof. Conduct 3.3.

7. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991) (holding that courts may sanction parties for conduct including bad-faith litigation and fraud upon the court, independent of statutory authority).

8. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) ("Rule 11 imposes a duty of reasonable inquiry, and a violation is measured at the time of filing, not after the fact.").

9. See Supplemental Declaration and Notice of Post-Judgment Developments (May 6, 2025), filed in support of Plaintiff's TRO, identifying the sealed affidavit as materially inconsistent with Ybarra's known financial circumstances.

10. See Sup. Ct. Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 245–46 (1944) (condemning

ghostwritten pleadings and characterizing them as "fraud on the court" where they are used to mislead tribunals).

11. Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 881 (2009) (requiring recusal when "the probability of actual bias on the part of the judge ... is too high to be constitutionally tolerable.").

12. Dennis v. Sparks, 449 U.S. 24, 28–29 (1980) (recognizing joint liability for private parties conspiring with a judge to deprive constitutional rights).

13. Forrester v. White, 484 U.S. 219, 228–30 (1988) (distinguishing between judicial and administrative acts for purposes of immunity).

**CERTIFICATE OF SERVICE**

I hereby certify that on **May 15, 2025**, I served a true and correct copy of the attached:
**PLAINTIFF'S MOTION FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 11 AGAINST DEFENDANT SHARON JONES**

**NOTICE OF MOTION AND MOTION FOR SANCTIONS" (Fed. R. Civ. P. 11)**

**Hearing Date (TBD) / Time / Judge Name / Courtroom**

upon the following parties by email and/or U.S. Mail:

- **Legal Assistance of Dakota County**

    Email: admin@dakotalegal.org

- **Sharon Jones, Esq.**, in her individual and official capacities

    Legal Assistance of Dakota County

    Email: sjones@dakotalegal.org

- **Keith Ellison & Assistant Attorney General Jeff Timmerman**

    Representing State Defendants for § 1983, § 1985(2), § 1986, and civil RICO § 1962(d) for systemic deprivation of parental rights through judicial misconduct, sealed fraud, coordinated litigation abuse, and state-sponsored retaliation.

- **Michelle Cathleen Ybarra**, Respondent

    Email: shellbel1@hotmail.com

This notice was served to all named parties via email where available and U.S. Mail where necessary, consistent with Fed. R. Civ. P. 5(b) and Local Rule 7.1.

Respectfully submitted,

/s/ **Steve Salvador Ybarra**

Pro Se Litigant

Minnesota | California

Steve@TheoryWerkx.com

(612) 544-4380

Executed May 15, 2025

10