Steve Salvador Ybarra

Pro Se Litigant

Minnesota | California

TheoryWerkx.com

Tel: 612.544.4380

Steve@TheoryWerkx.com

RECEIVED
MAY 19 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

Steve Salvador Ybarra
Self-Represented
Pro Se Litigant,

    Plaintiff,

v.

Legal Assistance of Dakota County;
Sharon Jones Esq., in her Individual and
Official capacities;
Hon. David Lutz, in his individual and
Official capacities;
Hon. Tanya Obrien, in her individual and official capacities;
Hon. Dannia L Edwards, in her individual and official capacities;
Lydia Clemens, in her individual and official capacities;
Michelle Cathleen Ybarra,
Attorney General Keith Ellison, in his individual and
Official capacities;
Assistant Attorney General Jeff Timmerman, in his individual and
Official capacities;

    Defendants.

No. 0:25-cv-01948-KMM-DJF

**PLAINTIFF'S MOTION TO DISQUALIFY THE MINNESOTA ATTORNEY GENERAL'S OFFICE AS COUNSEL FOR CODEFENDANTS DUE TO CONFLICT OF INTEREST AND ETHICAL INCOMPATIBILITY**

SCANNED
MAY 19 2025
U.S. DISTRICT COURT MPLS

1

**INTRODUCTION**

Plaintiff Steve Salvador Ybarra respectfully moves this Court for an order disqualifying the Minnesota Attorney General's Office ("AGO") from representing any defendants in this matter aside from Attorney General Keith Ellison and Assistant Attorney General Jeff Timmerman, both of whom are named in their **individual and official capacities**.

This motion arises from a direct and irreconcilable **conflict of interest**: the AGO is attempting to represent parties whose alleged conduct is part of a unified civil conspiracy involving **sealed procedural fraud, institutional entrenchment, and retaliatory litigation strategy**—while two of its own senior officers are personally named as defendants in that same conspiracy.

**LEGAL STANDARD**

Disqualification is governed by the Court's inherent authority to preserve ethical integrity and fairness in judicial proceedings. See *United States v. Agosto*, 675 F.2d 965, 969 (8th Cir. 1982). Courts apply **Minnesota Rules of Professional Conduct** 1.7, 1.9, and 1.10, which prohibit concurrent representation of parties with materially adverse interests, or where prior involvement creates an appearance of impropriety. See *State v. Holmes*, 705 N.W.2d 678, 684 (Minn. 2005).

Where counsel is personally implicated in misconduct and simultaneously represents co-defendants accused of shielding that misconduct, disqualification is not only warranted—it is **necessary to preserve the appearance of impartiality and public trust in the judicial process**. See *Wheat v. United States*, 486 U.S. 153, 160 (1988).

FACTUAL BASIS FOR DISQUALIFICATION

1. **The AGO has been served with a First Amended Complaint** (filed May 17, 2025) naming both Keith Ellison and Jeff Timmerman in their **personal and official capacities** for civil rights violations and civil RICO conspiracy.

2. **Jeff Timmerman is currently attempting to represent multiple co-defendants** despite being a named RICO and civil rights defendant who served in Dakota County government during the exact period where sealed fraud, GAL collusion, and intake suppression were implemented.

3. To date, the AGO has made no showing that Timmerman was screened, nor has it disclosed any conflict review process under Rule 1.10(b). Silence in this context constitutes presumptive violation.

4. The Amended Complaint and supporting Rule 11 motion detail Timmerman's refusal to recuse, concealment of conflicts, and ongoing entrenchment in the litigation strategy used to suppress discovery and sealed procedural fraud.

5. **The AGO's continued representation of other parties—such as Legal Assistance of Dakota County or judicially affiliated actors—places it in direct conflict** with its duty to defend its own officials versus co-defendants who may offer materially adverse defenses.

6. The AGO has failed to wall off Timmerman or take appropriate measures to ethically bifurcate representation.

7. If LADC or Sharon Jones asserts a defense that places blame on the AGO's oversight of intake fraud or sealed affidavits, it will be materially adverse to Ellison and Timmerman's defense posture—creating an irreconcilable conflict.

