Steve Salvador Ybarra

Pro Se Litigant

Minnesota | California

TheoryWerkx.com

Tel: 612.544.4380

Steve@TheoryWerkx.com

RECEIVED
MAY 19 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Steve Salvador Ybarra<br>Self-Represented<br>Pro Se Litigant,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Legal Assistance of Dakota County;<br>Sharon Jones Esq., in her Individual and<br>Official capacities;<br>Hon. David Lutz, in his individual and<br>Official capacities;<br>Hon. Tanya Obrien, in her individual and official capacities;<br>Hon. Dannia L Edwards, in her individual and official capacities;<br>Lydia Clemens, in her individual and official capacities;<br>Michelle Cathleen Ybarra,<br>Attorney General Keith Ellison, in his individual and<br>Official capacities;<br>Assistant Attorney General Jeff Timmerman, in his individual and Official capacities;<br><br>　　　　　　Defendants. | No. 0:25-cv-01948-KMM-DJF<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' ANTICIPATED MOTION TO DISMISS UNDER RULE 12(b)(6)** |

SCANNED
MAY 19 2025
U.S. DISTRICT COURT MPLS

1

## INTRODUCTION

Plaintiff Steve Salvador Ybarra respectfully submits this memorandum in opposition to any motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which may be filed by Defendants Attorney General Keith Ellison, Assistant Attorney General Jeff Timmerman, and other named parties. Plaintiff's Amended Complaint alleges constitutional violations under 42 U.S.C. §§ 1983, 1985(2), and 1986, as well as a civil RICO conspiracy under 18 U.S.C. § 1962(d), all supported by specific factual allegations and binding precedent.

This is not a generalized grievance nor a state court appeal. It is a targeted federal action arising from a closed and retaliatory litigation system sustained through sealed fraud, structural bias, and institutional concealment. Plaintiff's allegations are not only plausible, but legally sufficient under Twombly and Iqbal.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court must accept all factual allegations as true and draw all reasonable inferences in Plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## ARGUMENT

**I. The Complaint Plausibly Alleges Violations of 42 U.S.C. § 1983 by Ellison and Timmerman in Their Individual Capacities**

The Amended Complaint alleges that both Ellison and Timmerman had actual and constructive notice of ongoing sealed fraud, judicial collusion, and due process violations, yet continued to authorize or personally execute litigation defense strategies that perpetuated those violations. See *Langford v. Norris*, 614 F.3d 445, 461 (8th Cir. 2010); *Young v. City of Little Rock*, 249 F.3d 730, 735 (8th Cir. 2001).

The claim is not based on disagreement with legal strategy, but on the deliberate suppression of sealed discovery, conflict concealment, and retaliation against protected court speech, which courts have found to constitute independent constitutional violations. See *Pulliam v. Allen*, 466 U.S. 522, 536 (1984).

**II. The Complaint States a Valid Claim Under § 1985(2) and § 1986 for Conspiracy and Supervisory Inaction**

Defendants' coordinated suppression of material discovery, concealment of GAL authorship fraud, and courtroom retaliation comprise a pattern of obstruction actionable under § 1985(2). Their intent to chill Plaintiff's federal court access through sealed misrepresentation and procedural retaliation satisfies the standard for conspiracy to interfere with civil rights. See *Snell v. Tunnell*, 920 F.2d 673, 701 (10th Cir. 1990).

Ellison's continued silence despite multiple served pleadings creates liability under § 1986. Supervisory officials with actual notice of unlawful conduct who fail to act are not shielded. *Gomez v. Toledo*, 446 U.S. 635 (1980).

**III. The Complaint Sufficiently Pleads Civil RICO Conspiracy Under 18 U.S.C. § 1962(d)**

Plaintiff alleges predicate acts including mail and wire fraud (§§ 1341, 1343), obstruction of justice (§ 1503), honest services fraud (§ 1346), and witness retaliation (§ 1512). These are detailed with dates, context, and institutional relationships. Participation in a RICO enterprise does not require commission of all predicate acts. See *Salinas v. United States*, 522 U.S. 52, 63 (1997); *United States v. Gonzalez-Perez*, 870 F.3d 296, 305 (5th Cir. 2017).

