Steve Salvador Ybarra

Pro Se Litigant

Minnesota | California

TheoryWerkx.com

Tel: 612.544.4380

Steve@TheoryWerkx.com



UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Steve Salvador Ybarra<br>Self-Represented<br>Pro Se Litigant,<br><br>    Plaintiff,<br><br>  v.<br><br>Legal Assistance of Dakota County;<br>Sharon Jones Esq., in her Individual and<br>Official capacities;<br>Hon. David Lutz, in his individual and<br>Official capacities;<br>Hon. Tanya Obrien, in her individual and official capacities;<br>Hon. Dannia L Edwards, in her individual and official capacities;<br>Lydia Clemens, in her individual and official capacities;<br>Michelle Cathleen Ybarra,<br>Attorney General Keith Ellison, in his individual and<br>Official capacities;<br>Assistant Attorney General Jeff Timmerman, in his individual and Official capacities;<br><br>    Defendants. | No. . 0:25-cv-01948-KMM-DJF<br><br>**PLAINTIFF'S STATEMENT OF DAMAGES IN SUPPORT OF MONETARY RELIEF, SETTLEMENT CONSIDERATION, AND NOTICE OF READINESS FOR TRIAL** |



1

# PLAINTIFF'S STATEMENT OF DAMAGES IN SUPPORT OF MONETARY RELIEF, SETTLEMENT CONSIDERATION, AND RECOGNITION OF LITIGATION-INDUCED COLLAPSE

Plaintiff Steve Salvador Ybarra submits the following blended statement of damages and request for monetary relief under 42 U.S.C. §§ 1983, 1985(2), and 18 U.S.C. § 1964(c) (RICO), along with a declaration of litigation-induced collapse supported by constitutional authority and request for structured resolution or trial scheduling.

## 1. Compensatory Damages

Plaintiff has now been denied access to his minor children for over eight (8) months due to a procedurally sealed fraud pattern involving false affidavits, judicial concealment, contempt-based retaliation, and ongoing obstruction. These events have caused compounding harm.

- **Loss of parental time and consortium (8 months)**: $400,000
- **Emotional distress and mental anguish**: $250,000
- **Litigation costs, filings, research, opportunity cost, and life disruption**: $2,355,000
- **Reputational injury and sealed contempt threats**: $75,000

**Subtotal (Compensatory Damages): $3,080,000**

Effective May 2025, Plaintiff reserves the right to increase compensatory damages by **$50,000 per month** for each additional month of deprivation, retaliation, and delay.

## 2. Punitive Damages

Punitive damages are warranted under *Smith v. Wade*, 461 U.S. 30 (1983) due to repeated acts of willful concealment, post-notice entrenchment, and deliberate

suppression of Plaintiff's constitutional rights:

- **Sharon Jones** (sealed affidavit fraud): $150,000
- **Michelle Ybarra** (documented perjury and concealment): $100,000
- **Judge David Lutz** (retaliatory threats, suppression, Canon violations): $150,000
- **Lydia Clemens** (neutrality breach, suppression of CPS recission): $100,000
- **Jeff Timmerman** (Rule 11 violations, concealment of sealed Exhibit 312): $150,000
- **Keith Ellison** (enterprise ratification and systemic oversight failure): $150,000

**Subtotal (Punitive Damages): $800,000**

### 3. RICO Treble Damages (18 U.S.C. § 1964(c))

Due to enterprise-level entrenchment by Legal Aid, judicial actors, and the Office of the Attorney General, Plaintiff seeks treble damages for financial and constitutional deprivation.

- **Base Losses (economic/litigation)**: $300,000
- **Treble under 18 U.S.C. § 1964(c)**: $900,000

**TOTAL DAMAGES DEMANDED: $4,780,000**

Plaintiff submits this damages statement in conjunction with his prior Emergency Motion for Financial Relief, previously filed under Elrod v. Burns, Boddie v. Connecticut, and Tennessee v. Lane, documenting that:

- Plaintiff has been effectively locked out of his children's lives and judicial recourse
- He is four months behind on rent, facing eviction, with utilities disconnected
- He has invested over 3,000 hours in litigation, without relief, access, or response

3

This is not delay—this is **judicial entrenchment weaponized against a protective parent** through sealed process and government-backed obstruction.

Plaintiff remains open to a structured, global resolution that includes:

- Vacatur of all protective orders and sealed contempt findings
- Correction of the public and sealed record
- Restoration of unimpeded parenting time
- Financial compensation and acknowledgment of procedural harm
- Permanent non-retaliation protections

Absent such a resolution, Plaintiff is trial-ready and hereby requests this matter be set for jury trial.

Respectfully submitted,

/s/ Steve Salvador Ybarra

Steve Salvador Ybarra

Pro Se Litigant

California | Minnesota

Email: Steve@TheoryWerkx.com

Phone: (612) 544-4380

Footnotes (All citations to U.S.C. and Federal Rules unless otherwise noted)

1. *Carey v. Piphus*, 435 U.S. 247, 263–64 (1978) *(compensatory damages may be awarded for loss of parental liberty and constitutional due process violations)*.
2. *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307–09 (1986) *(emotional distress damages are recoverable for violations of constitutional rights under § 1983)*.
3. *Fox v. Vice*, 563 U.S. 826, 834–35 (2011) *(litigants may recover reasonable costs and burdens tied directly to vindication of constitutional claims)*.
4. *Owen v. City of Independence*, 445 U.S. 622, 633–34 (1980) *(reputational damage is actionable where caused by state actor misuse of power)*.
5. *Smith v. Wade*, 461 U.S. 30, 51–56 (1983) *(punitive damages available under § 1983 for reckless or callous disregard of*

*federally protected rights).*

6. *18 U.S.C. § 1964(c); see George v. Urban Settlement Servs., 833 F.3d 1242, 1251 (10th Cir. 2016) (RICO liability may extend to public-private entities engaging in enterprise fraud).*

7. *Elrod v. Burns, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.").*

8. *Boddie v. Connecticut, 401 U.S. 371, 377–78 (1971) (access to courts is a fundamental due process right where civil liberty interests are at stake).*

9. *Tennessee v. Lane, 541 U.S. 509, 523–24 (2004) (denial of meaningful access to courts implicates both due process and equal protection under the Constitution).*

## CERTIFICATE OF SERVICE

I hereby certify that on **May 18, 2025**, I served a true and correct copy of the attached:

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' ANTICIPATED MOTION TO DISMISS UNDER RULE 12(b)(6)**

upon the following parties by email and/or U.S. Mail:

- **Legal Assistance of Dakota County**

  Email: admin@dakotalegal.org

- **Sharon Jones, Esq.**, in her individual and official capacities

  Legal Assistance of Dakota County

  Email: sjones@dakotalegal.org

- **Jeff Timmerman** he/him/his

  Email: (confidential)

  Tel: (Confidential)

- **Michelle Cathleen Ybarra**, Respondent

Email: shellbel1@hotmail.com

This notice was served to all named parties via email where available and U.S. Mail where necessary, consistent with Fed. R. Civ. P. 5(b) and Local Rule 7.1.

Respectfully submitted,

/s/ **Steve Salvador Ybarra**

Pro Se Litigant

Steve@TheoryWerkx.com

(612) 544-4380

Executed May 17, 2025