Steve Salvador Ybarra

Pro Se Litigant

Minnesota | California

TheoryWerkx.com

Tel: 612.544.4380

Steve@TheoryWerkx.com

RECEIVED
MAY 19 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Steve Salvador Ybarra<br>Self-Represented<br>Pro Se Litigant,<br><br>    Plaintiff,<br><br>  v.<br><br>Legal Assistance of Dakota County;<br>Sharon Jones Esq., in her Individual and<br>Official capacities;<br>Hon. David Lutz, in his individual and<br>Official capacities;<br>Hon. Tanya Obrien, in her individual and official capacities;<br>Hon. Dannia L Edwards, in her individual and official capacities;<br>Lydia Clemens, in her individual and official capacities;<br>Michelle Cathleen Ybarra,<br>Attorney General Keith Ellison, in his individual and<br>Official capacities;<br>Assistant Attorney General Jeff Timmerman, in his individual and<br>Official capacities;<br><br>    Defendants. | No. . 0:25-cv-01948-KMM-DJF<br><br>**JUDICIAL NOTICE OF CONTRADICTORY REPRESENTATION, CONFLICT ENTRENCHMENT, AND UNAUTHORIZED FILINGS UNDER FEDERAL AND STATE LAW** |

SCANNED
MAY 19 2025
U.S. DISTRICT COURT MPLS

**PRELIMINARY STATEMENT**

This notice arises from a live and escalating procedural conflict in which a named defendant, Assistant Attorney General Jeff Timmerman, is now attempting to litigate on behalf of unrepresented co-defendants—including Legal Assistance of Dakota County—after receiving formal Rule 11(c)(2) notice of fraud, sealed misconduct, and evidentiary suppression. This conduct exposes the integrity of all pending defense pleadings and places the Court in a position of direct adjudication over counsel conduct and due process entrenchment.

Plaintiff Steve Salvador Ybarra respectfully submits this Judicial Notice to alert the Court to contradictory representations and ethically impermissible litigation conduct by Assistant Attorney General Jeff Timmerman, who is now both a named Defendant in this matter and counsel of record for other co-Defendants.

On **May 14, 2025**, Mr. Timmerman expressly stated in writing:
*"I represent Ms. Clemens and Judges Lutz, Edwards, and O'Brien in the lawsuit. I do not represent Ms. Ybarra, Ms. Jones, or Legal Assistance of Dakota County."*

However, on May 16, 2025, after being served with a Rule 11(c)(2) motion specifically targeting Defendant Sharon Jones of Legal Assistance of Dakota County for submitting a ghostwritten affidavit in furtherance of sealed financial fraud—signed and entered by Hon. Judge David Lutz—Mr. Timmerman disregarded the notice and reaffirmed the State's intent to proceed, stating:
*"We will be filing our motion to dismiss Monday, along with a response to your*

*multiple motions..."*

The shift from non-representation to collective litigation posture constitutes unauthorized representation of co-Defendants Sharon Jones and Legal Assistance of Dakota County (LADC), both of whom currently lack counsel of record. LADC, as a corporate entity, may not appear pro se. See *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973 (9th Cir. 2004).

## I. CONFLICT OF INTEREST UNDER PROFESSIONAL CONDUCT RULES

Mr. Timmerman, a party to this litigation, is attempting to represent adverse co-Defendants whose defenses may materially conflict with his own. This violates:

- **Minn. R. Prof. Conduct 1.7(a)** – concurrent conflict of interest;
- **Rule 1.9(a)** – former client conflict (Timmerman previously worked for Dakota County);
- **Rule 1.10(a)** – conflict imputed to the entire Office of the Attorney General;
- **Rule 1.16(a)(1)** – mandatory withdrawal where continued representation violates ethics rules.

Minnesota case law recognizes disqualification is required where an attorney's ongoing participation may compromise client confidentiality or impair the integrity of the judicial process. See *In re T.D.F.*, 900 N.W.2d 327, 333 (Minn. Ct. App. 2017).

## II. PROCEDURAL MISCONDUCT UNDER RULE 11 AND FEDERAL AUTHORITY

Plaintiff served a Rule 11(c)(2) motion on Mr. Timmerman on **May 16, 2025**,

identifying sealed affidavit fraud and improper litigation conduct by Ms. Jones. That motion triggered the 21-day safe harbor period. Filing any responsive pleading or motion on behalf of Ms. Jones or LADC prior to withdrawal or substitution of counsel constitutes an additional Rule 11(b)(1) and (b)(3) violation.

