# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Steve Salvador Ybarra,

  Plaintiff,

vs.

Legal Assistance of Dakota County, et al.,

  Defendants.

Case No. 25-CV-01948 (KMM/DJF)

**BRIEF OPPOSING PLAINTIFF'S EMERGENCY MOTIONS FOR EQUITABLE RELIEF**

---

In the two weeks since he commenced this case, Plaintiff Steve Salvador Ybarra has filed three motions, a slew of "notices," and many declarations and briefs (and unsolicited supplemental briefs). The motions seek "emergency" equitable relief, including a temporary restraining order and preliminary injunctions that would effectively grind his ongoing state-court dissolution and custody case to a complete halt.[1]

Together, the Equitable Motions seek to:

- Enjoin all proceedings in the state court case, including the trial scheduled in June;
- Enjoin enforcement of custody, parenting time, visitation, and other orders in the state court case;
- Enjoin the state court from conducting any further hearings or deciding any pending motion absent "federal review";
- Compel production of documents in the state court case;

---

[1] The first motion, entitled *Emergency Motion for Temporary Restraining Order and Preliminary Injunction*, was served with Mr. Ybarra's Complaint but has not been docketed. The second motion, entitled *Emergency Equitable and Constitutional Relief Due to Litigation-Induced Collapse*, is docketed at ECF No. 18. The third motion, entitled *Plaintiff's Motion for Preliminary Injunction*, is docketed at ECF No. 23. They are hereinafter referred to collectively as the "Equitable Motions."

1

- Overturn protective orders in the state court case;
- Remove Judge David Lutz and Guardian Ad Litem (GAL) Lydia Clemens from the state court case;
- Enjoin the state court from relying on GAL Clemens' reports and recommendations;
- Enjoin Ms. Ybarra's counsel from further representing her in the state court case;
- Compel an "evidentiary review" of GAL Clemens' reports and recommendations;
- Declare that state court has violated Mr. Ybarra's "constitutional parenting rights"; and
- Impose "immediate federal oversight" of motions the state court has taken too long to decide.

(ECF No. 18 at 6; ECF No. 23 at 5.)

The State Defendants,[2] meanwhile, have moved for complete dismissal of Mr. Ybarra's claims against them under the *Younger* abstention and judicial immunity doctrines. If successful, the State Defendants' dismissal motion will render the Equitable Motions moot.

Nevertheless, the Equitable Motions must be denied out-of-hand. The Court lacks jurisdiction to entertain them. Mr. Ybarra faces no threat of irreparable harm and has no chance of prevailing on the merits of his claims. And the balance of harms and public interest disfavor equitable relief. In short, this Court should not intervene in the state court case—let alone take it over.

---

[2] "State Defendants" refers to collectively to Judges David Lutz, Dannia L. Edwards, and Tanya O. O'Brien (collectively, the Judges), Guadian Ad Litem (GAL) Lydia Clemens, Attorney General Keith Ellison, and me, Assistant Attorney General Jeff Timmerman.

# ARGUMENT

**I. LEGAL STANDARD**

Four factors are considered in determining whether to issue a temporary restraining order or preliminary injunction: (1) the probability that the movant will succeed on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that the injunction causes other parties; and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981); *accord S.B. McLaughlin & Co. v. Tudor Oaks Condo. Project*, 877 F.2d 707, 708 (8th Cir. 1989) (same standard applies to both forms of relief).

**II. THE *YOUNGER* ABSTENTION DOCTRINE PRECLUDES THE COURT FROM CONSIDERING THE EQUITABLE MOTIONS**

At the outset, the *Younger* abstention doctrine divests this Court of jurisdiction to award Mr. Ybarra injunctive or declaratory relief. *See Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012) (noting that when *Younger* abstention applies, "principles of comity and federalism preclude federal actions seeking injunctive or declaratory relief."). When *Younger* abstention applies, federal courts cannot consider motions for a preliminary injunction or temporary restraining order. *See Aaron v. Target Corp.*, 357 F.3d 768, 779 (8th Cir. 2004) (district court abused its discretion by issuing a preliminary injunction in light of *Younger*); *accord Guertin v. Hennepin Cnty.*, No. 24-CV-2646 (JRT/DLM), 2024 WL 4355087, at *3 (D. Minn. Sep. 30, 2024) (acknowledging *Younger*'s prohibition on considering preliminary injunction motions); *Milliman v. Lindemoen*, No. 01-CV-1563 (RHK/RLE), 2005 WL 1270844, at *5-6 (D. Minn. Apr. 29,

2005) (same for motions seeking a temporary restraining order), *adopted by* 2005 WL 1421512 (D. Minn. June 16, 2005).

