Steve Salvador Ybarra

Pro Se Litigant

Minnesota | California

TheoryWerkx.com

Tel: 612.544.4380

Steve@TheoryWerkx.com

RECEIVED
MAY 19 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Steve Salvador Ybarra<br>Self-Represented<br>Pro Se Litigant,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Legal Assistance of Dakota County;<br>Sharon Jones Esq., in her Individual and Official capacities;<br>Hon. David Lutz, in his individual and Official capacities;<br>Hon. Tanya Obrien, in her individual and official capacities;<br>Hon. Dannia L Edwards, in her individual and official capacities;<br>Lydia Clemens, in her individual and official capacities;<br>Michelle Cathleen Ybarra,<br>Attorney General Keith Ellison, in his individual and Official capacities;<br>Assistant Attorney General Jeff Timmerman, in his individual and Official capacities;<br><br>　　　　　Defendants. | No. 0:25-cv-01948-KMM-DJF<br><br>**FIRST AMENDED COMPLAINT FOR CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C. §§ 1983, 1985(2), 1986 AND CIVIL RICO,**<br><br>**SEEKING DECLARATORY RELIEF, INJUNCTIVE RELIEF, DAMAGES, AND FEDERAL OVERSIGHT** |

SCANNED
MAY 19 2025
U.S. DISTRICT COURT MPLS

PRELIMINARY STATEMENT

This case concerns the ongoing defense of sealed procedural fraud by the Minnesota Attorney General's Office. When public officials knowingly suppress discovery, defend perjury, and use judicial affiliation to retaliate against federal pleadings, they do not preserve the rule of law—they invert it.

JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a) because this action arises under federal law, including 42 U.S.C. §§ 1983, 1985(2), 1986, and 18 U.S.C. § 1962(d). Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201–2202. Jurisdiction also lies under 18 U.S.C. § 1964(c) for civil RICO claims.

Venue is proper under 28 U.S.C. § 1391(b) because the acts and omissions giving rise to this complaint occurred in the District of Minnesota, where Plaintiff resides and where Defendants acted under color of law.

Plaintiff Steve Salvador Ybarra hereby amends the original complaint filed April 30, 2025, pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure, to include Assistant Attorney General Jeff Timmerman and Minnesota Attorney General Keith Ellison as named defendants in their individual and official capacities.

**Assistant Attorney General Jeff Timmerman** is hereby named in his individual and official capacities based on his ongoing participation in a litigation defense strategy that materially conceals past misconduct in which

2

he, as a former Dakota County official (2014–2022), had direct institutional involvement. Despite receiving formal Rule 11 notice 5.16.2025, sealed affidavit timelines, CPS reversal letters, GAL-email contamination, and documented courtroom mockery of federal claims, Mr. Timmerman neither disclosed his prior affiliations nor recused his office. Instead, he has weaponized procedural filings to shield known acts of sealed fraud, evidentiary suppression, and retaliatory judicial conduct—constituting active participation in a racketeering enterprise under 18 U.S.C. § 1962(d).

**Attorney General Keith Ellison**, as the constitutional and supervisory head of the Minnesota Attorney General's Office, is now factually and constructively on notice of the enterprise-level misconduct detailed herein. Despite the gravity of these allegations—many of which involve judicial actors, Legal Aid officials, and systemic misuse of sealed court processes—Mr. Ellison has taken no remedial or oversight action. His continued authorization of state resources to defend sealed fraud, suppress discovery, and target a pro se litigant asserting parental rights constitutes executive complicity under color of law.

**FACTUAL BACKGROUND**

1. Plaintiff is a pro se litigant and father who, from 2024 to 2025, has sought to assert parental rights and expose procedural fraud in Dakota County, Minnesota. His efforts have been met with sealed affidavits, judicial suppression, mockery, and procedural sabotage by state and quasi-state actors.

