UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| Steve Salvador Ybarra, | Case No. 25-CV-01948 (KMM/DJF) |
| Plaintiff, | **BRIEF IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS** |
| vs. | |
| Legal Assistance of Dakota County, et al., | |
| Defendants. | |

_____

## INTRODUCTION

This is Plaintiff Steve Ybarra's third trip to federal court concerning his ongoing divorce and child custody case pending in Minnesota state court.[1] For Mr. Ybarra, the third time is not the charm. As in *Ybarra I* and *II*, Mr. Ybarra's claims for injunctive and declaratory relief run headlong into the *Younger* abstention doctrine. And the State Defendants[2] are entitled to absolute immunity on Mr. Ybarra's claims, as a matter of law. All of Mr. Ybarra's claims against the State Defendants must be dismissed.

---

[1] *See Ybarra v. Ybarra*, Case No. 25-CV-0894 (KMM/DJF) ("*Ybarra I*"); *Ybarra v. Lutz, et al.*, 25-CV-0938 (KMM/DJF) ("*Ybarra II*"). As the Court is well aware, both cases were dismissed pursuant to the 28 U.S.C. § 1915(e) screening process, which employs the same standard as Federal Rule of Civil Procedure 12(b)(6).

[2] "State Defendants" refers to collectively to Judges David Lutz, Dannia Edwards, and Tanya O'Brien (collectively, the Judges); Guadian Ad Litem (GAL) Lydia Clemens; Attorney General Keith Ellison; and me, Assistant Attorney General Jeff Timmerman.

1

## RELEVANT COMPLAINT FACTS[3]

Michelle and Steve Ybarra are embroiled in an antagonistic divorce and child custody case in state court. *See Ybarra v. Ybarra*, Court File No. 19AV-FA-24-839 (Dakota Cnty. Dist. Ct.). All of Mr. Ybarra's allegations and claims in this action arise out of and relate directly to this state court case.

***Judge Lutz***.  Judge David Lutz is presently presiding over the Ybarra's divorce and child custody case, which is set for trial in June 2025. *See id.* (Index #216.) According to the Complaint, Judge Lutz has engaged in various acts of "judicial suppression." (Compl. at 11-14.) Specifically, Mr. Ybarra claims that Judge Lutz: (1) improperly dismissed or refused to rule on motions and "procedural disparity notices"; (2) ignored affidavits and evidence of fraud, obstruction, and bias; (3) issued erroneous protective orders; (4) delayed entry of custody and parenting time orders; (5) terminated hearings before Mr. Ybarra had finished arguing; (6) refused to invalidate GAL Clemens' report or reevaluate her recommendations; (7) ignored Mr. Ybarra's objections to GAL Clemens' "investigative failures"; and (8) wrongly required Mr. Ybarra to continue supervised visitation with his children "without

---

[3] These facts are drawn from the Complaint ("Compl.") and Amended Complaint ("Am. Compl.") only. The State Defendants do not admit Mr. Ybarra's allegations but assume all well-pleaded facts are true for purposes of Fed. R. Civ. P. 12(b)(6).

The Amended Complaint contains factual allegations concerning Attorney General Ellison and me, but not any of the other State Defendants. It appears Mr. Ybarra intended the Amended Complaint to supplement (rather than supersede) his initial Complaint. So, allegations from each are summarized herein as though the initial Complaint and the Amended Complaint constitute one operative pleading (even though by operation of court rule, of course, the Amended Complaint is the only actual operative pleading).