ARGUMENT

I. The AGO's Continued Representation of Co-Defendants Violates Rule 1.7 and 1.9 of the Minnesota Rules of Professional Conduct

Rule 1.7 prohibits concurrent representation of clients whose interests are

3

directly adverse, or where the representation creates a significant risk that representation of one client will be materially limited by responsibilities to another. Here, the AGO is representing clients whose interests are functionally opposed to Ellison and Timmerman—**including institutions that may blame them for authorizing or executing the fraud at issue.**

## II. Assistant Attorney General Timmerman's Involvement as Counsel and Defendant Creates a Structural Ethics Violation

Rule 1.10(a) imputes a conflict from one attorney to the entire office. Timmerman's active role in the facts underlying the RICO conspiracy—combined with his refusal to recuse—renders the entire AGO ethically compromised from defending co-defendants. See *City of Minneapolis v. Simple Homes, LLC*, No. 27-CV-19-19155 (Minn. Dist. Ct. Oct. 2020). Disqualification is not punitive—it is curative. It preserves independent advocacy and ensures co-defendants may assert defenses without ethical entanglement.

## III. Disqualification Is Necessary to Preserve the Integrity of These Proceedings

The AGO cannot ethically or constitutionally defend parties while two of its senior personnel are themselves under federal scrutiny for participating in a racketeering enterprise. Continued representation compromises the rights of all parties and undermines the court's duty to preserve independent process. See *In re Grand Jury Investigation*, 447 F. Supp. 2d 453, 456 (E.D. Pa. 2006).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Disqualify the Minnesota Attorney General's Office from representing any

4

defendants other than Ellison and Timmerman;

2. Continued representation by conflicted counsel places Plaintiff at risk of structural disadvantage, taints any discovery involving AGO actors, and invites reversible error.

3. Require conflicted parties to obtain independent counsel;

4. Order the AGO to file a declaration identifying any conflict screening, internal memos, or ethical review conducted since service of the Amended Complaint;

5. Grant any further relief the Court deems necessary to preserve impartiality and prevent prejudice.

Respectfully submitted,

**/s/ Steve Salvador Ybarra**

Steve Salvador Ybarra

Pro Se Litigant

California | Minnesota

Email: Steve@TheoryWerkx.com

Phone: (612) 544-4380

Footnotes (All citations to U.S.C. and Federal Rules unless otherwise noted)

United States v. Agosto, 675 F.2d 965, 969 (8th Cir. 1982) ("Disqualification is a measure designed to prevent the unfair advantage that arises from conflicting duties and obligations of an attorney.").

Minn. R. Prof. Conduct 1.7(a) prohibits representation of a client if the representation involves a concurrent conflict of interest, including where the representation of one client will be directly adverse to another client.

Minn. R. Prof. Conduct 1.9(a) bars an attorney from representing a new client in a matter that is the same or substantially related to a matter involving a former client if the interests are materially adverse and the former client has not given informed consent.

Minn. R. Prof. Conduct 1.10(a) provides that a conflict of interest under Rule 1.7 or 1.9 is

imputed to all lawyers in a firm or government office unless appropriate screening procedures are implemented and disclosed.

> State v. Holmes, 705 N.W.2d 678, 684 (Minn. 2005) (affirming disqualification of counsel where ethical conflicts undermined public confidence in impartiality and fairness of the proceedings).

> Wheat v. United States, 486 U.S. 153, 160 (1988) (courts have "an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them").

> City of Minneapolis v. Simple Homes, LLC, No. 27-CV-19-19155 (Minn. Dist. Ct. Oct. 2020) (district court disqualified entire department where prior participation by one member created office-wide conflict under Rule 1.10).

> In re Grand Jury Investigation, 447 F. Supp. 2d 453, 456 (E.D. Pa. 2006) (disqualifying U.S. Attorney's Office where assistant attorney was a fact witness in the matter under investigation).

**CERTIFICATE OF SERVICE**

I hereby certify that on **May 18, 2025**, I served a true and correct copy of the attached:

**PLAINTIFF'S MOTION TO DISQUALIFY THE MINNESOTA ATTORNEY GENERAL'S OFFICE AS COUNSEL FOR CODEFENDANTS DUE TO CONFLICT OF INTEREST AND ETHICAL INCOMPATIBILITY**

upon the following parties by email and/or U.S. Mail:

- **Legal Assistance of Dakota County**
  Email: admin@dakotalegal.org
- **Sharon Jones, Esq.**, in her individual and official capacities
  Legal Assistance of Dakota County
  Email: sjones@dakotalegal.org
- **Jeff Timmerman** he/him/his

Email: (confidential)

Tel: (Confidential)

- **Michelle Cathleen Ybarra**, Respondent

    Email: shellbel1@hotmail.com

This notice was served to all named parties via email where available and U.S. Mail where necessary, consistent with Fed. R. Civ. P. 5(b) and Local Rule 7.1.

Respectfully submitted,

/s/ **Steve Salvador Ybarra**

Pro Se Litigant

Steve@TheoryWerkx.com

(612) 544-4380

Executed May 17, 2025