Even state actors may be civil RICO defendants. See *George v. Urban Settlement Servs.*, 833 F.3d 1242, 1251 (10th Cir. 2016). The Amended Complaint pleads a continuing enterprise coordinated by Legal Aid attorneys, judges with prior LADC ties, GAL actors, and AG personnel.

**IV. Immunity and Abstention Doctrines Do Not Apply**

Defendants acting in administrative, not adjudicatory, roles are not protected by judicial immunity. See *Forrester v. White*, 484 U.S. 219 (1988). Prosecutorial immunity does not apply where no quasi-judicial prosecutorial discretion was exercised. See *Hafer v. Melo*, 502 U.S. 21 (1991).

*Younger* abstention is not triggered where federal relief is sought to prevent ongoing irreparable constitutional harm, particularly where the state forum is structurally biased and hostile to federal rights. See *Trainor v. Hernandez*, 431 U.S. 434, 446 (1977).

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny any motion to dismiss under Rule 12(b)(6) and allow discovery to proceed.

Respectfully submitted,

**/s/ Steve Salvador Ybarra**

Steve Salvador Ybarra

Pro Se Litigant

California | Minnesota

Email: Steve@TheoryWerkx.com

Phone: (612) 544-4380

Footnotes (All citations to U.S.C. and Federal Rules unless otherwise noted)

1. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").
2. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that a complaint must allege "enough facts to state a claim to relief that is plausible on its face").
3. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (pro se complaints are to be liberally construed, and courts should draw all reasonable inferences in favor of the plaintiff).

4. *Langford v. Norris*, 614 F.3d 445, 461 (8th Cir. 2010) (state officials who fail to remedy known constitutional violations are not entitled to qualified immunity).

5. *Young v. City of Little Rock*, 249 F.3d 730, 735 (8th Cir. 2001) (supervisory officials may be held liable where they are deliberately indifferent to known constitutional misconduct).

6. *Pulliam v. Allen*, 466 U.S. 522, 536 (1984) (judicial immunity does not bar prospective injunctive relief against unconstitutional judicial conduct).

7. *Snell v. Tunnell*, 920 F.2d 673, 701 (10th Cir. 1990) (continuing participation in a civil rights conspiracy after notice constitutes an overt act).

8. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (a public official may be held liable under § 1983 when they know of a constitutional violation and fail to intervene).

9. *Salinas v. United States*, 522 U.S. 52, 63–65 (1997) (a defendant may be liable for RICO conspiracy even if they did not personally commit predicate acts).

10. *United States v. Gonzalez-Perez*, 870 F.3d 296, 305 (5th Cir. 2017) (conspiracy liability under RICO attaches to those who join or help conceal an ongoing enterprise).

11. *George v. Urban Settlement Servs.*, 833 F.3d 1242, 1251 (10th Cir. 2016) (public and private actors may be held liable under civil RICO for enterprise-based fraud).

12. *Forrester v. White*, 484 U.S. 219, 229 (1988) (judges are not immune from liability for administrative or nonjudicial acts).

13. *Hafer v. Melo*, 502 U.S. 21, 25–31 (1991) (state officials can be sued in their individual capacities under § 1983 for actions taken under color of state law).

14. *Trainor v. Hernandez*, 431 U.S. 434, 446 (1977) (Younger abstention does not apply where irreparable constitutional harm results from a biased or inadequate forum).

**CERTIFICATE OF SERVICE**

I hereby certify that on **May 17, 2025**, I served a true and correct copy of the attached:

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' ANTICIPATED MOTION TO DISMISS UNDER RULE 12(b)(6)**

5

upon the following parties by email and/or U.S. Mail:

- **Legal Assistance of Dakota County**

    Email: admin@dakotalegal.org

- **Sharon Jones, Esq.**, in her individual and official capacities

    Legal Assistance of Dakota County

    Email: sjones@dakotalegal.org

- **Jeff Timmerman** he/him/his

    Email: (confidential)

    Tel: (Confidential)

- **Michelle Cathleen Ybarra**, Respondent

    Email: shellbel1@hotmail.com

This notice was served to all named parties via email where available and U.S. Mail where necessary, consistent with Fed. R. Civ. P. 5(b) and Local Rule 7.1.

Respectfully submitted,

/s/ **Steve Salvador Ybarra**

Pro Se Litigant

Steve@TheoryWerkx.com

(612) 544-4380

Executed May 17, 2025