The Tenth Circuit has held that continued participation in a civil rights conspiracy following actual notice constitutes a new overt act. See *Snell v. Tunnell*, 920 F.2d 673, 701 (10th Cir. 1990). The Supreme Court has likewise affirmed that Rule 11 sanctions are warranted when an attorney persists in filing procedurally retaliatory or unsupported motions after formal notice. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

### III. STATE COURT PRECEDENT AND PROCEDURAL AUTHORITY

Under **Minn. R. Civ. P. 11.02**, which parallels the federal rule, every filing must be:

"well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law."

Further, under **Minn. R. Civ. P. 5.02**, a party must be properly served and may not appear through conflicted or unqualified representation.

### IV. PLAINTIFF'S POSITION

Plaintiff respectfully places the Court on notice that any Motion to Dismiss filed by Mr. Timmerman on behalf of Ms. Jones or LADC will be procedurally improper, ethically conflicted, and in direct violation of Rule 11 safe harbor protections.

Absent immediate correction or substitution of independent counsel for Ms. Jones and LADC, Plaintiff reserves the right to:

- Move to strike any such filings;

4

- Seek sanctions under Fed. R. Civ. P. 11(c);
- File a Motion for Entry of Default;
- Refer Mr. Timmerman's conduct to the Minnesota OLPR for disciplinary review.

Respectfully submitted,

**/s/ Steve Salvador Ybarra**

Steve Salvador Ybarra

Pro Se Litigant

California | Minnesota

Email: Steve@TheoryWerkx.com

Phone: (612) 544-4380

Footnotes (All citations to U.S.C. and Federal Rules unless otherwise noted)

1. See Fed. R. Civ. P. 11(c)(2) ("The motion must be served under Rule 5, but must not be filed or presented to the court if the challenged paper... is withdrawn or appropriately corrected within 21 days after service.").

2. See Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993) ("A corporation may appear in the federal courts only through licensed counsel."); see also D-Beam Ltd. P'ship v. Roller Derby Skates, Inc., 366 F.3d 972, 973–74 (9th Cir. 2004) (affirming default judgment against unrepresented corporate party).

3. Minn. R. Prof. Conduct 1.7(a) (conflict exists where "representation of one client will be directly adverse to another client" or "a significant risk" exists that representation will be materially limited).

4. Minn. R. Prof. Conduct 1.10(a) (conflict of one attorney is imputed to all lawyers in the same firm or public office unless proper screening and notice procedures are observed).

5. In re T.D.F., 900 N.W.2d 327, 333 (Minn. Ct. App. 2017) (disqualification required where representation would undermine impartiality or pose material risk to fairness).

6. Snell v. Tunnell, 920 F.2d 673, 701 (10th Cir. 1990) ("Continuing participation in a civil rights conspiracy after notification constitutes an overt act for purposes of 42 U.S.C. § 1985.").

7. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (federal courts may sanction bad-faith conduct even if it violates no express rule or statute).

8. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990) (Rule 11 applies to pleadings signed and filed without sufficient investigation or basis in fact).

9. Minn. R. Civ. P. 11.02 (attorney or party certifies that filing is "well grounded in fact" and not presented for improper purpose).

10. Minn. R. Civ. P. 5.02 (service required under procedural rules; unauthorized filings or appearances by non-lawyers or conflicted counsel are prohibited).

**CERTIFICATE OF SERVICE**

I hereby certify that on **May 17, 2025**, I served a true and correct copy of the attached:
**JUDICIAL NOTICE OF CONTRADICTORY REPRESENTATION, CONFLICT ENTRENCHMENT, AND UNAUTHORIZED FILINGS UNDER FEDERAL AND STATE LAW**

upon the following parties by email and/or U.S. Mail:

- **Legal Assistance of Dakota County**

    Email: admin@dakotalegal.org

- **Sharon Jones, Esq.**, in her individual and official capacities

    Legal Assistance of Dakota County

    Email: sjones@dakotalegal.org

- **Jeff Timmerman** he/him/his

    Email: (confidential)

    Tel: (Confidential)

- **Michelle Cathleen Ybarra**, Respondent

    Email: shellbel1@hotmail.com

This notice was served to all named parties via email where available and U.S. Mail where necessary, consistent with Fed. R. Civ. P. 5(b) and Local Rule 7.1.

Respectfully submitted,

/s/ **Steve Salvador Ybarra**

Pro Se Litigant

6

Steve@TheoryWerkx.com

(612) 544-4380

Executed May 17, 2025