The Court need proceed no further. *See Rodriguez-Sosa v. Whitaker*, No. 18-CV-3261 (PAM/KMM), 2018 WL 6727068, at *1 (D. Minn. Dec. 21, 2018) ("[W]hen a district court determines that it lacks jurisdiction over a TRO motion, it need not consider the *Dataphase* factors."). The Equitable Motions must be denied on this basis alone.

### III. ALL OF THE *DATAPHASE* FACTORS WEIGHT AGAINST EQUITABLE RELIEF

Even if the *Younger* abstention doctrine did not apply, the Equitable Motions must nonetheless be denied because Mr. Ybarra cannot carry his burden on *any* of the *Dataphase* factors. *See Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (party seeking injunction bears the burden of proving all *Dataphase* factors). It is not a close call.

#### A. Irreparable Harm

Despite his pleas to the contrary, Mr. Ybarra faces no threat of irreparable harm whatsoever if the Equitable Motions are denied. *See Roudachevski v. All-Am. Care Ctrs., Inc.*, 648 F.3d 701, 706 (8th Cir. 2011) ("[P]reliminary injunctive relief is improper absent a threat of irreparable harm."). Mr. Ybarra has an avenue to challenge the mistakes he claims the state district court has made in the family law proceeding: our state error-correcting court, the Minnesota Court of Appeals. *See Mulla v. Univ. of Minn.*, No. 20-CV-931 (SRN/LIB), 2020 WL 5249586, at *8 (D. Minn. Sep. 3. 2020) (no irreparable harm where plaintiff could petition for a writ of certiorari to the Minnesota Court of Appeals). Plus, as Mr. Ybarra's filings in this case make abundantly clear, he has already raised these same constitutional challenges in state court (and undoubtedly will continue to do so

undeterred). *See Guertin*, 2024 WL 3443840, at *2 (no irreparable harm where plaintiff "could raise his constitutional challenges in the state court"). Suffice to say, Mr. Ybarra already has an adequate legal remedy, which means he cannot demonstrate irreparable harm as a matter of law. *Watkins*, 346 F.3d at 844.

B. **Likelihood of Success on the Merits**

Next, Mr. Ybarra has *zero* likelihood of success on the merits, because the State Defendants have absolute immunity from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is immunity from suit, not just from ultimate assessment of damages."); *see also Scheffler v. Trachy*, 821 F. App'x. 648, 652 (8th Cir. 2020) (per curiam) (judicial immunity bars claims for retrospective and prospective injunctive and declaratory relief). This immunity shields the Judges, *Mireles*, 502 U.S. at 11-12, and GAL Clemens. *Arseneau v. Pudlowski*, 110 F.4th 1114, 1118 (8th Cir. 2024); *see also Myers v. Morris*, 810 F.2d 1437, 1466 (8th Cir. 1990) (a guardian ad litem's absolute immunity "extends beyond oral testimony to providing their reports and recommendations to the family court").[3] And its breadth is expansive. State court judges "are not liable to civil actions for their judicial acts," even when acting maliciously or corruptly. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) (internal quotation marks omitted). Guardians ad litem cannot be sued "even if their conduct was wrongful and illegal." *Arseneau*, 110 F.4th at 1118.

---

[3] Lest there be any doubt, judicial immunity bars RICO claims. *See Kapacs v. Jurevica*, No. 15-CV-3019 (ADM/FLN), 2016 WL 11491366, at *4 (D. Minn. Jan. 27, 2016), *adopted by* 2016 WL 829911 (D. Minn. Mar. 1, 2016), *aff'd.* 676 F. App'x. 610 (8th Cir. 2017); *see also Brady v. Ostrager*, 834 F. App'x. 616, 618 (2d Cir. 2020).

Judges lose absolute immunity in "two narrow sets of circumstances" only. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012) (citation omitted). "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S. at 11-12 (internal citations omitted). "To determine whether an act is judicial, courts look to the particular act's relation to a general function normally performed by a judge." *Justice Network Inc. v. Craighead Cnty.*, 931 F.3d 753, 760 (8th Cir. 2019) (internal quotation marks omitted). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12 (internal citations omitted). A judge's jurisdiction is construed broadly, *Schottel*, 687 F.3d at 373, and actions "taken in the very aid of the judge's jurisdiction over a matter before [them] cannot be said to have been taken in the absence of jurisdiction." *Mireles*, 502 U.S. at 13 (cleaned up). Guardians ad litem are stripped of absolute immunity only when they act beyond the scope of their judicial duties. *McCuen v. Polk Cnty.*, 893 F.2d 172, 174 (8th Cir. 1990); *accord Arseneau*, 110 F.4th at 1118.