2. On April 2, 2024, the Dakota County District Court denied a fee waiver for Michelle Cathleen Ybarra based on income exceeding eligibility

3

thresholds. In 2025, sealed affidavits were submitted by Defendant Sharon Jones—attorney for Legal Assistance of Dakota County ("LADC")—falsely asserting indigency in order to secure continued legal aid and fee waivers, in violation of prior judicial findings.

3. Plaintiff served a Rule 11 safe harbor notice to Defendant Sharon Jones on May 5, 2025, identifying sealed affidavit fraud, ghostwriting, and intake concealment. On May 16, 2025, at 14:00, Plaintiff filed a Rule 11 motion in federal court and concurrently emailed Assistant Attorney General Jeff Timmerman to raise concerns of ongoing litigation fraud. Rather than address the allegations or recusal issues, Mr. Timmerman responded dismissively: "I don't believe a call would be productive. We will be filing our motion to dismiss Monday…"—a reply sent just minutes after Plaintiff's filing, confirming receipt via CM/ECF and declining any engagement on the substance of the misconduct.. Although Plaintiff's custody litigation began in 2024, Mr. Timmerman previously served as Assistant County Attorney and Employee Relations Deputy Director for Dakota County from 2014 to 2022—a period during which the same institutional relationships, personnel, and protective practices now under federal scrutiny were active. His subsequent entry as counsel in 2025, despite actual notice of these conflicts and ongoing fraud allegations, constitutes an affirmative choice to defend a structurally tainted system he formerly helped administer.

4. From April through May 2025, Plaintiff filed over a dozen pleadings and evidentiary declarations—each served on the Minnesota Attorney General's Office—detailing sealed affidavit fraud, retaliatory judicial conduct, and procedural suppression by state court actors. On May 16, 2025, after receiving a formal request to discuss ethical conflicts and discovery

4

concealment, Assistant Attorney General Jeff Timmerman responded: *"I don't believe a call would be productive. We will be filing our motion to dismiss Monday…"* Rather than engage, investigate, or address the disclosed improprieties, Mr. Timmerman confirmed the state's intent to double down on sealed fraud defense. Despite constructive and actual notice, Attorney General Keith Ellison took no supervisory action to halt or disqualify conflicted representation, instead authorizing continued litigation by personnel with direct historical ties to the entities under federal scrutiny.

This deliberate refusal to address known misconduct, once placed on record, transforms passive nonfeasance into active participation in a constitutional deprivation.

See Dennis v. Sparks, 449 U.S. 24, 28–29 (1980) (private parties who conspire with judges or public officials under color of law to deprive civil rights are equally liable under § 1983). Even officials who did not originate the violation may be held liable where they "know of and acquiesce in" ongoing constitutional violations. Gomez v. Toledo, 446 U.S. 635, 640 (1980); Doe v. Rains Cty. Indep. Sch. Dist., 66 F.3d 1402, 1412 (5th Cir. 1995).

The failure to intervene, once on actual and constructive notice, constitutes deliberate indifference.
See Farmer v. Brennan, 511 U.S. 825, 842 (1994) ("deliberate indifference entails something more than mere negligence... it is the equivalent of recklessly disregarding a known risk").

Federal courts are not required to abstain in the face of bad-faith prosecutions or proceedings conducted in a systemically biased forum. See Trainor v.

5

Hernandez, 431 U.S. 434, 446 (1977) and Pulliam v. Allen, 466 U.S. 522, 536 (1984) (abstention is inappropriate where litigants face irreparable harm from institutional bias or state procedures lacking neutrality).

When a defendant chooses to proceed in defense of known fraud after receiving formal warning, that choice becomes an overt act in a civil rights conspiracy.

See Snell v. Tunnell, 920 F.2d 673, 701 (10th Cir. 1990); Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 887 (2009) (Due Process requires recusal where past affiliations or structural entrenchment create a constitutionally intolerable risk of bias).