2

evidentiary support" based on Mr. Ybarra's "overzealous reporting" of Ms. Ybarra to child protective services. (*Id.*)

**_Judge Edwards_**. Mr. Ybarra contends that Judge Dannia L. Edwards engaged in "procedural manipulation and suppression of material evidence." (Compl. at 14-15.) Namely, Mr. Ybarra claims that during a May 2024 hearing, Judge Edwards: (1) refused to allow evidence of child endangerment; (2) berated and exhibited bias towards him; and then (3) wrongly issued an emergency order returning custody of the Ybarra's children to Ms. Ybarra. (*Id.*)

**_Judge O'Brien_**. Mr. Ybarra's allegations against Judge Tayna O. O'Brien all stem from an April 2024 hearing. (Compl. at 15-17.) At that hearing, Mr. Ybarra claims that Judge O'Brien: (1) wrongly allowed Ms. Ybarra's counsel to serve divorce papers on him; (2) interrupted him and stifled his ability to introduce evidence; (3) ignored his evidence of fraud; and (4) failed "to maintain impartiality or safeguard procedural fairness." (*Id.*)

**_GAL Clemens_**. Mr. Ybarra accuses Guardian Ad Litem Lydia Clemens of providing the district court "factually defective, procedurally improper, and materially misleading" custody reports. (Compl. at 17-18.) Further, Mr. Ybarra alleges that GAL Clemens made erroneous parenting-time recommendations to the district court that were based on the volume of maltreatment reports Mr. Ybarra made to child protective services concerning Ms. Ybarra. (*Id.*)

Based on these allegations, Mr. Ybarra purports to state claims against the Judges and GAL Clemens under 42 U.S.C. §§ 1983, 1985, and 1986, and the Racketeer Influenced Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1962(c)-(d). (Compl. at 48-53.) He sues

3

the Judges and GAL Clemens in their individual and official capacities for damages and equitable relief. As to injunctive relief, Mr. Ybarra asks this Court to order the State Defendants to cease interfering with his parental rights, suppressing his evidence, retaliating against him, and manipulating the state-court proceedings. (*Id.* at 52-53.)

***Attorney General Ellison and Me***. Mr. Ybarra's allegations against me are premised on my "litigation defense strategy" in this case. (Am. Compl. at 2-3.) He posits that by virtue of my prior employment with Dakota County,[4] my "litigation defense strategy" in this case is designed to surreptitiously "shield" the actions of the Judges and GAL Clemens.[5] (*Id.*) According to Mr. Ybarra, Attorney General Ellison failed to supervise me or intervene to stop my representation of the Judges and GAL Clemens in this case. (*Id.* at 4-5.)

## ARGUMENT

### I. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "[t]he complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Horras v. Am. Cap. Strategies, Ltd.*, 729 F.3d 798, 801 (8th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

---

[4] I was an Assistant Dakota County Attorney from 2014 to 2019, and then the Deputy Employee Relations Director (a non-legal position) at Dakota County from 2019 to 2022.

[5] The Judges and GAL Clemens are employees of the State of Minnesota, not Dakota County. Minn. Stat. § 480.181. As such, they were never (and could not have been) my clients during my tenure as an Assistant Dakota County Attorney. Both PACER and the Minnesota Court Records Online (MCRO) system confirm as much. Further, Ms. Ybarra commenced the state court family proceeding by filing for divorce from Mr. Ybarra on March 29, 2024—well after my employment with Dakota County ended. *See Ybarra v. Ybarra*, Court File No. 19AV-FA-24-839 (Dakota Cnty. Dist. Ct.) (Index #1.)

4

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At this stage of the litigation, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014).

"Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2020) (internal quotations omitted). The Court must undertake the "context-specific task" of determining whether Plaintiffs' allegations "nudge" their claims "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 678-81. (internal quotations omitted).

## II. THE *YOUNGER* ABSTENTION DOCTRINE PRECLUDES MR. YBARRA'S CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF

As in *Ybarra I* and *II*, the *Younger* abstention doctrine "plainly precludes this Court from exercising jurisdiction over" Mr. Ybarra's requests for injunctive and declaratory relief in this third case. *Ybarra v. Ybarra*, Nos. 25-CV-894 (KMM/DJF) and 25-CV-938 (KMM/DJF), 2025 WL 1024327, at *2, 5 (D. Minn. Apr. 7, 2025). Mr. Ybarra has not plausibly alleged that any exception to the *Younger* doctrine applies.[6] *Cf. Aaron v. Target*

---

[6] A peek at the docket in the family court proceeding suggests no inequity whatsoever. The case is barely a year old, there are 333 separate docket entries, and the state district court has held nine hearings and conferences. Further, Judge Lutz held a hearing on May 17, 2025 for the sole purpose of entertaining the same arguments Mr. Ybarra raises in this case. (*See* ECF No. 19.)