Here, all of Mr. Ybarra's allegations against the Judges relate exclusively to actions taken in their judicial capacity within the contours of the state court family law proceeding. Likewise, Mr. Ybarra challenges reports and recommendations that GAL Clemens provided the state district court in fulfillment of her court-appointed duties. And all of the equitable relief Mr. Ybarra seeks strikes at the heart of Judge Lutz's jurisdiction over the state court case and GAL Clemens' judicial duties.

Mr. Ybarra's allegations against Attorney General Ellison and me are predicated exclusively on my "litigation defense strategy"—i.e., my defense of the Judges and GAL

Clemens. As a matter of clear law, Attorney General Ellison and I are likewise entitled to absolute immunity. *McConnell v. King*, 42 F.3d 471, 472 (8th Cir. 1994) (awarding Attorney General and Assistant Attorneys General double costs in a meritless appeal foreclosed by absolute immunity); *accord Duvall v. Elnicki*, 107 F.3d 875, 1997 WL 71690, at *1 (8th Cir. 1997) (table opinion); *Tweeton v. Frandup*, No. 06-1130 (PAM/JSM), 2006 WL 3627070, at *8 (D. Minn. Dec. 12, 2006), *aff'd.* 287 F. App'x. 541 (8th Cir. 2008).

It necessarily follows that Mr. Ybarra has no chance of succeeding on the merits of any of his claims against the State Defendants. *See Koshnick v. Lynott*, No. 20-CV-13818 (JXN) (ESK), 2021 WL 4810783, at *7 (D.N.J. Oct. 15, 2021) (judicial immunity rendered plaintiff's success on the merits unlikely); *Sanai v. McDonnell*, No. 2:18-CV-05663-SVW-AGR, 2018 WL 8731934, at *2-3 (C.D. Cal. Aug. 1, 2018) (same).

### C. Balance of Harm and Public Interest

Finally, both the third and fourth *Dataphase* factors also tip decisively in the State Defendants' favor, for two reasons. First, as with *Younger* abstention, awarding Mr. Ybarra equitable relief "would have an adverse impact on the principle of equity, comity and federalism[.]" *Robles-Ortiz v. Toledo*, No. 05-1284 (JAG), 2005 WL 2138746, at *6 (D.P.R. Sep. 2, 2005); *see also Kewadin Casinos Gaming Auth. v. Draganchuk*, 584 F. Supp. 3d 468, 476 (W.D. Mich. 2022) ("[T]here is little public interest in the district court interfering in an active state court case[.]"); *Owens-Ill., Inc. v. Levin*, 792 F. Supp. 429, 431 (D. Md. 1992) (preliminary injunction would jeopardize "the ability of the [state court] to manage its docket, an essential function of the judicial system").

Second, and more tangibly acute, halting the state court family law proceedings could conceivably (if not assuredly) impact Ms. Ybarra and the Ybarra's children—who have spent more than a year embroiled in litigation that is set for trial next month—profoundly. *E.g.*, *Crosser v. Iowa*, No. C18-0027-LRR, 2018 WL 10245907, at *3 (N.D. Iowa Mar. 15, 2018) ("[B]ecause the court does not know the effect of interceding in plaintiff's child support case, the public interest clearly weighs against enjoining those proceedings."). Moreover, equitable relief would also thwart Minnesota "strong interest in domestic relations," which is "a powerful policy consideration that indicates that the public interest [weighs] against federal court intervention[.]" *Braverman v. N.M.*, No. CIV 11-0829 JB/WDS, 2011 WL 6013587, at *24-25 (D.N.M. Oct. 19, 2011) (citing *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12-13 (2004) ("The whole subject of domestic relations of husband and wife, parent and child, belongs to the laws of the State and not to the laws of the United States.")).

* * *

To sum up, each of the four *Dataphase* factors counsels firmly against granting Mr. Ybarra any equitable relief. Thus, even if *Younger* posed no obstacle, the Equitable Motions fail completely on the merits.

## CONCLUSION

For the foregoing reasons, the State Defendants respectfully request that the Equitable Motions be denied.

| | |
|---|---|
| Dated: May 19, 2025 | Respectfully submitted |

KEITH ELLISON
Attorney General
State of Minnesota

s/ Jeff Timmerman
Jeff Timmerman
Atty. Reg. No. 0352561
Assistant Attorney General
445 Minnesota Street, Suite 1400
St. Paul, MN 55101-2131
(651) 583-7660 (Timmerman)
jeffrey.timmerman@ag.state.mn.us

Attorney for Defendants David Lutz, Tanya O'Brien, Dannia L. Edwards, Lydia Clemens, Attorney General Keith Ellison, and himself