This silence—and subsequent procedural aggression—constitutes executive-level ratification of sealed perjury, discovery obstruction, and retaliatory defense strategy in violation of 42 U.S.C. §§ 1983, 1985(2), and 1986.

   5. At no point has the Attorney General's Office acknowledged the sealed affidavit fraud, judicial bias, or the structural entrenchment exposed in Plaintiff's federal filings. Instead, through Assistant AG Timmerman, the state has adopted a litigation strategy that suppresses material discovery and shields prior misconduct under the guise of procedural formality.

**SUMMARY OF ENTERPRISE PATTERN AND PROCEDURAL COLLUSION**

A. Ghostwritten sealed affidavits submitted under Legal Aid authority
B. Judicial suppression of CPS recission emails contradicting supervision orders

6

C. GAL and Legal Aid collusion in report drafting and authorship coordination

D. Structural conflict via former LADC official (Timmerman) now defending fraud

E. Retaliatory contempt threats used to chill protected federal speech

F. Attorney General Keith Ellison's passive ratification of sealed fraud and hostile judicial posture

**COUNT VI — VIOLATION OF 42 U.S.C. § 1983 (COLOR OF LAW)**

Defendants Keith Ellison and Jeff Timmerman, acting under color of state law in their individual and official capacities, knowingly authorized and perpetuated the defense of sealed fraud, judicial entrenchment, and obstruction of discovery in a matter where they possessed actual and constructive knowledge of constitutional violations.

The Eighth Circuit has long held that state officials who "fail to remedy known constitutional violations when they had the power to do so" are not shielded by qualified immunity. Langford v. Norris, 614 F.3d 445, 461 (8th Cir. 2010). This extends to supervisory and legal actors who defend unlawful conduct without correction. See Young v. City of Little Rock, 249 F.3d 730, 735 (8th Cir. 2001) (failure to intervene in rights deprivations after notice creates liability under § 1983). Their actions deprived Plaintiff of access to an impartial tribunal, due process of law, and the meaningful opportunity to be heard—violating rights secured under the Fourteenth Amendment.

**COUNT VII — CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS, 42 U.S.C. § 1985(2)**

Defendants conspired to obstruct justice in a federal proceeding by (a) defending knowingly false sealed affidavits, (b) refusing to unseal evidence of

7

fraud, (c) interfering with pro se litigation through procedural suppression, and (d) continuing representation by conflicted state counsel despite notice. These acts were calculated to intimidate and suppress Plaintiff's lawful attempts to obtain redress, in direct violation of § 1985(2).

**COUNT VIII — FAILURE TO PREVENT CIVIL RIGHTS VIOLATIONS, 42 U.S.C. § 1986**

Defendant Keith Ellison, having the statutory authority and supervisory capacity to prevent the ongoing deprivations detailed herein, failed to take any corrective action. Despite being on actual and constructive notice—via pleadings, service copies, and public record—he allowed state attorneys to persist in defending unconstitutional conduct. Such inaction violates § 1986 and constitutes deliberate indifference to known rights violations.

**COUNT IX – RACKETEERING CONSPIRACY UNDER 18 U.S.C. § 1962(d)**

(Plaintiff re-alleges and incorporates all preceding paragraphs.)

Defendants Ellison and Timmerman knowingly conspired with Legal Aid counsel, judicial officers, and Guardian ad Litem agents to further a racketeering enterprise designed to obstruct justice, perpetuate sealed litigation fraud, and retaliate against Plaintiff's exercise of federal rights. The predicate acts under 18 U.S.C. § 1961(1) include:

- Mail and wire fraud (18 U.S.C. §§ 1341, 1343): via submission and defense of sealed affidavits containing knowingly false income data in order to fraudulently obtain fee waivers and legal aid.