5

*Corp.*, 357 F.3d 768, 778-79 (8th Cir. 2004) ("[I]ntervention by federal courts in ongoing state proceedings requires that the circumstances must be extraordinary in the sense of creating an extraordinary pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation.") (internal quotation marks omitted); *P.G. v. Ramsey Cnty.*, 141 F. Supp. 2d 1220, 1229 (D. Minn. 2001) (that a parent "may feel persecuted" by a family court proceeding does not establish fundamental bias or unfairness).

### III. THE STATE DEFENDANTS ARE ABSOLUTELY IMMUNE FROM SUIT

*Younger* abstention notwithstanding, the State Defendants have absolute immunity from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (absolute immunity "is immunity from suit, not just from ultimate assessment of damages."); *see also Scheffler v. Trachy*, 821 F. App'x. 648, 652 (8th Cir. 2020) (per curiam) (absolute immunity bars claims for retrospective and prospective injunctive and declaratory relief). This immunity shields the Judges, *Mireles*, 502 U.S. at 11-12, and GAL Clemens. *Arseneau v. Pudlowski*, 110 F.4th 1114, 1118 (8th Cir. 2024); *see also Myers v. Morris*, 810 F.2d 1437, 1466 (8th Cir. 1990) (a guardian ad litem's absolute immunity "extends beyond oral testimony to providing their reports and recommendations to the family court").[7] And its breadth is expansive. State court judges "are not liable to civil actions for their judicial acts," even when acting maliciously or corruptly. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) (internal quotation marks

---

[7] Lest there be any doubt, judicial immunity bars RICO claims. *See Kapacs v. Jurevica*, No. 15-CV-3019 (ADM/FLN), 2016 WL 11491366, at *4 (D. Minn. Jan. 27, 2016), *adopted by* 2016 WL 829911 (D. Minn. Mar. 1, 2016), *aff'd.* 676 F. App'x. 610 (8th Cir. 2017); *see also Brady v. Ostrager*, 834 F. App'x. 616, 618 (2d Cir. 2020).

omitted). Guardians ad litem cannot be sued "even if their conduct was wrongful and illegal." *Arseneau*, 110 F.4th at 1118.

Judges lose absolute immunity in "two narrow sets of circumstances" only. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012) (citation omitted). "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S. at 11-12 (internal citations omitted). "To determine whether an act is judicial, courts look to the particular act's relation to a general function normally performed by a judge." *Justice Network Inc. v. Craighead Cnty.*, 931 F.3d 753, 760 (8th Cir. 2019) (internal quotation marks omitted). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12 (internal citations omitted). A judge's jurisdiction is construed broadly, *Schottel*, 687 F.3d at 373, and actions "taken in the very aid of the judge's jurisdiction over a matter before [them] cannot be said to have been taken in the absence of jurisdiction." *Mireles*, 502 U.S. at 13 (cleaned up). Guardians ad litem are divested of absolute immunity only when they act beyond the scope of their judicial duties. *McCuen v. Polk Cnty.*, 893 F.2d 172, 174 (8th Cir. 1990); *accord Arseneau*, 110 F.4th at 1118.