8

- Obstruction of justice (18 U.S.C. § 1503): through suppression of discovery, refusal to adjudicate Rule 60.02(d) motions, and sealing of income verification documents critical to Plaintiff's fraud claims.
- Honest services fraud (18 U.S.C. § 1346): by state-appointed legal actors and judicial personnel acting under color of law while suppressing known perjury and violating their fiduciary duties to the court and public.
- Witness retaliation (18 U.S.C. § 1512): by issuing contempt threats, dismissing federal pleadings as "theoretical," and attempting to chill Plaintiff's protected litigation speech.

Civil RICO liability attaches to any person who knowingly agrees to further a pattern of racketeering activity, even if they did not personally commit the underlying acts. Salinas v. United States, 522 U.S. 52, 63–65 (1997); United States v. Turkette, 452 U.S. 576, 583 (1981). Nor is temporal distance a defense—liability attaches where the defendant joins or protects an ongoing enterprise. See United States v. Gonzalez-Perez, 870 F.3d 296, 305 (5th Cir. 2017).

RICO liability can attach to government actors who abuse administrative power to further the goals of a fraudulent enterprise, including misuse of sealed orders, suppression of evidence, or retaliation against whistleblowers.

See George v. Urban Settlement Servs., 833 F.3d 1242, 1251 (10th Cir. 2016). This pattern of conduct was executed by a defined enterprise: a network of Legal Aid attorneys, judicial officers with prior ties to Legal Aid (including Judge Lutz), Guardian ad Litem agents acting in procedural coordination, and executive defendants operating under the color and authority of the State of Minnesota. The objective was to insulate systemic fraud from review, discredit

Plaintiff's federal claims, and weaponize sealed court mechanisms to maintain control of a biased forum.

As a direct result, Plaintiff has suffered emotional distress, deprivation of parental rights, denial of access to a neutral forum, and significant litigation harm.

**POLICY-LEVEL CONDONATION BY ATTORNEY GENERAL ELLISON**

Between April and May 2025, Plaintiff filed over a dozen pleadings detailing sealed affidavit abuse, procedural suppression, and GAL misconduct. All such documents were served on the Minnesota Attorney General's Office. At no point did Attorney General Ellison issue a directive to investigate, disqualify conflicted counsel, or suspend defense of known fraud. Instead, the AG's Office—through Assistant Attorney General Timmerman—doubled down on procedural defenses to shield the enterprise. This conduct rises to the level of state policy-level ratification of constitutional deprivations under color of law.

Plaintiff seeks all remedies previously demanded, with additional relief and injunctive protection as appropriate against executive-branch misconduct under color of law. This amendment preserves all rights to pursue discovery, disqualification, and referral to federal oversight authorities.

*This complaint challenges not state discretion, but the weaponization of sealed judicial process and taxpayer-funded litigation strategy to conceal structural fraud. The Constitution does not immunize concealment.*

10

**Plaintiff demands trial by jury on all issues so triable.**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Enter declaratory judgment that Defendants Keith Ellison and Jeff Timmerman violated Plaintiff's constitutional rights under color of state law;
2. Enter injunctive relief barring the Minnesota Attorney General's Office from representing any defendant in matters involving sealed filings, custody determinations, or intake fraud involving Plaintiff;
3. Award compensatory and punitive damages for violations of §§ 1983, 1985(2), and 1986, in an amount to be determined at trial;
4. Order production of sealed original intake documents and more recent document (Index #312) for in camera review;
5. Refer this matter to the U.S. Department of Justice – Civil Rights Division and Public Integrity Section for investigation under 18 U.S.C. §§ 1503, 1346, and 241;
6. Award costs, sanctions, and such other and further relief as this Court deems just and proper.
7. Enjoin further use of sealed affidavits or protective orders in state proceedings unless subject to federal review;
8. Require public disclosure of all legal aid eligibility determinations and intake procedures associated with Michelle Cathleen Ybarra and Legal Assistance of Dakota County;

Respectfully submitted,

/s/ Steve Salvador Ybarra

Steve Salvador Ybarra

11

Pro Se Litigant

California | Minnesota

Email: Steve@TheoryWerkx.com

Phone: (612) 544-4380

Footnotes (All citations to U.S.C. and Federal Rules unless otherwise noted)

1. Dennis v. Sparks, 449 U.S. 24, 28–29 (1980) ("Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions.").

2. Gomez v. Toledo, 446 U.S. 635, 640 (1980) (holding that a public official may be liable under § 1983 where they had knowledge of the violation and acquiesced in it).