Here, all of Mr. Ybarra's allegations against the Judges relate exclusively to actions taken in their judicial capacity within the contours of the state-court family law proceeding. Likewise, Mr. Ybarra challenges reports and recommendations that GAL Clemens provided the state district court in fulfillment of her court-appointed duties. That Mr. Ybarra vehemently disagrees with the Judges' rulings and GAL Clemens' assessment of his parenting fitness has no bearing on their entitlement to absolute immunity, and this District

7

has routinely applied absolute immunity when dissatisfied parents seek federal review of family law proceedings.[8]

Mr. Ybarra's allegations against Attorney General Ellison and me are predicated exclusively on my "litigation defense strategy"—i.e., my defense of the Judges and GAL Clemens. As a matter of clear law, Attorney General Ellison and I are likewise entitled to absolute immunity.[9] *McConnell v. King*, 42 F.3d 471, 472 (8th Cir. 1994) (awarding Attorney General and Assistant Attorneys General double costs in a meritless appeal foreclosed by absolute immunity); *accord Duvall v. Elnicki*, 107 F.3d 875, 1997 WL 71690, at *1 (8th Cir. 1997) (table opinion); *Tweeton v. Frandup*, No. 06-1130 (PAM/JSM), 2006 WL 3627070, at *8 (D. Minn. Dec. 12, 2006), *aff'd.* 287 F. App'x. 541 (8th Cir. 2008). Absolute immunity thus independently defeats all of Mr. Ybarra's claims against the State Defendants.

---

[8] *E.g.*, *Kaisamba-Kanneh v. Dakota Cnty. Dist. Ct.*, No. 22-CV-2661 (ECT/TNL), 2023 WL 1451561, at *4 (D. Minn. Feb. 1, 2023); *Baylor v. Eto*, No. 19-CV-442 (MJD/HB), 2019 WL 3470798, at *6-7 (D. Minn. May 30, 2019), *adopted by* 2019 WL 3456841 (D. Minn. July 31, 2019); *Turner v. Minn.*, No. 16-3962, 2017 WL 9249432, at *2-3 (D. Minn. June 7, 2017), *adopted by* 2017 WL 5513629 (D. Minn. Nov. 17, 2017); *Cassell v. Cnty. of Ramsey*, No. 10-CV-4981 (JRT/TNL), 2011 WL 7561261, at *6-8 (D. Minn. Nov. 2, 2011), *adopted by* 2012 WL 928242 (D. Minn. Mar. 19, 2012), *aff'd.* 490 F. App'x. 842 (8th Cir. 2012).

[9] Absolute immunity notwithstanding, the Amended Complaint fails to allege a facially plausible claim against Attorney General Ellison or me, under any theory of relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-58 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678-84 (2009).

## CONCLUSION

For the foregoing reasons, the State Defendants respectfully request that all claims against them be dismissed.[10] Considering this is Mr. Ybarra's third baseless lawsuit in a matter of weeks, and that he has already flooded the docket in this case with meritless filings, the Court may consider warning him of the potential risks of filing frivolous actions. *See Coonradt v. Strogoteanu*, No. 24-CV-2119 (KMM/DLM), 2024 WL 4407048, at * 3 (D. Minn. Sep. 20, 2024).

Dated: May 20, 2025

Respectfully submitted

KEITH ELLISON
Attorney General
State of Minnesota

s/ Jeff Timmerman
Jeff Timmerman
Atty. Reg. No. 0352561
Assistant Attorney General

445 Minnesota Street, Suite 1400
St. Paul, MN 55101-2131
(651) 583-7660 (Timmerman)
jeffrey.timmerman@ag.state.mn.us

ATTORNEY FOR STATE DEFENDANTS
DAVID LUTZ, TANYA O'BRIEN, DANNIA
EDWARDS, LYDIA CLEMENS,
ATTORNEY GENERAL KEITH ELLISON,
AND HIMSELF

---

[10] Because the *Younger* abstention doctrine bears on subject-matter jurisdiction, Mr. Ybarra's claims against the State Defendants for injunctive and declaratory relief must be dismissed without prejudice. His damages claims against the State Defendants must be dismissed with prejudice, however. Alternatively, if the Court concludes that *Younger* does not apply, then all claims must be dismissed with prejudice.