3. Doe v. Rains Cty. Indep. Sch. Dist., 66 F.3d 1402, 1412 (5th Cir. 1995) (stating liability attaches when officials "knew of the abuse and failed to take appropriate action").

4. Farmer v. Brennan, 511 U.S. 825, 842 (1994) ("Deliberate indifference entails something more than mere negligence… it is the equivalent of recklessly disregarding a known risk.").

5. Trainor v. Hernandez, 431 U.S. 434, 446 (1977) (abstention is not warranted where state proceedings lack impartiality or are pursued in bad faith).

6. Pulliam v. Allen, 466 U.S. 522, 536 (1984) (affirming federal court jurisdiction to enjoin state judicial officers who violate constitutional rights).

7. Snell v. Tunnell, 920 F.2d 673, 701 (10th Cir. 1990) (holding that knowingly continuing to defend or conceal unlawful conduct after warning constitutes an overt act in a § 1983 conspiracy).

8. Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 887 (2009) ("Due process requires recusal where there is a serious risk of actual bias based on objective and reasonable perceptions.").

9. Langford v. Norris, 614 F.3d 445, 461 (8th Cir. 2010) (holding that prison supervisors who fail to intervene in known constitutional violations are not entitled to qualified immunity).

10. Young v. City of Little Rock, 249 F.3d 730, 735 (8th Cir. 2001) (noting supervisors may be liable under § 1983 for deliberate indifference to constitutional misconduct).

11. Salinas v. United States, 522 U.S. 52, 63–65 (1997) (conspiracy liability under RICO requires only agreement to participate, not commission of predicate acts).

12. United States v. Turkette, 452 U.S. 576, 583 (1981) (RICO enterprise includes both legitimate and illegitimate

associations operating to commit racketeering acts).

13. United States v. Gonzalez-Perez, 870 F.3d 296, 305 (5th Cir. 2017) (holding that joining or covering up an ongoing RICO enterprise is sufficient for liability).

14. George v. Urban Settlement Servs., 833 F.3d 1242, 1251 (10th Cir. 2016) (RICO liability attaches where administrative processes are used to cover up fraud and suppress whistleblowers).

**CERTIFICATE OF SERVICE**

I hereby certify that on **May 17, 2025**, I served a true and correct copy of the attached:
**FIRST AMENDED COMPLAINT FOR CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C. §§ 1983, 1985(2), 1986 AND CIVIL RICO,**

**SEEKING DECLARATORY RELIEF, INJUNCTIVE RELIEF, DAMAGES, AND FEDERAL OVERSIGHT**

upon the following parties by email and/or U.S. Mail:

- **Legal Assistance of Dakota County**

    Email: admin@dakotalegal.org

- **Sharon Jones, Esq.**, in her individual and official capacities

    Legal Assistance of Dakota County

    Email: sjones@dakotalegal.org

- **Jeff Timmerman** he/him/his

    Email: (confidential)

    Tel: (Confidential)

- **Michelle Cathleen Ybarra**, Respondent

    Email: shellbel1@hotmail.com

This notice was served to all named parties via email where available and U.S. Mail where necessary, consistent with Fed. R. Civ. P. 5(b) and Local Rule 7.1.

Respectfully submitted,

/s/ **Steve Salvador Ybarra**

Pro Se Litigant

13

1. Steve@TheoryWerkx.com
2. (612) 544-4380
3. Executed May 17, 2025